# EXHIBIT "A"

McNichol, Byrne & Matlawski, P.C.                By:  James J. Byrne, Jr., Esquire
1223 N Providence Road                           Attorney I.D. No. 41619
Media, PA  19063                                 *Attorney for Plaintiff*
Phone:  (610) 565-4322
Facsimile:  (610) 565-9531

_____

## IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PA
## CIVIL ACTION – LAW

| | | |
|---|---|---|
| Davoud Baravordeh | : | |
| DB Enterprises, Developers/Builders, Inc. | : | |
| 255 E. Woodland Avenue | : | |
| Springfield, PA 19064 | : | No.: CV-2023-001029 |
|      Plaintiff | : | |
| | : | |
|     v. | : | |
| | : | |
| The Borough of Folcroft | : | |
| Andrew Hayman, Township Manager | : | |
| 100 E. Fifth Street | : | |
| Chester, PA 19013 | : | |
| | : | |
|      Defendant | : | |

## <u>NOTICE TO DEFEND</u>

     You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

     YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

     IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

THE LAWYERS' REFERENCE SERVICE<br>
FRONT & LEMON<br>
MEDIA, PA 19063<br>
(610) 566-6625

| McNichol, Byrne & Matlawski, P.C. | By: James J. Byrne, Jr., Esquire |
|---|---|
| 1223 N Providence Road | Attorney I.D. No. 41619 |
| Media, PA 19063 | *Attorney for Plaintiff* |
| Phone: (610) 565-4322 | |
| Facsimile: (610) 565-9531 | |

**IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PA**
**CIVIL ACTION – LAW**

| | | |
|---|---|---|
| Davoud Baravordeh | : | |
| DB Enterprises, Developers/Builders, Inc. | : | |
| 255 E. Woodland Avenue | : | |
| Springfield, PA 19064 | : | No.: CV-2023-001029 |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| The Borough of Folcroft | : | |
| Andrew Hayman, Township Manager | : | |
| 100 E. Fifth Street | : | |
| Chester, PA 19013 | : | |
| | : | |
| Defendant | : | |

## <u>COMPLAINT</u>

1.     Plaintiffs are Davoud Baravordeh (hereinafter "Davoud") and DB Enterprises Developers Builders, Inc. (hereinafter "DB Enterprises").

2.      Plaintiff Davoud is an Iranian/American having been born in Tehran, Iran and immigrated to the United States in 1973, attaining his United States Citizenship in 1987.

3.     Davoud currently resides at 255 E. Woodland Avenue, Springfield, PA 19064.

4.     DB Enterprises is a Pennsylvania business entity organized under the laws of the Commonwealth of Pennsylvania, with a registered address of 255 E. Woodland Avenue, Springfield, PA 19064.

5.     The Defendant, Borough of Folcroft ("Folcroft"), is a Pennsylvania municipal entity located in the County of Delaware, Pennsylvania, with its offices located at 1555 Elmwood Avenue, Folcroft, PA 19032.

6.     At all times material thereto, Defendant Andrew Hayman ("Hayman") was the appointed Borough Manager with all rights and responsibilities assigned thereto.

7.     Plaintiff, Davoud, is the owner of 540-542 Folcroft Avenue, Folcroft, PA (hereinafter, the "Property").

8.     Plaintiff, Davoud is a principal in the business entity DB Enterprises Developers Builders Inc.

9.     At all times material thereto, the Defendants, were possessed with the color of state law and had the ability to enact legislation, through their police powers to regulate the issuance of certain permits, licenses, etc., and were also cloaked with the authority to impose fines and costs on persons within their municipal authority.

10.    Prior to Plaintiff, Davoud, purchasing the Property, Folcroft Borough approved the development of two (2) separate semi-detached single family dwellings on the Property.

11.    Plaintiff, Davoud, purchased this Property knowing that the prior owner had received those approvals.

12.    Plaintiff, Davoud, intended to use the Property for the same purposes as the prior owner.

13.    Nonetheless, the Defendants in 2020, began a three-year process of requiring Davoud to submit, and re-submit, to the Borough land development plans and applications, all to the Plaintiff's great detriment and expense.

14.     Since 2020, Defendants have failed to schedule reviews, pursuant to the mandates of the MPC and have claimed, on several occasions, to have "lost" Plaintiff's Applications and Plans.

15.     On May 7, 2021, Plaintiff filed a Complaint in Mandamus seeking a "deemed" approval of the land development application (A true and correct copy of the Mandamus Petition is attached hereto as **Exhibit "A").**

16.     On May 25, 2021, the Defendants adopted Resolution 2021-06 GRANTING Preliminary/Final approval of the application (A true and correct copy of the Resolution approving the final/preliminary application is attached hereto as **Exhibit "B")**.

17.     Since May 25, 2021, Plaintiffs, Davoud and DB Enterprises, in good faith, attempted to obtain building permits on the approved plan.

18.     Since May 25, 2021, the Defendants have continued to assert that "new copies of Plaintiffs' plans have again been lost or misplaced" causing Plaintiff to lose at least two (2) sales of the Property.

19.     In an effort, yet again, to gain the permits to which he was entitled Mr. Baravordeh submitted 2 additional "packages" of plans and resolutions to no avail (See attached **Exhibit "C").**

20.     (See attached **Exhibits D, E and F** which consist of a text message to Davoud concerning a telephone call made to him by Mr. Papallo and two (2) Meeting Minutes entries expressing concern to use the property for municipal loss).

21.     Plaintiff, Davoud, told the Defendants at that time, that he intended to develop the Property pursuant to the approved plans of the prior property owner (A by-right use of the property in that Zoning District).

22.     Upon information and belief, the Defendants are again seeking to deprive the Plaintiff of his right to develop the Property by, again, attempting to purchase the Plaintiff's property through a real estate agent.

23.     Having failed in its efforts to "persuade" Plaintiff, Davoud, to transfer the ownership of the Property to the Defendants, the Defendants embarked on a concerted effort to enact legislation and thereafter issue costly fines to the Plaintiffs for "failure to keep grass lots manicured".

24.     Indeed, from April 2022 through July 2023, the Borough of Folcroft issues ninety (90) code violations to Plaintiff (See attached **Exhibit "G"**).

25.     In fact, over the summer of 2022 it is believed and therefore averred that Defendants devised created and enacted "Ordinance No. 2022-05 with the express intent of selectivity prosecuting the Plaintiffs to thwart their attempt to develop the 2 lot- by right plan which council had approved in May, 2021 but for which the Defendants have consistently refused to issue building permits (A true and correct copy of Ordinance No. 2022-05 is attached hereto as **Exhibit "H"**).

26.     Thereafter Defendants issued multiple citations against Plaintiff, Davoud, for "high weeds and grass" seeking thousands of dollars in fees and costs (See attached **Exhibit "G"**).

27.     The Plaintiffs filed appeals to the local District Justice as to these citations.

28.     After a hearing on the citations, the District Court found the Defendant guilty on the 104 citations and/or code violations issued by the Borough of Folcroft.

29.     The Plaintiffs filed appeals from the District Justice Court findings to the Delaware County Court of Common Pleas.

30.     After a hearing on the appealed citations in the spring of 2023, the Honorable Kathrynann Durham issued an Order, found against the Defendants and DISMISSED the appeals against Plaintiff, Davoud. (A true an correct copy of the Order is attached hereto as **Exhibit "I"**)

31.     Also, in the fall of 2022, the Defendants gave the Plaintiffs inadequate notice that the Defendants, pursuant to newly enacted Ordinance 2022-05, were going to move forward with "self-help" to cut his grass and weeds (A true and correct copy of the referenced notice is attached hereto as **Exhibit "J"**).

32.     On or about November 4, 2022, Defendants without proper Notice, only four days prior (over the weekend), to the Plaintiffs and without the Plaintiff's permission entered upon the Property and did, in fact, cut the lawn (See attached **Exhibit "J"**).

33.     The Defendants then placed an improper and illegal lien for those "grass cutting services" on Plaintiff, Davoud's Property, which has caused an unjustified cloud on the title. (A true and correct copy of the lien is attached hereto as **Exhibit "K"**).

34.     On February 6, 2023, Davoud filed a Motion to Strike the lien and has incurred substantial costs seeking to remove same. (A true and correct copy of the motion to Strike the Lien is attached hereto as **Exhibit "L"**).

35.     During the spring and summer of 2023, the Defendants continued to cite the Plaintiff for high weeds and grass thereby causing Plaintiff, Davoud, to incur additional legal expenses.

36.     Defendants continue to refuse to issue building permits although all necessary paperwork required therefore is complete.

37.     In order to thwart the seemingly endless flow of citations related to alleged "high weeds", Davoud on or about April 26, 2023 employed an industrial weed control company to kill the vegetation his property. (See attached vegetation "kill" invoice attached as **Exhibit "M"**).

38.     Notwithstanding the fact that all vegetation on the sites was destroyed, the Defendant continued to file citations against Plaintiff, Davod, for alleged violations of the high weed ordinances.

39.     Upon information and belief, no other properties in Folcroft have ever been cited for violation of the newly-enacted high weed ordinance.

40.     On or about August 3, 2023, the Defendants prosecuted a case against Davoud, in absentia having him found guilty of additional alleged violations of the high-weed ordinance.

41.     The Notice of the convictions was not sent out by the District Court until August 8, 2023, by first-class mail thereby causing Davoud to not receive the Order Imposing Sentence until at least August 10 or August 11, 2023.

42.     The Order Imposing Sentence advised Davoud that he had 30 days to file an appeal with the Delaware County Court of Common Pleas (A true and correct copy of the Order Imposing Sentence is attached **Exhibit "N"**).

43.     It is believed and therefore averred that notwithstanding the fact that thirty (30) day appeal period had not expired, the Defendant, on or about September 6, 2023, requested the District Justice to issue a Notice of Impending Bench Warrant threatening Davoud with imprisonment for failure to pay fines related to the "in absentia" guilty plea.

44.     It is believed and, therefore averred, the Defendants have embarked on a pattern of denying the Plaintiff to hearings, losing, or misplacing applications, issuing citations with fines to

the Plaintiffs and imposing a municipal lien against the Plaintiff in concerted effort to deprive the Plaintiff of his property rights and to force the Plaintiff to sell the Property to the Defendant.

45. On or about March 23, 2023, Davoud made an application to erect a fence at the property.

46. Again, Davoud's effort to simply erect a fence was stymied by the bureaucracy of the Borough which insisted and continues to insist on additional copies of plans which have already been provided on multiple occasions and further requiring the Plaintiff, who is the property owner, to register a license with the Borough, when in fact, all other similarly situated homeowners do not need a license to erect a fence on their own property. (Copies of the application for the fence and correspondence is attached hereto as **Exhibit "O")**.

47. Plaintiff believes and therefore aver that the municipal actions as aforesaid described were performed (or not performed) with improper motive and without sufficient notice and should thereby be stricken.

48. As a result of the unlawful actions of the Defendants, Plaintiffs have suffered harm, including but not limited to financial loss, damage to reputation, wrongful interference and damage to business.

## COUNT I

## PURSUANT TO 42 U.S.C. §1983

## DAVOUD AND DB ENTERPRISES V. FOLCROFT AND HAYMAN

49. Plaintiffs incorporate all preceding paragraphs by reference as though fully set forth at length herein.

50. At all times material hereto, the Defendants acted pursuant to or under color of state law as those terms are defined under 42 U.S.C. §1983.

51.     Taking advantage of their capacity as leaders in local government, Defendants, through the conduct alleged hereinabove, violated Plaintiff, Davoud's, civil and constitutional rights under the Fourteenth Amendment, including his rights to equal protection and due process.

52.     Plaintiff suffered the damages alleged hereinabove as a result of the Constitutional violations committed by the Defendants.

**WHEREFORE**, Plaintiffs request judgment in their favor and against he Defendants in an amount in excess of $50,000.00 plus attorneys' fees, costs and any other relief this Court deems just.

## COUNT II- DISCRIMINATION

## VIOLATIONS OF TITLE VII AND 42 U.S.C §1981

## DAVOUD AND DB ENTERPRISES V. FOLCROFT AND HAYMAN

53.     The preceding paragraphs are incorporated by reference as through fully set forth at length herein.

54.     Plaintiff, Davoud, is an Iranian/American Senior Citizen of the Commonwealth of Pennsylvania, who is 74 years of age, with an address as indicated above.

55.     The plaintiff is therefore a member of a protected class.

56.     The Defendants intended to discriminate, as described above, against the Plaintiff on behalf of his age and race.

57.     The Plaintiffs suffered harm and damages as a result of the discrimination by the Defendants.

58.     The Defendants' discrimination interfered with Plaintiff's ability to complete the contract as aforesaid described, while further causing financial harm and harm to the Plaintiff business.

**WHEREFORE**, Plaintiffs request judgment in their favor and against the Defendants in an amount in excess of $50,000.00 plus attorneys' fees, costs and any other relief this Court deems just.

## COUNT III

## TRESSPASS

## <u>DAVOUD AND DB ENTERPRISES V. FOLCROFT AND HAYMAN</u>

59.　The preceding paragraphs are incorporated by reference as though fully set forth at length herein.

60.　Defendants, by or through their employees and/or agents, and/or at their direction, intentionally entered or caused another to enter onto Plaintiffs' land without permission to do so.

61.　Defendants, by or through their employees and/or agents, and/or at their direction, intentionally entered or caused another to enter onto Plaintiffs' land without permission to do so.

62.　Defendants' actions were intentional, vindictive and malicious and warrant the imposition of regular and punitive damages.

**WHEREFORE**, Plaintiffs request judgment in their favor and against the Defendants in an amount in excess of $50,000.00 plus attorneys' fees, costs and any other relief this Court deems just.

## COUNT IV

## CONSPIRACY

## <u>DAVOUD AND DB ENTERPRISES V. FOLCROFT AND HAYMMAN</u>

63.     The preceding paragraphs are incorporated by reference as though fully set forth at length herein.

64.     Defendants worked together in a concerted effort to thwart Plaintiffs' development of the Property and to cause him financial burden.

65.     Defendants continuously failed to approve plans submitted by Plaintiff.

66.     Defendants enacted a new Borough ordinance with the goal of harassing and inflicting financial harm to the Plaintiffs.

67.     Defendants' actions were unlawful.

68.     The Plaintiffs have suffered harm, including but not limited to financial loss, damage to reputation, wrongful interference and damage to business, as a result of Defendants' actions.

**WHEREFORE**, Plaintiffs request judgment in their favor and against the Defendants in an amount in excess of $50,000.00 plus attorneys' fees, costs and any other relief this Court deems just.


Respectfully submitted:

**MCNICHOL, BYRNE & MATLAWSKI, P.C.**

Dated:  September 29, 2023          By:    /s/ _____
                                                     James J. Byrne, Jr., Esquire

McNichol, Byrne & Matlawski, P.C.        By:  James J. Byrne, Jr., Esquire
1223 N Providence Road                    Attorney I.D. No. 341619
Media, PA  19063                          *Attorney for Plaintiff*
Phone:  (610) 565-4322
Facsimile:  (610) 565-9531

---

### IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PA
### CIVIL ACTION – LAW

| | | |
|---|---|---|
| Davoud Baravordeh | : | |
| DB Enterprises, Developers/Builders, Inc. | : | |
| 255 E. Woodland Avenue | : | |
| Springfield, PA 19064 | : | No.: CV-2023-001029 |
|       Plaintiff | : | |
| | : | |
|   v. | : | |
| | : | |
| The Borough of Folcroft | : | |
| Andrew Hayman, Township Manager | : | |
| 100 E. Fifth Street | : | |
| Chester, PA 19013 | : | |
| | : | |
|       Defendant | : | |

### CERTIFICATE OF SERVICE

I, James J. Byrne, Jr., Esquire, hereby certify that I served a true and correct copy of the

Complaint via Email, upon the following on September 29, 2023:

James F. Gallagher, Esquire
Kilkenny Law, LLC
519 Swede Street
Norristown, PA 19401
**james@skilkennylaw.com**

Andrew Hayman
The Borough of Folcoft
100 E. Fifth Street
Chester, PA 19013
manager@folcroftborough.org


/s/ _____
James J. Byrne, Jr., Esquire

Exhibit "A"



# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

_____ County
Delaware

*For Prothonotary Use Only:*

Docket No:

TIME STAMP

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**S E C T I O N  A**

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Transfer from Another Jurisdiction
- ☐ Petition
- ☐ Declaration of Taking

Lead Plaintiff's Name:
DB Enterprise Developers & Builders, Inc.

Lead Defendant's Name:
Folcroft Borough

**Are money damages requested?** ☐ Yes ☒ No

Dollar Amount Requested:
(check one)
- ☐ within arbitration limits
- ☐ outside arbitration limits

**Is this a *Class Action Suit*?** ☐ Yes ☒ No

**Is this an *MDJ Appeal*?** ☐ Yes ☒ No

Name of Plaintiff/Appellant's Attorney: James J. Byrne, Jr., Esq. & Kaitlyn T. Searls, Esq.

☐ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

**Nature of the Case**: Place an "X" to the left of the **ONE** case category that most accurately describes your ***PRIMARY CASE.*** If you are making more than one type of claim, check the one that you consider most important.

**S E C T I O N  B**

**TORT** (*do not include Mass Tort*)
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** (*do not include Judgments*)
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
_____
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
_____
- ☐ Other: _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
_____
- ☐ Zoning Board
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☒ Other: Mandamus

*Updated 1/1/2011*

| McNichol, Byrne, & Matlawski, P.C. | James J. Byrne, Esquire |
|---|---|
| 1223 N. Providence Rd. | Attorney I.D.: 41619 |
| Media, PA 19063 | Kaitlyn T. Searls, Esquire |
| (610)565-4322 | Attorney I.D.: 311237 |
| Fax: (610)565-9531 | *Counsel for Plaintiffs* |

**IN THE COURT OF COMMON PLEAS,**
**DELAWARE COUNTY, PENNSYLVANIA**

| | | |
|---|---|---|
| **DB ENTERPRISE DEVELOPERS &** | : | |
| **BUILDERS, INC.** | : | **Civil Action – In Equity** |
| **225 E. Woodland Avenue** | : | |
| **Springfield, PA 19064** | : | |
| | : | **No.** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **FOLCROFT BOROUGH** | : | |
| **155 Elmwood Avenue** | : | |
| **Folcroft, PA 19032** | : | |
| | : | |
| **Defendant** | : | |

**NOTICE TO DEFEND**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

THE LAWYERS' REFERENCE SERVICE
FRONT & LEMON
MEDIA, PA 19063
(610) 566-6625

Copying Prohibited

McNichol, Byrne, & Matlawski, P.C.          James J. Byrne, Esquire
1223 N. Providence Rd.                      Attorney I.D.: 41619
Media, PA 19063                             Kaitlyn T. Searls, Esquire
(610)565-4322                               Attorney I.D.: 311237
Fax: (610)565-9531                          *Counsel for Plaintiffs*

**IN THE COURT OF COMMON PLEAS,**
**DELAWARE COUNTY, PENNSYLVANIA**

| | | |
|---|---|---|
| **DB ENTERPRISE DEVELOPERS &** | : | |
| **BUILDERS, INC.** | : | **Civil Action – In Equity** |
| **225 E. Woodland Avenue** | : | |
| **Springfield, PA 19064** | : | |
| | : | **No.** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **FOLCROFT BOROUGH** | : | |
| **155 Elmwood Avenue** | : | |
| **Folcroft, PA 19032** | : | |
| | : | |
| **Defendant** | : | |

## COMPLAINT IN MANAMUS

## PARTIES

1.    Plaintiff, DB Enterprise Developers & Builders, Inc. (hereinafter "DB"), is a Pennsylvania business corporation, maintaining the address of 225 East Woodland Avenue, Springfield, PA 19064.

2.    Defendant is Folcroft Borough (hereinafter the "Borough"), a duly organized and recognized Borough under the laws of the Commonwealth of Pennsylvania with an office located at 1555 Elmwood Avenue, Folcroft, Pennsylvania 19032.

3.    At all times material, the Plaintiff was the owner of the property described as 540 and 542 Folcroft Avenue, Folcroft, Delaware County, Pennsylvania (hereinafter the "Property").

Copying Prohibited

4.      This is an action in mandamus seeking an Order directing the Borough to issue building permits to DB for the Property, considering that the plans have previously been approved.

## FACTUAL BACKGROUND

5.      On October 28, 2020, DB delivered to the Borough an Application and plan for the reverse subdivision and land development of the Property.  (A copy of the Application and Plan is attached as **Exhibit "A").**

6.      The Plans were accepted by the Borough Manager on October 28, 2020, appropriately stamped, and returned DB with instructions to submit the returned sheet to the Delaware County Planning Department.

7.      At no time from October 28, 2020 through April 6, 2021 was DB ever advised that any fees were due to the Borough.  Likewise, DB's plan was never rejected by the Borough as "incomplete."

8.      DB filed the sheet that was returned to it to the Delaware County Department on October 28, 2020.  He paid Delaware County the fee requested in the amount of $190.00.

9.      On November 20, 2020, the Delaware County Planning Department scheduled a meeting to review and report on the aforesaid application.

10.      Notice of the meeting, scheduled for 12/17/20, was delivered to Folcroft Borough by letter from Michael A. Leventry, Manager, Plan and Ordinance review.  (A copy of the Notice and invitation is attached as **Exhibit "B"**).

11.      On December 11, 2020, an additional invitation to participate in the County Review meeting on December 17, 2020 was delivered to the Defendant.  (A copy of the invitation is attached as **Exhibit "C"**).

Copying Prohibited

12.     On December 17, 2020, DB's Application was reviewed by the County Planning Department as scheduled.  The Borough, although invited, did not participate.

13.     On December 18, 2020, the Delaware County Planning Department issued its review approving DB's Application.  A copy of the review was delivered to the Borough.  (A copy of the Planning Department review is attached as **Exhibit "D"**).

14.     Thereafter, on several occasions, DB telephoned the Borough to determine the status of its Application with the Borough.  No response was received by DB.

15.     On January 11, 2021 and January 26, 2021, DB delivered emails to the Borough requesting information on the status of its Application with the Borough.  (Copies of the emails are attached as **Exhibit "E"**).

16.     On March 9, 2021, DB, having not received any response to his multiple inquiries concerning the project, sent a certified letter to the Borough, again requesting a decision related to its Application.  (A copy of the certified letter to the Borough is attached as **Exhibit "F"**).

17.     Finally, on April 6, 2021, the Borough responded to DB requesting a $390.00 check to make his Application "complete."

18.     No fee schedule was posted on the Borough website, on any Application nor, more importantly, ever mentioned between October 28, 2020 and April 6, 2021.

19.     On April 6, 2021, DB delivered a check in the amount of $390.00 to the Borough with a letter reserving its right to a deemed decision pursuant to the MPC and Pennsylvania law. (A copy of the check is attached as **Exhibit "G"**).

20.     On April 8, 2021, DB received a letter from the Borough Solicitor claiming that DB's Application was not "completed" until April 6, 2021.  (A copy of the Solicitor's letter is attached as **Exhibit "H"**).

21.     On May 20, 2021, the Borough engineer approved several outstanding requests of DB and requested the approved Pennsylvania DEP Planning Module. (A copy of the Engineer's letter is attached as **Exhibit "I"**).

22.     Thereafter, on May 25, 2021, the Borough issued a Resolution granting DB's Land Development Plans, with conditions. (A copy of resolution No. 2021-06 is attached hereto as **Exhibit "J"**).

23.     Having still not received the requested permits from the Borough for his approved building plan, DB resubmitted an Application for a building permit, two sets of plans and a check for the permit fee on October 5, 2021, which was hand delivered and signed by a Borough Official confirming receipt. (A copy of the Borough official's signature dated October 5, 2021, is attached hereto as **Exhibit "K"**).

24.     On December 28, 2021, Sewage Facility Planning Modules were submitted to the Borough in accordance with Borough engineer recommendations. (A copy of planning module is attached hereto as **Exhibit "L"**).

25.     On January 10, 2022, per the Borough's request, certification was sent to the Borough verifying that the Property was serviced by Aqua. (A copy of January 10, 2022 correspondence is attached hereto as **Exhibit "M"**).

26.     On January 24, 2022, after more than three months had passed, DB sent a letter to the Borough insuring as to the lack of response or approval of his permit application. (A copy of DB's January 24, 2022 correspondence is attached hereto as **Exhibit "N"**).

27.     On February 2, 2022, the Borough issued a letter to DB indicating that building permits could not be provided until the land development plans were approved by Delaware

County. (A copy of the Borough's February 2, 2022 correspondence is attached hereto as **Exhibit "O"**).

28.    On April 6, 2022, the Delaware County Planning Department issued its review approving DB's (resubmitted) Application.  A copy of the review was delivered to the Borough. (A copy of the Planning Department review is attached as **Exhibit "P"**).

29.    To date, the Borough has failed to issue DB with the necessary building permits.

30.    To date, the Borough has not articulated a reason for its delay or the denial (deemed by lack of action) and DB has been unable to proceed with the development of the Property.

31.    DB believes and therefore avers that the Borough has a duty to Building Permit Request and that DB has a right to the request.

32.    More than four (4) months have passed since DB received the necessary approval from Delaware County and nearly fifteen (15) months have passed since the Borough's approval and DB's land development plans in May of 2021.

33.    Despite repeated requests, no building permits have been issued by the Borough.

34.    DB believes and therefore avers that the Borough has a duty to issue the appropriate permits for the development of the Property and that DB has a right to the permits requested.

35.    Plaintiff continues to suffer immediate damage in that it is unable to construct his project and, with each passing day, the costs for construction materials and labor rises.

36.    Plaintiff has no other remedy at law other than to compel the issuance of the building permits as requested.

37.    Plaintiff has incurred, and will continue to incur, costs and legal fees in connection with the prosecution of this action.

**WHEREFORE**, Plaintiff demands entry of judgment against the Defendant directing the Borough to issue the necessary Building Permits and further awarding costs and fees to Plaintiff, DB, in connection with the prosecution of this action.

Respectfully Submitted:
McNICHOL, BYRNE & MATLAWSKI, P.C.

___/s/_____
James J. Byrne, Jr., Esquire
Attorney for Plaintiff

Date:    August 8, 2022

Copying Prohibited

# VERIFICATION

Davoud Baravordeh, President of DB Enterprises Developers & Builders, Inc., Plaintiff in this matter, hereby states that he is an authorized representative of Plaintiff Corporation and that the facts set forth in the within Complaint are true and correct to the best of his knowledge, information and belief. The undersigned understands that the statements therein are made sut̲ ̲ ct to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsifications to authorities.

Davoud Baravordeh

8/8/2022

Copying Prohibited

Exhibit "A"


Copying Prohibited

# DELAWARE COUNTY PLANNING COMMISSION

## APPLICATION FOR ACT 247 REVIEW

**Incomplete applications will be returned and will not be considered "received" until all required information is provided.**

Please type or print legibly

### DEVELOPER/APPLICANT

Name _DB Enterprises, Inc._          E-mail _Davoud Baravordeh <dbnewhomes@yahoo.com>_

Address _225 East Woodland Avenue  Springfield, PA 19064_          Phone _(610) 690-2901_

Name of Development _DB Enterprises, Inc._

Municipality _Folcroft Borough_

### ARCHITECT, ENGINEER, OR SURVEYOR

Name of Firm _G. D. Houtman & Son, Inc._          Phone _610-565-6363_

Address _139 East Baltimore Pike, Media, Pa  19063_

Contact _Gustave N. Houtmann, PE_          E-mail _gnh@gdhoutman.com_

| Type of Review | Plan Status | Utilities Existing | Proposed | Environmental Characteristics |
|---|---|---|---|---|
| ☑ Zoning Change | ☐ Sketch | ☑ Public Sewerage | ☑ Public Sewerage | |
| ☑ Land Development | ☐ Preliminary | ☐ Private Sewerage | ☐ Private Sewerage | ☐ Wetlands |
| ☑ Subdivision | ☑ Final | ☑ Public Water | ☑ Public Water | ☐ Floodplain |
| ☐ PRD | ☐ Tentative | ☐ Private Water | ☐ Private Water | ☐ Steep Slopes |

Zoning District _R-1 (Twin Use)_

Tax Map # _20_ / _04_ / _349_

Tax Folio # _20_ / _09_ / _00710_ / _____ / _00_

Page 1 of 2

## STATEMENT OF INTENT
WRITING "SEE ATTACHED PLAN" IS NOT ACCEPTABLE.

Existing and/or Proposed Use of Site/Buildings:

The applicant proposes the reverse subdivision of the parcels identified as Folios #20-00-00710-00 and #20-00-00711-00 and subsequent subdivison of

the combined tract into 4 lots. Four single family semi-detached (twin) units are to be constructed at the subdivided lots.

The identified existing parcels are currently vacant land with no site improvements.

| | | |
|---|---|---|
| Total Site Area | 0.86 | Acres |
| Size of All Existing Buildings | 0 | Square Feet |
| Size of All Proposed Buildings | 2,800 | Square Feet |
| Size of Buildings to be Demolished | 0 | Square Feet |

_DAVOUD BARAVDEH_  
Print Developer's Name

_[signature]_  
Developer's Signature

## MUNICIPAL SECTION
ALL APPLICATIONS AND THEIR CONTENT ARE A MUNICIPAL RESPONSIBILITY.

Local Planning Commission     Regular Meeting_____

Local Governing Body          Regular Meeting_____

Municipal request for DCPD staff comments prior to DCPC meeting, to meet municipal meeting date:

Actual Date Needed _____

IMPORTANT: If previously submitted, show assigned DCPD File # _____

_Andrew N. Hayman_  
Print Name and Title of Designated Municipal Official

_610-522-1305_  
Phone Number

_[signature]_  
Official's Signature

_10/28/2020_  
Date

## FOR DCPD USE ONLY

Review Fee: _____ Check #_____ Amount $_____ Date Received_____

**Applications with <u>original</u> signatures must be submitted to DCPD.**

Page 2 of 2

Copying Prohibited

Exhibit "B"





# DELAWARE COUNTY PLANNING DEPARTMENT

### 1055 E. Baltimore Pike – Suite 100
### Media, PA 19063
### Phone: (610) 891-5200
### Email: planning_department@co.delaware.pa.us

COUNCIL

**BRIAN P. ZIDEK**
CHAIRMAN

**DR. MONICA TAYLOR**
VICE CHAIR

**KEVIN M. MADDEN**
**ELAINE PAUL SCHAEFER**
**CHRISTINE A. REUTHER**

**LINDA F. HILL**
DIRECTOR

November 20, 2020

Ms. Marianne French
Folcroft Borough
1555 Elmwood Avenue
Folcroft, PA 19032

*RE: Title:*      DB Enterprises, Inc.
     *Applicant(s):*    DB Enterprises, Inc.
     *File Number:*    18-6506-07-20
     *Meeting Date:*    12/17/2020
     *Municipality:*    Folcroft Borough
     *Location:*    West side of Folcroft Avenue, approx. 500' north of Hook Road
     *Received:*    10/30/2020

Dear Ms. French,

     This is to acknowledge receipt of the above referenced application for review and report. The Commission has tentatively scheduled consideration of the application for its public meeting on the date shown above at 4:00 p.m. This meeting will be held online and available for public and applicant participation. For instructions to access the meeting, email giftp@co.delaware.pa.us Participation is not required but is welcomed.

     NOTE: In order to avoid processing delays, the DCPD file number shown above MUST be provided in any transactions with the county regarding this or future applications related to this location.

                     Very truly yours,

                     Michael A. Leventry
                     Manager, Plan and Ordinance Review

*cc:* DB Enterprises, Inc.
     G. D. Houtman and Son

Exhibit "C"

Copying Prohibited

# Count Planning Commission meeting link

From: Gift, Patricia (giftp@co.delaware.pa.us)

To: gbrown@swarthmore.edu; borough_manager@comcast.net; dmcgarry@upperdarbysd.org;
tbrennan@navenewell.net; mgeassociates@gmail.com; wmattern@sharonbank.com;
dave@damonengineers.com; markpossenti@comcast.net; dbnewhomes@yahoo.com;
gnh@gdhoutman.com; manager@folcroftborough.org; okaneconstruction@verizon.net;
rkwengineer@yahoo.com; geoff@thornbury.org; chadbaker@cfacorp.com; jthornton@maserconsulting.com;
office@concordtownship.org; rpoole@mortonpa.org; jcohn@agri-kind.com; mjc@cataniaengineering.com;
prykard@chestercity.com; boroughmanager@mediaborough.com; gneedles@upperchitwp.org;
boroughmanager@glenoldenborough.org; LLaird@maserconsulting.com

Date: Friday, December 11, 2020, 11:06 AM EST

Your invitation for the Delaware County Planning Commission's December 17th public meeting is below. Applicants are invited, but not required to attend and no applicant presentation is required.

When you join the meeting we ask that you mute your microphone to allow everyone to hear the staff presentations clearly. You will be given an opportunity for questions and/or public comment after the presentation is complete. We also ask that you identify yourself and which plan you wish to speak about.

Linda Hill is inviting you to a scheduled Zoom meeting.

Topic: Delaware County Planning Commission

Time: Dec 17, 2020 03:45 PM Eastern Time (US and Canada)

Join Zoom Meeting

https://us02web.zoom.us/j/86102563018?pwd=M0htOTFDV2VLVDY3NEs0UXl4cVIzQT09

Meeting ID: 861 0256 3018

Passcode: 593281

One tap mobile

+19294362866,,86102563018#,,,,,,0#,,593281# US (New York)

+13017158592,,86102563018#,,,,,,0#,,593281# US (Washington D.C)

Dial by your location

+1 929 436 2866 US (New York)

+1 301 715 8592 US (Washington D.C)

+1 312 626 6799 US (Chicago)

+1 669 900 6833 US (San Jose)

+1 253 215 8782 US (Tacoma)

+1 346 248 7799 US (Houston)

Meeting ID: 861 0256 3018

Passcode: 593281

Find your local number: https://us02web.zoom.us/u/kD0kdyixp



**Patricia Gift**
Planning Technician
**Delaware County Planning Department**
1055 E. Baltimore Pike, Media, PA 19063 | Phone: (610) 891-5200 |

*The information contained in this email is intended only for the individual or entity to whom it is addressed. Its contents (including any attachments) may contain confidential and/or privileged information. If you are not the named addressee you should not disseminate, distribute or copy this email. Please notify the sender immediately by email if you have received this email in error and delete this email from your system*

Copying Prohibited

Exhibit "D"





# DELAWARE COUNTY PLANNING DEPARTMENT

**1055 E. Baltimore Pike – Suite 100**
**Media, PA 19063**
**Phone: (610) 891-5200**
**Email: planning_department@co.delaware.pa.us**

COUNCIL

BRIAN P. ZIDEK
CHAIRMAN

DR. MONICA TAYLOR
VICE CHAIR

KEVIN M. MADDEN
ELAINE PAUL SCHAEFER
CHRISTINE A. REUTHER

LINDA F. HILL
DIRECTOR

December 18, 2020

Mr. Andrew Hayman
Folcroft Borough
1555 Elmwood Avenue
Folcroft, PA 19032

RE:  Name of Dev't:      DB Enterprises, Inc.
     DCPD File No.:       18-6506-07-20
     Developer:           DB Enterprises, Inc.
     Location:            Southeast corner of Willows and Warwick
                          Avenues
     Recv'd in DCPD:      October 30, 2020

Dear Mr. Hayman:

In accordance with the provisions of Section 502 of the Pennsylvania Municipalities Planning Code, the above described proposal has been sent to the Delaware County Planning Commission for review. At a meeting held on December 17, 2020, the Commission took action as shown in the recommendation of the attached review.

Please refer to the DCPD file number shown above in any future communications related to this application.

Very truly yours,

Linda F. Hill
Director

cc:  DB Enterprises, Inc.
     G.D. Houtman & Son, Inc.

Copying Prohibited



# DELAWARE COUNTY PLANNING DEPARTMENT

1055 E. Baltimore Pike
Media, PA 19063
Phone: (610) 891-5200
Email: planning_department@co.delaware.pa.us

Date: December 17, 2020
File No.: 18-6506-07-20

| | |
|---|---|
| PLAN TITLE: | DB Enterprises, Inc. |
| DATE OF PLAN: | October 26, 2020 |
| OWNER OR AGENT: | DB Enterprises, Inc. |
| LOCATION: | Southeast corner of Willows and Warwick Avenues |
| MUNICIPALITY: | Folcroft Borough |
| TYPE OF REVIEW: | Final Subdivision Final Land Development |
| ZONING DISTRICT: | R-1 |
| SUBDIVISION ORDINANCE: | County |
| PROPOSAL: | Consolidate two lots into one lot, totaling 0.86 acre. Then re-subdivide the new lot into four lots<br><br>Develop four semi-detached single-family dwellings |
| UTILITIES: | Public |
| RECOMMENDATIONS: | Subdivision: Approval<br><br>Land Development: Approval, contingent on addressing staff comments<br><br>Joshua Chast |
| STAFF REVIEW BY: | |

F.S. 3
F.L. 2
Page 1

Copying Prohibited

REMARKS (continued):

## CURRENT PROPOSAL

The applicant proposes to consolidate two existing lots into one lot totaling 0.86 acre, and subsequently re-subdivide the parcel into four lots. The applicant proposes to construct four semi-detached units. Lots 1 and 2 will share a wall and Lots 3 and 4 will share the other wall. Each of the proposed four dwellings will be 700 sq. ft. in size.

## SITE CHARACTERISTICS

The site's existing conditions include being surrounded by other single-family detached and single-family semi-detached dwellings. South of the lot is the Light Industrial Business District. The southern boundary of the site borders an industrial material supply shc. as well as a construction materials supply shop. Each use has loa-ing and unloading adjacent to the site. The residential lot is curiently vacant.

## APPLICABLE ZONING

The proposal is located within the R-1 district and is subject to applicable regulations set forth by the Municipal zoning code.

## NONCONFORMITIES

The site's proposed landscape buffer does not appear to comply with the zoning regulations as established within the Municipal zoning code.

As per Section 600-114 A.&B, the code requires a buffer between Residential Zoning District and the Light Industrial Business District. Currently, there is no existing vegetative buffer. In order to increase the separation between commercial and

F.S. 3
F.L. 2
Page 2

REMARKS (continued):

residential land uses and provide for the privacy and safety of
the future residential dwellings, the applicant must construct a
satisfactory landscaping buffer/screen. This buffer should be
located along the southern boundary of the site. To be
accommodating to the residential driveway shown adjacent to the
southern boundary line of lot four, staff is suggesting that
fencing be constructed along the entirety of the lot line. Then,
a vegetative buffer should be implemented from the end of the
driveway to the western edge of the property line.

## COMPLIANCE

The proposal appears to comply with the R-1 district provisions.

## WAIVERS

The applicant is seeking waiver relief for the following:

- Section 202.1: To allow the plan to be submitted as a
  preliminary/final plan.
- Section 205.3(6): To forgo showing all significant features
  within 200' of the site.
- Ordinance 90 of 1942: To allow the driveway apron to exceed
  the requirements of the ordinance.

Staff has no comments related to these waiver requests.

## LANDSCAPING

As per Section 817.C. of the County SALDO, there should be one
shade tree planted for every 30' of street frontage. In this case,
four trees should be planted along the site's total frontage. The
street trees along with the buffer/screening requirements should
be added to the plan per section 602.A.8 of the County SALDO.

F.S. 3
F.L. 2
Page 3

REMARKS (continued):

**DRIVEWAYS**

As per Section 248-7.A, driveways should be a minimum of 10' in width. The applicant must request a waiver from this requirement as it is not feasible for the site.

**BULK AND AREA TABLE**

As per Section 502.A.10, zoning conformance should be shown on the plan, preferably in the form of a Bulk and Area Table.

**SEWAGE FACILITIES**

The developer should contact the Pennsylvania Department of Environmental Protection regarding the need for sewage facilities planning approval.

The Municipality should confirm receipt of any necessary Pennsylvania Department of Environmental Protection planning approval prior to final approval.

**STORMWATER MANAGEMENT**

The Municipal Engineer must verify the adequacy of all proposed stormwater management facilities.

**RECORDING**

In accordance with Section 513(a) of the Pennsylvania Municipalities Planning Code (MPC), final plans must be recorded within ninety (90) days of municipal approval.



# DELAWARE COUNTY PLANNING DEPARTMENT

**1055 E. Baltimore Pike – Suite 100**
**Media, PA 19063**
**Phone: (610) 891-5200**
Email: planning_department@co.delaware.pa.us

**COUNCIL**

BRIAN P. ZIDEK
CHAIRMAN

DR. MONICA TAYLOR
VICE CHAIR

KEVIN M. MADDEN
ELAINE PAUL SCHAEFER
CHRISTINE A. THER

LINDA F. HILL
DIRECTOR

November 20, 2020

Ms. Marianne French
Folcroft Borough
1555 Elmwood Avenue
Folc ft, PA 19032

RE: *Title:*        DB Enterprises, Inc.
    *Applicant(s):*  DB Enterprises, Inc.
    *File Number:*   18-6506-07-20
    *Meeting Date:*  12/17/2020
    *Municipality:*  Folcroft Borough
    *Location:*      West side of Folcroft Avenue, approx. 500' north
                     of Hook Road
    *Received:*      10/30/2020

Dear Ms. French,

    This is to acknowledge receipt of the above referenced
appl' ation for review and report. The Commission has tentatively
schea led consideration of the application for its public meeting on
the date shown above at 4:00 p.m. This meeting will be held online
and available for public and applicant participation. For
instructions to access the meeting, email giftp@co.delaware.pa.us
Participation is not required but is welcomed.

    NOTE: In order to avoid processing delays, the DCPD file number
shown above MUST be provided in any transactions with the county
regarding this or future applications related to this location.

                              Very truly yours,

                              Michael A. Leventry
                              Manager, Plan and Ordinance Review

*cc:* DB Enterprises, Inc.
     G. D. Houtman and Son



Exhibit "E"



540 & 542 Folcroft Avenue

From:  Davoud Baravordeh (dbnewhomes@yahoo.com)

To:  manager@folcroftborough.org

Date:  Monday, January 11, 2021, 1:37 PM EST

Dear Mr. Hayman,

I am checking in with you regarding the status of the application that we submitted to the Borough for approval to build at the above address. As you are aware, the Delaware County Planning Department has already approved the application on December 18, 2020.

Looking forward to your response. Have a great day!

Sincerely,

D. Baravordeh
DB Enterprises, Developers, Builders, Inc.

Office:  610-690-2901
Direct:  610-476-2399
Fax:      610-690-8006

www.dbnewhomes.com
"Building With You In Mind"

Copying Prohibited

## Fw: 540 & 542 Folcroft Avenue

From: Davoud Baravordeh (dbnewhomes@yahoo.com)

To: manager@folcroftborough.org

Date: Tuesday, January 26, 2021, 9:13 AM EST

Good morning Mr. Hayman,

I appreciate your response to status of the development .

Sincerely,

*D. Baravordeh*
*DB Enterprises, Developers, Builders, Inc.*

*Office: 610-690-2901*
*Direct: 610-476-2399 .*
*Fax:     610-690-8006*

*www.dbnewhomes.com*
"Building With You In Mind"

---

----- Forwarded Message -----
**From:** Davoud Baravordeh <dbnewhomes@yahoo.com>
**To:** Andrew Hayman <manager@folcroftborough.org>
**Sent:** Monday, January 11, 2021, 01:37:02 PM EST
**Subject:** 540 & 542 Folcroft Avenue

Dear Mr. Hayman.

I am checking in with you regarding the status of the application that we submitted to the Borough for approval to build at the above address. As you are aware, the Delaware County Planning Department has already approved the application on December 18, 2020.

Looking forward to your response. Have a great day!

Sincerely,

*D. Baravordeh*
*DB Enterprises, Developers, Builders, Inc.*

*Office: 610-690-2901*
*Direct: 610-476-2399*
*Fax:     610-690-8006*

Copying Prohibited

Exhibit "F"



**DB Enterprises** — Developers/Builders, Inc.

*Building with you in mind*
245 East Woodland Avenue • Springfield, PA 19064
610 690 2901
Fax: 610 690 8006

Mr. Andrew Hayman
Folcroft Borough
1555 Elmwood Avenue
Folcroft, PA 19032

March 9, 2021

RE: 540 & 542 Folcroft Avenue

Dear Mr. Hayman,

On October 28, 2020, I met with you and personally hand delivered to you a package that enclosed the application for Land Development and Subdivision pertaining to the above referenced location. The same was also delivered to the Delaware County Planning Department for their review and approval.

Delaware County Planning Department addressed a letter to you dated December 18, 2020, copying DB Enterprises, Inc. and G.D. Houtman & Son, Inc. The recommendations provided in that letter were approval for the subdivision and approval for the land development.

Since the date of the letter, I have attempted to reach you several times for the status of Folcroft Borough's decision on my proposed plans. Emails dated January 11, 2021 and January 26, 2021 were sent to you requesting the status, but there has not been a response received to date. Multiple phone calls were made to your office as well in attempt to reach you and request the status. I was provided with a phone number to call, which belongs to Catania Engineering.

The Municipal Planning Code requires an application be reviewed and a response provided within ninety (90) days. Please provide me with the Borough's decision to the application submitted.

Best Regards,

D. Baravordeh
DB Enterprises, Inc.

cc:  G.D. Houtman & Son, Inc.
     Kaplin Stewart Meloff Reiter & Stein P.C.

Copying Prohibited



Copying Prohibited

First-Class
Letter
Folcroft, PA 19032
1.0 oz 1.0 50 oz

# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

**F O L C R O F T   P A   U S E**

| Certified Mail Fee | $3.60 | 0843 |
| --- | --- | --- |
| $ | | |
| Extra Services & Fees (check box, add fee as appropriate) | | |
| ☐ Return Receipt (hardcopy) | $ ____ | |
| ☐ Return Receipt (electronic) | $ $0.00 | Postmark |
| ☐ Certified Mail Restricted Delivery | $ $0.00 | Here |
| ☐ Adult Signature Required | $ $0.00 | |
| ☐ Adult Signature Restricted Delivery | $ $0.00 | |
| Postage | $0.55 | |
| $ | | |
| Total Postage and Fees | | |
| $ | $7.00 | |

SPRINGFIELD RETAIL STATION
MAR 1 2021
19064

Sent To _Folcroft Borough Attn: Andrew Hayman_
Street and Apt. No., or PO Box No. _520 Elmwood Ave NG_
City, State, ZIP+4® _Folcroft PA 19032_

7020 1810 0000 0073 2644

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

All sales final on stamps and postage.

Earn rewards on your business account
purchases of Priority Mail labels
with the USPS Loyalty Program by
using Click and Ship. Visit
www.usps.com/smallbizloyalty
for more info.

www.informeddelivery.com

Exhibit "G"

Copying Prohibited



**Enterprises**    Developers/Builders Inc.

Building with you in mind
255 East Woodland Avenue * Springfield Pa 19064
610-476-2399

Andrew Hayman        4/6/2021
Folcroft Borough Manager .

Dear Mr. Hayman
Enclosed is a check for $390.00 As per your instruction

DB Enterprises does not waive any rights under deemed
Approval of the Subdivision For 540 and 542 for folcroft
Avenue .

As you know this plan was submitted October 28, 2020,And
was approved by Delaware County planning department.

Thank you .

Sincerely.

D Baravordeh.

4/6/2021

Copying Prohibited

THIS CHECK IS PROTECTED BY A VOID PANTOGRAPH, MICROPRINT SIGNATURE LINE AND A HEAT SENSITIVE PADLOCK ICON. ADDITIONAL SECURITY FEATURES ARE LISTED ON BACK



DB, ENTERPRISE DEVELOPMENT, BUILDERS INC.
255 E. WOOLAND AVE.
SPRINGFIELD, PA 19064

004042

SANTANDER BANK, N.A.
60-7269/2313

PAY TO THE
ORDER OF ___ Folcroft Borough ___ $ **390.00

04/06/21

Three Hundred Ninety and 00/100************************************************************************** DOLLARS

1555 Elmwood Ave.
Folcroft pa.

MEMO ___ 540 /542 Folcroft /.plan was submit it October. ___

AUTHORIZED SIGNATURE

⑈004042⑈ ⑆231372691⑆ 28731112754⑈

Copying Prohibited

ENDORSE HERE

For Deposit Only
Folcroft Boro General Fund
Acct # 1496921

DO NOT SIGN BELOW

1595077002510 0 04-22-2021
Republic First Bank
Philadelphia, PA >036002247<

Copying Prohibited

Exhibit "H"



# KILKENNY LAW

**519 Swede Street • Norristown, PA 19401**
**(484) 679-8150**

April 8, 2021

*Copyright Prohibited*

*Via E-mail Transmission to dbnewhomes@yahoo.com*
Davoud Baravordeh
DB Enterprises, Developers/Builders, Inc.

*Re: Subdivision and Land Development Application for 540-542 Folcroft Avenue*

Dear Mr. Baravordeh:

Please be advised that this firm serves as the appointed Solicitor to Folcroft Borough, Delaware County (the "Borough"). We have had occasion to speak with the Borough Manager and review your letter dated April 6, 2021 regarding the issue of a deemed approval of your land development application.

It is the Borough's position that the application submitted October 28, 2020 was at all times administratively incomplete for failure to render payment of the application filing fee to the Borough. Pursuant to the Pennsylvania Municipalities Planning Code and the Delaware County Subdivision and Land Development Ordinance your application became administratively complete upon the payment of the application fee on April 6, 2021. As a result, the ninety (90) day approval deadline did not begin to run until April 6, 2021. The Borough Council will entertain a vote on a land development approval resolution for your application at its regular meeting on May 25, 2021.

Sincerely,

**KILKENNY LAW, LLC**

Alex J. Baumler
*Solicitor for Folcroft Borough*

Cc: Andrew Hayman
    Folcroft Borough Manager

1

Exhibit "I"

Copying Prohibited



Inspiring Design for Your Future

May 20, 2021
File 82725 220

Folcroft Borough Council
1555 Elmwood Ave.
Folcroft, PA 19032

**Re:    Preliminary/Final Subdivision and Land Development**
**540-542 Folcroft Avenue**

Dear Council Members:

Our office has received and reviewed a plan set (4 sheets) titled "Subdivison Plan of Property for DB Enterprises, Inc" dated October 26, 2020, prepared by G. D. Houtman & Son, Inc.. The Applicant is proposing to subdivide two existing lots totaling 37,537 SF (gross area to centerline of the street) currently two single family dwellings into four lots and constructing two semi detached single family dwellings (twins). The property is located in the R-1 zoning district. Based on our review, our comments are as follows:

**Subdivision and Land Development:**

1.    The Applicant is requesting a single review of a submission. A waiver of Section 201.2 of the Delaware County SLDO should be requested to allow this submission in lieu of the preliminary and final submission. We would recommend this request.
2.    Significant features within two hundred feet (200') of the site should be added to the plan per Section 205.3 (6). A waiver has been requested. We would recommend this waiver.
3.    We suggest that a note should added to the plan stating that lot 4 should be deed restricted from further subdivision and development.
4.    A note should be added to the plan indicating new curb and sidewalk shall be installed along Folcroft Avenue along the entire property frontage.
5.    A copy of the approved PADEP Planning Module or exemption should be submitted for our files.

Should you have any questions or comments, please feel free to contact me.

Very truly yours,

*Alex H. Rodriguez*

Alex H. Rodriguez, PE
Borough Engineer

AHR/ahr
cc:    Planning Commission
GD Houtmann & Sons

---

**Catania Engineering Associates, Inc., Engineers and Land Surveyors**
520 W. MacDade Boulevard, Milmont Park, PA 19033-3321
Phone: 610-532-2884 - Fax: 610-532-2923 - Email: office10@cataniaengineering.com
Web: cataniaengineering.com

Exhibit "J"

Copying Prohibited

FOLCROFT BOROUGH
DELAWARE COUNTY, PENNSYLVANIA

### RESOLUTION NO. 2021- *06*

A RESOLUTION GRANTING PRELIMINARY/FINAL LAND DEVELOPMENT
APPROVAL WITH CONDITIONS TO DB ENTERPRISES DEVELOPER-BUILDERS,
INC., FOR THE SUBDIVISION OF TWO LOTS TOTALING 37,537 SQUARE FEET
INTO FOUR LOTS AND THE DEVELOPMENT OF TWO SEMI-DETACHED SINGLE-
FAMILY DWELLINGS (TWINS) THEREUPON AT THE PROPERTY LOCATED AT
540-542 FOLCROFT AVENUE, FOLCROFT, DELAWARE COUNTY, PENNSYLVANIA.

**WHEREAS,** DB Enterprises Developer-Builders, Inc. (the "Applicant") filed an
application with Folcroft Borough requesting approval with certain waivers (the "Land
Development Application) for the subdivision of two lots totaling 37,537 square feet into four lots
for the construction of two semi-detached single-family dwellings (twins) (the "Project); and

**WHEREAS,** the Applicant has submitted a land development plan in support of the Land
Development Application entitled "Subdivision Plan of Property for DB Enterprises, Inc."
prepared by G.D. Houtman & Sons, Inc., dated October 26, 2020, consisting of Sheets 1 to 4 of 4
(the "Plans"). The Plans are attached hereto as **Exhibit "A"** and incorporated herein by reference;
and

**WHEREAS,** the Plans involve the property owned by the Applicant located at 540-542
Folcroft Avenue, Folcroft, PA 19032, Delaware County, Tax Parcel Number 20-00-00711-00; and

**WHEREAS,** The subject property located at 540-542 Folcroft Avenue is within the
Folcroft Borough's R-1-Residential Zoning District and is currently vacant which the Applicant
is proposing to subdivide the two lots totaling 37,537 square feet into four lots for the construction
of two semi-detached single-family dwellings (twins) with attendant curbing, sidewalks, fencing,
landscaping, stormwater structures, lighting and parking area improvements; and

**WHEREAS,** the Applicant has requested waivers from requirements set forth in the
Delaware County Subdivision and Land Development Ordinance, more fully referenced in
Paragraph 10 below; and

**WHEREAS,** the Borough Engineer has reviewed Applicant's Preliminary/Final Land
Development Plans and has recommended their approval, subject to the conditions set forth in the
review letter dated May 20, 2021, attached hereto as **Exhibit "B"**, and incorporated herein by
reference; and

**WHEREAS,** The Delaware County Planning Department has reviewed Applicant's
Preliminary/Final Land Development Plans and has recommended their approval, subject to the
comments set forth in the review letter dated December 17, 2020, attached hereto as **Exhibit "C"**
and incorporated herein by reference; and

**WHEREAS,** The Folcroft Borough Planning Commission has reviewed Applicant's
Preliminary/Final Land Development Plans at its meeting held May 20, 2021 and has
recommended their approval; and

1

Copying is prohibited

**WHEREAS,** the Borough Council of Folcroft Borough has determined that based on the testimony of the Applicant and reviews of Borough Consultants, Applicant has satisfactorily established that Conditional Final Land Development Approval will not be contrary to the public interest.

**NOW, THEREFORE, BE IT RESOLVED,** by the Borough Council of Folcroft Borough that the Applicant's Preliminary/Final Land Development Plans are hereby granted Conditional Final Land Development Approval, subject to the satisfaction of the following conditions by the Applicant:

1. Except as modified herein, Applicant shall comply with all other applicable Borough Ordinances, County, Commonwealth and Federal statutes, rules, and regulations, and obtain all applicable permits and approvals including but not limited to, obtaining the approval of the fire marshal, sewage connection permits, grading permits, building permits, obtaining the approval of FEMA, PennDOT highway occupancy permits, and PADEP permits.

2. Applicant shall strictly comply with all applicable Americans With Disabilities Act accessibility standards as promulgated by the Department of Justice and the International Code Council, ANSI 117.1, for the construction of accessible facilities, including, but not limited, to handicapped parking spaces on the Property.

3. Final Land Development approval is expressly conditioned upon the obligation of the Applicant's compliance with all conditions and comments set forth in the Borough Engineer's review letter attached hereto as **Exhibit "B".**

4. Final Land Development approval is expressly conditioned upon the obligation of the Applicant's compliance will all conditions and comments set forth in the Delaware County Planning Department review letter dated December 17, 2020, attached hereto as **Exhibit "C".**

5. Applicant shall enter into a Land Development and an Improvements Financial Security Agreement with the Borough to be prepared by the Borough Solicitor and executed prior to the start of construction.

6. Applicant shall provide a blanket easement for all stormwater management facilities to provide ingress to and egress from a public right-of-way and shall provide utility easements for public sewer and water, domestic and fire, by Folcroft Borough and DELCORA.

7. The Applicant shall enter into a Stormwater Management Facilities Agreement with the Borough for perpetual ownership and maintenance of proposed stormwater Best Management Practices, to be prepared by the Borough Solicitor and executed prior to the start of construction.

8. The Applicant shall draft deed restriction language to the satisfaction of the Borough Solicitor to be placed on the recorded plans for subdivided lot number four ("Lot 4")

2

Copying Prohibited

which prohibits further subdivision and development of this lot. The Applicant shall record and index the same with the Delaware County Recorder of Deeds.

       9.      Applicant shall include a note to the final recorded plan which indicates that new curb and sidewalk shall be installed along Folcroft Avenue along the entire Property frontage.

       10.      Further, the Borough Council takes the following action as to the Applicant's request for waivers from the requirements of the Delaware County "Subdivision and Land Development" Ordinance as adopted by the Borough in the Folcroft Borough Code of Ordinances:

> A. § 201.2: From the requirement to obtain preliminary plan approval prior to submitting plans for final approval. The proposed land development is being submitted for a combined preliminary/final plan approval.
>
>       ☐   Granted      ☐   Denied
>
> B. § 205.3(6): From the requirement to show all significant features within two hundred (200') feet of the site on the plan.
>
>       ☐   Granted      ☐   Denied

       11.      This Resolution will expire five (5) years from the date of this Resolution, unless extended in writing by the Borough.

       12.      This Conditional Final Land Development Approval does not and shall not authorize the construction of improvements or buildings exceeding those shown on the Plans. Furthermore, this Conditional Final Land Development Approval shall be rescinded automatically upon the Applicant's or the Applicant's agent's failure to accept, in writing, all conditions herein imposed within ten (10) days of receipt of this Resolution, such acceptance to be evidenced by the Applicant's or the Applicant's agent's signature below.

       13.      By approving this Resolution, the Applicant is signifying acceptance of the conditions contained herein.

Copying Prohibited

**DULY PRESENTED AND ADOPTED** by the Borough Council of Folcroft Borough,

Delaware County, Pennsylvania, this 25th day of May, 2021.

Attest:

**FOLCROFT BOROUGH COUNCIL**

Andrew Hayman, Secretary

By: _____
Joseph Papaleo, President

In the event that the executed Resolution is not delivered to the Borough within ten (10) days of receipt, it shall be deemed that the Applicant does not accept these conditions, and approvals conditioned upon its acceptance are revoked, and the application is considered denied for the reasons set forth above.

ACCEPTED BY:

**DB Enterprises Developer-Builders, Inc.**

By: _____
Name:
Date:

Copying Prohibited

Exhibit "K"



**Enterprises** Developers/Builders Inc.

Building with you in mind
255 East Woodland Avenue * Springfield Pa 19064
610 690 2901
Fax: 610 690 8006

January 24, 2022

Via E-Mail and regular mail
Andrew Hayman
Folcroft Borough Manager
1555 Elmwood Avenue
Folcroft, PA 19032

**Re: Folcroft Single Family Attached Dwellings**
**540-542 Folcroft Avenue**

Dear Mr. Hayman:

Please be advised that on October 5, 2021 the following was hand delivered to Denise DiPasquale at the Borough Folcroft Municipal offices (See attached):

1.  Building Permit Application;
2.  2 sets of attached townhomes plan for construction of 4 townhomes; and
3.  Check for the Permit Fee.

To date I have not had a response from Folcroft Borough regarding the Building Permit Application. This Application was not approved or denied as is required by MPC.

Please provide the reason why this Application has not been approved. It has been 3 months and 19 days since the Application was submitted.

Thank you for your attention to this matter.

D. Baravordeh
cc: Jim Byrne, Esquire
    w/attachments)



**Enterprises** Developers/Builders Inc.

Building with you in mind
255 East Woodland Avenue • Springfield Pa 19064
610 690 2901
Fax: 610 690 8006

Received from DB Enterprises Developers/Builders the following for
Lot #4, 540-542 Folcroft Avenue, Folcroft, PA

1. Building Permit Application;

2. 2 Sets of attached townhomes plan for construction of 4 townhomes.

3. Check in the amount of $9,814.50 for the Permit Fee.

Signature Below: _____     Date: 10-5-21

Copying Prohibited

**Borough of Folcroft**



**DENISE DIPASQUALE**
RESIDENT SERVICES

MUNICIPAL BUILDING
1555 ELMWOOD AVENUE
FOLCROFT, PA 19032

OFFICE: (610) 522-1305
FAX: (610) 522-1114
ddipasquale@folcroftborough.org

## RE: 540-542 Folcroft Avenue - Folcroft Single Family Attached Dwellings

From:  Davoud Baravordeh (dbnewhomes@yahoo.com)

To:     manager@folcroftborough.org

Cc:     rne@mbmlawoffice.com

Date:  Monday, January 24, 2022, 12:19 PM EST

**Please see attached.**

*Sincerely,*

*D. Baravordeh*
*DB Enterprises, Developers, Builders, Inc.*

*Office: 610-690-2901*
*Direct: 610-476-2399*
**Fax:    610-690-8006**

www.*dbnewhomes.com*
"Building With You In Mind"



drew Hayman - 1-24-22.pdf
565.7kB

Copying Prohibited

Re:  Building Application Permit Fee

Lot 4

540-542 Folcroft Avenue

Based on Cost of Job - $280,000.00

$49.50 for first $1,000.00

$35.00 for each additional $1,000.00

**Permit Fee will be $9,814.50**

Copying Prohibited

Exhibit "L"

Copying Prohibited

EDOUARD N. HOUTMANN, C. E.
1928-1994

MATTHEW R. HOUTMANN, P. E.
GUSTAVE N. HOUTMANN, P. E.
REGISTERED PROFESSIONAL
ENGINEERS

# G. D. HOUTMAN & SON, INC.

CIVIL ENGINEERS · LAND SURVEYORS
LAND PLANNERS
139 E. BALTIMORE PIKE
MEDIA, PENNSYLVANIA 19063

610-565-6363
FAX 610-565-6976

STEPHEN J. WASYLYSZYN
REGISTERED PROFESSIONAL
SURVEYORS

December 28, 2021

Mr. Andrew Hayman
Folcroft Borough Manager
Folcroft Borough Municipal Building
1555 Elmwood Avenue
Folcroft, PA 19032

Re:  Sewage Facility Planning Module
     DB Enterprises, Inc.
     540-542 Folcroft Avenue
     Folcroft Borough
     DEP Code No. 1-23822-023-3J

Dear Mr. Hayman:

Please find enclosed the following for the DB Enterprises, Inc. subdivision
located at 540-542 Folcroft Avenue:

1.  Two (2) copies of the Record and Grading Plans associated with
    the project.
2.  Two (2) copies of the Component 3 Sewage Facilities Planning
    Module and supporting information.
3.  Component 4A Sewage Facilities Planning Module Municipal
    Planning Agency Review form and Instructions.
4.  Completed Delaware County Planning Department Application for
    Act 537 Review.

The applicant is proposing the reverse subdivision and subsequent subdivision of
the referenced properties into four (4) lots onto which two (2) sets of twin
dwellings are to be constructed.

Each of the four (4) twin dwellings will be supplied with it's own gravity sewer
lateral and connection to the main located in Folcroft Avenue. The referenced
sewer main is owned and maintained by Folcroft Borough. Flow from Folcroft
Borough is conveyed to the Darby Creek Joint Authority which conveys to
DELCORA, which then conveys to the City of Philadelphia SW Treatment Plant

for treatment and disposal. The proposed subdivision creates an addition 4 EDUs or 1,070 gallons per day (267.5 gal/day/EDU x 4 EDUs).

The plans were initially submitted to the Borough for subdivision and site development review in October of 2020. Revised plans in response to the Borough Engineer review dated May 20, 20221 were re-submitted to the Borough in November of 2021.

The two (2) copies of the Modules are for your use as follows:

1. One (1) Copy of the Module and one (1) copy of the provided Plans are to be provided to the Planning Commission member for completion of Component #4A.
2. One (1) copy for your files

We have also submitted a copy of the Planning Modules, concurrently with the Borough Plan submission, directly to the Darby Creek Joint Authority, DELCORA, and the City of Philadelphia for review and completion of Section J., Chapter 94 Consistency Determination.

In addition to the requested Borough review of the Module, a review by the Delaware County Planning Department (DCPD) is required for submission to DEP. The DCPD will not review the Planning Module without an original signature from Sharron Hill Borough on the Delaware County Planning Department Application for Act 537 Review form. To this end, we kindly request that you fill out and sign the DCPD Act 537 Application under the Municipality's Section. If you call our office upon completion, we will pick up the Act 537 application and deliver it to DCPD along with the associated Fees and supporting information.

Upon completion of the reviews and signatures by the Darby Creek Joint Authority, DELCORA, the City of Philadelphia and the Delaware County Planning Department the executed Module and supporting information will be submitted to the Borough for completion and approval.

Please do not hesitate to contact me should you have any questions or require additional information.

Thanking you for your efforts in this matter.

Sincerely

Gustave N. Houtmann, P.E.

Copying prohibited

G.D. Houtman & Son, Inc.

Cc:    Davoud Baravordeh, DB Enterprises, Inc.



3850-FM-BCW0362A   6/2016
Instructions



## INSTRUCTIONS FOR COMPLETING COMPONENT 4A
## MUNICIPAL PLANNING AGENCY REVIEW

*Remove and recycle these instructions prior to mailing component to the approving agency.*

## Background

This component, Component 4, is used to obtain the comments of planning agencies and/or health departments having jurisdiction over the project area. It is used in conjunction with other planning module components appropriate to the characteristics of the project proposed.

## Who Should Complete the Component?

The component should be completed by any existing municipal planning agency, county planning agency, planning agency with areawide jurisdiction, and/or health department having jurisdiction over the project site. It is divided into sections to allow for convenient use by the appropriate agencies.

The project sponsor must forward copies of this component, along with supporting components and data, to the appropriate planning agency(ies) and health department(s) (if any) having jurisdiction over the development site. These agencies are responsible for responding to the questions in their respective sections of Component 4, as well as providing whatever additional comments they may wish to provide on the project plan. After the agencies have completed their review, the component will be returned to the applicant. The agencies have 60 days in which to provide comments to the applicant. If the agencies fail to comment within this 60 day period, the applicant may proceed to the next stage of the review without the comments. The use of registered mail or certified mail (return receipt requested) by the applicant when forwarding the module package to the agencies will document a date of receipt.

After receipt of the completed Component 4 from the planning agencies, or following expiration of the 60 day period without comments, the applicant must submit the entire component package to the municipality having jurisdiction over the project area for review and action. If approved by the municipality, the proposed plan, along with the municipal action, will be forwarded to the approving agency (Department of Environmental Protection or delegated local agency). The approving agency, in turn, will either approve the proposed plan, return it as incomplete, or disapprove the plan, based upon the information provided.

### *Instructions for Completing Planning Agency and/or Health Department Review Component*

### Section A.   Project Name

Enter the project name as it appears on the accompanying sewage facilities planning module component (Component 2, 2m, 3, 3s or 3m).

### Section B.   Review Schedule

Enter the date the package was received by the reviewing agency, and the date that the review was completed.

### Section C.   Agency Review

1. Answer the yes/no questions and provide any descriptive information necessary on the lines provided. Attach additional sheets, if necessary.

2. Complete the name, title, and signature block.

### Section D.   Additional Comments

The Agency may provide whatever additional comment(s) it deems necessary, as described in the form. Attach additional sheets, if necessary.

Copyright Prohibited



**pennsylvania**
DEPARTMENT OF ENVIRONMENTAL
PROTECTION

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF ENVIRONMENTAL PROTECTION
BUREAU OF CLEAN WATER

| DEP Code #: |
|---|
| 1-23822-023-3J |

## SEWAGE FACILITIES PLANNING MODULE
## COMPONENT 4A - MUNICIPAL PLANNING AGENCY REVIEW

**Note to Project Sponsor:** To expedite the review of your proposal, one copy of your completed planning module package and one copy of this *Planning Agency Review Component* should be sent to the local municipal planning agency for their comments.

### SECTION A.    PROJECT NAME (See Section A of Instructions)

Project Name

DB Enterprises, Inc.

### SECTION B.    REVIEW SCHEDULE (See Section B of instructions)

1. Date plan received by municipal planning agency _____
2. Date review completed by agency _____

### SECTION C.    AGENCY REVIEW (See Section C of instructions)

| Yes | No | | |
|---|---|---|---|
| ☐ | ☐ | 1. | Is there a municipal comprehensive plan adopted under the Municipalities Planning Code (53 P.S. 10101, *et seq.*)? |
| ☐ | ☐ | 2. | Is this proposal consistent with the comprehensive plan for land use? |
| | | | If no, describe the inconsistencies _____ |
| ☐ | ☐ | 3. | Is this proposal consistent with the use, development, and protection of water resources? |
| | | | If no, describe the inconsistencies _____ |
| ☐ | ☐ | 4. | Is this proposal consistent with municipal land use planning relative to Prime Agricultural Land Preservation? |
| ☐ | ☐ | 5. | Does this project propose encroachments, obstructions, or dams that will affect wetlands? |
| | | | If yes, describe impacts _____ |
| ☐ | ☐ | 6. | Will any known historical or archaeological resources be impacted by this project? |
| | | | If yes, describe impacts _____ |
| ☐ | ☐ | 7. | Will any known endangered or threatened species of plant or animal be impacted by this project? |
| | | | If yes, describe impacts _____ |
| ☐ | ☐ | 8. | Is there a municipal zoning ordinance? |
| ☐ | ☐ | 9. | Is this proposal consistent with the ordinance? |
| | | | If no, describe the inconsistencies _____ |
| ☐ | ☐ | 10. | Does the proposal require a change or variance to an existing comprehensive plan or zoning ordinance? |
| ☐ | ☐ | 11. | Have all applicable zoning approvals been obtained? |
| ☐ | ☐ | 12. | Is there a municipal subdivision and land development ordinance? |

Copying Prohibited

| **SECTION C.** | **AGENCY REVIEW** (continued) | |
|---|---|---|

| Yes | No | |
|---|---|---|
| ☐ | ☐ | 13. Is this proposal consistent with the ordinance? |
| | | If no, describe the inconsistencies _____ |
| ☐ | ☐ | 14. Is this plan consistent with the municipal Official Sewage Facilities Plan? |
| | | If no, describe the inconsistencies _____ |
| ☐ | ☐ | 15. Are there any wastewater disposal needs in the area adjacent to this proposal that should be considered by the municipality? |
| | | If yes, describe _____ |
| ☐ | ☐ | 16. Has a waiver of the sewage facilities planning requirements been requested for the residual tract of this subdivision? |
| ☐ | ☐ | If yes, is the proposed waiver consistent with applicable ordinances? |
| | | If no, describe the inconsistencies |
| | | _____ |
| | | 17. Name, title and signature of planning agency staff member completing this section: |
| | | Name: _____ |
| | | Title: _____ |
| | | Signature: _____ |
| | | Date: _____ |
| | | Name of Municipal Planning Agency: Folcroft Borough _____ |
| | | Address 1555 Elmwood Avenue Folcroft, PA 19032 |
| | | Telephone Number: 610-522-1305 |

| **SECTION D.** | **ADDITIONAL COMMENTS** (See Section D of Instructions) |
|---|---|

This component does not limit municipal planning agencies from making additional comments concerning the relevancy of the proposed plan to other plans or ordinances. If additional comments are needed, attach additional sheets.

The planning agency must complete this component within 60 days.

This component and any additional comments are to be returned to the applicant.



# DELAWARE COUNTY PLANNING DEPARTMENT

1055 East Baltimore Pike, Media, Pennsylvania 19063
Phone: 610-891-5200     Fax: 610-891-5203     Email: planning_department@co.delaware.pa.us

## Application for Act 537 Review
Please type or print legibly

### DEVELOPER/APPLICANT

Name DB Enterprises, Inc.                                    Phone (610) 690-2901

Address 225 East Woodland Avenue, Springfield PA 19063

Name of Development John Chambers 400 Sharon Ave          DEP # 1-23822-023-3J

Date of Act 247 Review December 17, 2020                   DCPD File # 18-6506-07-20

### PLANNING MODULE PREPARER

Name Gustave N. Houtman, P.E. G.D. Houtman & Son, Inc. Phone 610-565-6363

Address 139 E. Baltimore Ave, Media PA 19063

| Type of Review (check 2 boxes) | Proposed Method of Treatment |
|---|---|
| ☑ Initial Submittal | ☑ Sewer tap-in |
| ☐ Minor Revision Resubmittal | ☐ Sewer extension/new collection system |
| ☐ Major Revision Resubmittal | ☐ Individual on-lot or new replacement system |
|  | ☐ Multiple on-lot system |
| ☐ Standard Form (Component 1, 2, 3) | ☐ Community system or new plant |
| ☐ Private Request | |
| ☐ Municipal Base Plan or Ordinance | |

Water:     ☐ Private            ☑ Public
Use:       ☐ Commercial/Industrial    ☐ Institutional    ☑ Residential
EDUs 4    # of Connections 4    Projected Flow 1070    Acreage 0.862

Statement of Intent  Applicant is proposing the reverse subdivision and subsequent subdivision of the properties located at 540-542 Folcroft Avenue into 4 lots onto which 2 sets of twin dwellings are to be constructed. The existing single family residential dwellings located at the properties have been removed previously.

Has a copy of this module been forwarded to:
All tributary authorities or SEOs, as required?          ☑ Yes    ☐ No
PA Historical and Museum Commission, if required?       ☐ Yes    ☐ No    ☑ N/A

### MUNICIPALITY'S SECTION (Application Will Not Be Accepted Without Original Signature)

Municipality _____

Address _____

Municipal Official _____     Phone _____

Official's Signature _____     Date _____

### FOR DCPD USE ONLY

Date Received _____     ☐ Complete    ☐ Incomplete

Date DCPD Comments Due _____     Staff Initials _____

Review Fee:   Amount _____     Check No. _____

Date Received _____     Received By _____

Copying Prohibited

EDOUARD N. HOUTMANN, C. E.
1928-1994

MATTHEW R. HOUTMANN, P. E.
GUSTAVE N. HOUTMANN, P. E.
REGISTERED PROFESSIONAL
ENGINEERS

## G. D. HOUTMAN & SON, INC.

CIVIL ENGINEERS - LAND SURVEYORS
LAND PLANNERS
139 E. BALTIMORE PIKE
MEDIA, PENNSYLVANIA 19063

610-565-6363
FAX 610-565-5976

STEPHEN J. WASYLYSZYN
REGISTERED PROFESSIONAL
SURVEYORS

December 28, 2021

Mr. Charles J. Catania, Jr., PE
Darby Creek Joint Authority Engineer
Catania Engineering Associates, Inc.
520 MacDade Boulevard
Folsom, PA 19033

Re:    Sewage Facility Planning Module
       DB Enterprises, Inc.
       540-542 Folcroft Avenue
       Folcroft Borough
       DEP Code No. 1-23822-023-3J

Dear Mr. Catania:

We have enclosed a Component 3 Planning Module for the project located at 540-542 Folcroft Avenue in Folcroft Borough, Delaware County. The applicant is proposing the reverse subdivision and subsequent subdivision of the referenced properties into four (4) lots onto which two (2) sets of twin dwellings are to be constructed.

Each of the four (4) twin dwellings will be supplied with its own gravity sewer lateral and connection to the main located in Folcroft Avenue. The referenced sewer main is owned and maintained by Folcroft Borough. Flow from Folcroft Borough is conveyed to the Darby Creek Joint Authority which conveys to DELCORA, which then conveys to the City of Philadelphia SW Treatment Plant for treatment and disposal. The proposed subdivision creates an addition 4 EDUs or 1,070 gallons per day (267.5 gal/day/EDU x 4 EDUs).

We hereby request that you review, complete, and sign the modules under Section G. Proposed Wastewater Disposal Facilities, subsection 1.a. and subsection 1.b. and Section J. Chapter 94 Consistency Determination subsection 2. and subsection 3.c. and return to me so I can forward to the next agency for review.

Thank you for your attention in this matter and please do not hesitate to call if you have any questions.

Sincerely

Gustave N. Houtmann, P.E.
G.D. Houtman & Son, Inc.

Cc:     Davoud Baravordeh, DB Enterprises, Inc.

Copying Prohibited

EDOUARD N. HOUTMANN, C. E.
1928-1994

MATTHEW R. HOUTMANN, P. E.
GUSTAVE N. HOUTMANN, P. E.
REGISTERED PROFESSIONAL
ENGINEERS

## G. D. HOUTMAN & SON, INC.

CIVIL ENGINEERS - LAND SURVEYORS
LAND PLANNERS
139 E. BALTIMORE PIKE
MEDIA, PENNSYLVANIA 19063

610-565-6363
FAX 610-565-6976

STEPHEN J. WASYLYSZYN
REGISTERED PROFESSIONAL
SURVEYORS

December 28, 2021

Mr. Robert J. Willert
Executive Director
DELCORA
P.O. Box 999
100 East 5th Street
Chester, Pa 19013

Re:   Sewage Facility Planning Module
      DB Enterprises, Inc.
      540-542 Folcroft Avenue
      Folcroft Borough
      DEP Code No. 1-23822-023-3J

Dear Mr. Willert

We have enclosed a Component 3 Planning Module for the project located at 540-542 Folcroft Avenue in Folcroft Borough, Delaware County. The applicant is proposing the reverse subdivision and subsequent subdivision of the referenced properties into four (4) lots onto which two (2) sets of twin dwellings are to be constructed.

Each of the four (4) twin dwellings will be supplied with it's own gravity sewer lateral and connection to the main located in Folcroft Avenue. The referenced sewer main is owned and maintained by Folcroft Borough. Flow from Folcroft Borough is conveyed to the Darby Creek Joint Authority which conveys to DELCORA, which then conveys to the City of Philadelphia SW Treatment Plant for treatment and disposal. The proposed subdivision creates an addition 4 EDUs or 1,070 gallons per day (267.5 gal/day/EDU x 4 EDUs).

We hereby request that you review, complete, and sign the modules under Section J. Chapter 94 Consistency Determination subsection 2. and subsection 3.c. and return to me so I can forward to the next agency for review.

Thank you for your attention in this matter and please do not hesitate to call if you have any questions.

Sincerely

Gustave N. Houtmann, P.E.
G.D. Houtman & Son, Inc.

Cc:     Davoud Baravordeh, DB Enterprises, Inc.

Copying Prohibited

EDOUARD N. HOUTMANN, C. E.
1920-1994

MATTHEW R. HOUTMANN, P. E.
GUSTAVE N. HOUTMANN, P. E.
REGISTERED PROFESSIONAL
ENGINEERS

**G. D. HOUTMAN & SON, INC.**

CIVIL ENGINEERS - LAND SURVEYORS
LAND PLANNERS
139 E. BALTIMORE PIKE
MEDIA, PENNSYLVANIA 19063

610-565-6363
FAX 610-565-6976

STEPHEN J. WASYLYSZYN
REGISTERED PROFESSIONAL
SURVEYORS

December 28, 2021

Mr. Eric Ponert, Sewage Enforcement Officer
Philadelphia Water Department
The ARAMARK Tower
1101 Market Street
Philadelphia, Pa   19107

Re:    Sewage Facility Planning Module
       DB Enterprises, Inc.
       540-542 Folcroft Avenue
       Folcroft Borough
       DEP Code No. 1-23822-023-3J

Dear Mr. Ponert:

We have enclosed a Component 3 Planning Module for the project located at
540-542 Folcroft Avenue in Folcroft Borough, Delaware County. The applicant is
proposing the reverse subdivision and subsequent subdivision of the referenced
properties into four (4) lots onto which two (2) sets of twin dwellings are to be
constructed.

Each of the four (4) twin dwellings will be supplied with it's own gravity sewer
lateral and connection to the main located in Folcroft Avenue.  The referenced
sewer main is owned and maintained by Folcroft Borough.  Flow from Folcroft
Borough is conveyed to the Darby Creek Joint Authority which conveys to
DELCORA, which then conveys to the City of Philadelphia SW Treatment Plant
for treatment and disposal.  The proposed subdivision creates an addition 4
EDUs or 1,070 gallons per day (267.5 gal/day/EDU x 4 EDUs).

 We hereby request that you review, complete, and sign the modules under
Section G. Proposed Wastewater Disposal Facilities, subsection 2. and Section
J. Chapter 94 Consistency Determination subsection 2. and subsection 4.  and
return to me so I can forward to the next agency for review.

Thank you for your attention in this matter and please do not hesitate to call if
you have any questions.

Sincerely

Gustave N. Houtmann, P.E.
G.D. Houtman & Son, Inc.

Cc:     Davoud Baravordeh, DB Enterprises, Inc.

Copying Prohibited

Copying Prohibited

3800-FM-BPNPSM0353   Rev. 2/2015
Form

**pennsylvania**
DEPARTMENT OF ENVIRONMENTAL
PROTECTION

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF ENVIRONMENTAL PROTECTION
BUREAU OF POINT AND NON-POINT SOURCE MANAGEMENT

**Code No.**
1-23822-023-3J

# SEWAGE FACILITIES PLANNING MODULE

## Component 3. Sewage Collection and Treatment Facilities
*(Return completed module package to appropriate municipality)*

| DEP USE ONLY | | | | |
|---|---|---|---|---|
| DEP CODE # | CLIENT ID # | SITE ID # | APS ID # | AUTH ID # |
| | | | | |

This planning module component is used to fulfill the planning requirements of Act 537 for the following types of projects: (1) a subdivision to be served by sewage collection, conveyance or treatment facilities, (2) a tap-in to an existing collection system with flows on a lot of 2 EDU's or more, or (3) the construction of, or modification to, wastewater collection, conveyance or treatment facilities that will require DEP to issue or modify a Clean Streams Law permit. Planning for any project that will require DEP to issue or modify a permit cannot be processed by a delegated agency. Delegated agencies must send their projects to DEP for final planning approval.

This component, along with any other documents specified in the cover letter, must be completed and submitted to the municipality with jurisdiction over the project site for review and approval. All required documentation must be attached for the Sewage Facilities Planning Module to be complete. Refer to the instructions for help in completing this component.

REVIEW FEES:   Amendments to the Sewage Facilities Act established fees to be paid by the developer for review of planning modules for land development. These fees may vary depending on the approving agency for the project (DEP or delegated local agency). Please see section R and the instructions for more information on these fees.

NOTE:   All projects must complete Sections A through I, and Sections O through R. Complete Sections J, K, L, M and/or N if applicable or marked ☒.

## A.   PROJECT INFORMATION (See Section A of instructions)

1.   Project Name   DB Enterprises, Inc. 540-542 Folcroft Ave

2.   Brief Project Description   Subdivide 0.86 acre (37,547 s.f.) property into 4 lots onto which 4 twin dwellings are to be constructed.

## B.   CLIENT (MUNICIPALITY) INFORMATION (See Section B of instructions)

| Municipality Name | County | City | Boro | Twp |
|---|---|---|---|---|
| Folcroft Borough | Delaware | ☐ | ☒ | ☐ |

| Municipality Contact Individual -- Last Name | First Name | MI | Suffix | Title |
|---|---|---|---|---|
| Hayman | Andrew | | | Manager |

| Additional Individual Last Name | First Name | MI | Suffix | Title |
|---|---|---|---|---|
| | | | | |

| Municipality Mailing Address Line 1 | Mailing Address Line 2 |
|---|---|
| 1555 Elmwood Avenue | |

| Address Last Line -- City | | State | ZIP+4 |
|---|---|---|---|
| Folcroft | | PA | 19032 |

| Area Code + Phone + Ext. | FAX (optional) | Email (optional) |
|---|---|---|
| (610) 522-1305 | | manager@folcroftborough.org |

- 1 -

## C.   SITE INFORMATION (See Section C of instructions)

**Site (Land Development or Project) Name**

DB Enterprises - 540-542 Folcroft Ave

| Site Location Line 1 540-542 Folcroft Avenue | | Site Location Line 2 | | | |
|---|---|---|---|---|---|
| Site Location Last Line -- City Folcroft | State PA | ZIP+4 19032 | | Latitude 39.89716 | Longitude -75.27483 |

Detailed Written Directions to Site  From the intersection of Hook Road and Folcroft Avenue travel north on Folcroft Avenue 400 feet to the site. Site is located next to the Grainger Industrial Supply property on the left or west side of Folcroft Ave.

Description of Site  Open Ground. Former site of 2 single family residential dwellings.

**Site Contact (Developer/Owner)**

| Last Name Baravordeh | First Name Davoud | MI | Suffix | Phone (610) 690-2901 | Ext. |
|---|---|---|---|---|---|
| Site Contact Title President | | Site Contact Firm (if none, leave blank) DB Enterprises, Inc. | | | |
| FAX | | Email dbnewhomes@yahoo.com | | | |
| Mailing Address Line 1 225 East Woodland Avenue | | Mailing Address Line 2 | | | |
| Mailing Address Last Line -- City Springfield | | State PA | ZIP+4 19064 | | |

## D.   PROJECT CONSULTANT INFORMATION (See Section D of instructions)

| Last Name Houtmann | First Name Gustave | | MI N | Suffix |
|---|---|---|---|---|
| Title | Consulting Firm Name G.D. Houtman & Son, Inc. | | | |
| Mailing Address Line 1 139 E. Baltimore Ave | Mailing Address Line 2 | | | |
| Address Last Line -- City Media | State PA | ZIP+4 19063 | Country | |
| Email gnh@gdhoutman.com | Area Code + Phone (610)565-6363 | Ext. | Area Code + FAX | |

## E.   AVAILABILITY OF DRINKING WATER SUPPLY

The project will be provided with drinking water from the following source:  (Check appropriate box)

☐   ndividual wells or cisterns.

☐  A proposed public water supply.

☒  An existing public water supply.

If existing public water supply is to be used, provide the name of the water company and attach documentation from the water company stating that it will serve the project.

Name of water company:  Aqua, Pennsylvania, Inc.

## F.   PROJECT NARRATIVE (See Section F of instructions)

☒  A narrative has been prepared as described in Section F of the instructions and is attached.

The applicant may choose to include additional information beyond that required by Section F of the instructions.

Copying Prohibited

## G. PROPOSED WASTEWATER DISPOSAL FACILITIES (See Section G of instructions)

Check all boxes that apply, and provide information on collection, conveyance and treatment facilities and EDU's served. This information will be used to determine consistency with Chapter 93 (relating to wastewater treatment requirements).

1. **COLLECTION SYSTEM**

   a. Check appropriate box concerning collection system

   ☐ New collection system  ☐ Pump Station  ☐ Force Main

   ☐ Grinder pump(s)  ☒ Extension to existing collection system  ☐ Expansion of existing facility

   Clean Streams Law Permit Number _____

   b. Answer questions below on collection system

   Number of EDU's and proposed connections to be served by collection system. EDU's <u>4</u>

   Connections <u>4</u>

   Name of:
   existing collection or conveyance system <u>Folcroft Borough</u>
   owner <u>Folcroft Borough</u>
   existing interceptor <u>Darby Creek Interceptor</u>
   owner <u>Darby Creek Joint Authority.</u>

2. **WASTEWATER TREATMENT FACILITY**

   Check all boxes that apply, and provide information on collection, conveyance and treatment facilities and EDU's served. This information will be used to determine consistency with Chapter(s) 91 (relating to general provisions), 92 (relating to national Pollution Discharge Elimination System permitting, monitoring and compliance) and 93 (relating to water quality standards).

   a. Check appropriate box and provide requested information concerning the treatment facility

   ☐ New facility  ☒ Existing facility  ☐ Upgrade of existing facility  ☐ Expansion of existing facility

   Name of existing facility <u>Philadephia SW Treatment Plant</u>

   NPDES Permit Number for existing facility _____

   Clean Streams Law Permit Number _____

   Location of discharge point for a new facility. Latitude _____  Longitude _____

   b. The following certification statement must be completed and signed by the wastewater treatment facility permitee or their representative.

   As an authorized representative of the permittee, I confirm that the _____
   (Name from above) sewage treatment facilities can accept sewage flows from this project without adversely affecting the facility's ability to achieve all applicable technology and water quality based effluent limits (see Section I) and conditions contained in the NPDES permit identified above.

   Name of Permittee Agency, Authority, Municipality _____

   Name of Responsible Agent _____

   Agent Signature_____  Date _____

   (Also see Section I. 4.)

Copying prohibited

## G. PROPOSED WASTEWATER DISPOSAL FACILITIES (Continued)

### 3. PLOT PLAN

The following information is to be submitted on a plot plan of the proposed subdivision.

a. Existing and proposed buildings.

b. Lot lines and lot sizes.

c. Adjacent lots.

d. Remainder of tract.

e. Existing and proposed sewerage facilities. Plot location of discharge point, land application field, spray field, COLDS, or LVCOLDS if a new facility is proposed.

f. Show tap-in or extension to the point of connection to existing collection system (if applicable).

g. Existing and proposed water supplies and surface water (wells, springs, ponds, streams, etc.)

h. Existing and proposed rights-of-way.

i. Existing and proposed buildings, streets, roadways, access roads, etc.

j. Any designated recreational or open space area.

k. Wetlands - from National Wetland Inventory Mapping and USGS Hydric Soils Mapping.

l. Flood plains or Flood prone areas, floodways, (Federal Flood Insurance Mapping)

m. Prime Agricultural Land.

n. Any other facilities (pipelines, power lines, etc.)

o. Orientation to north.

p. Locations of all site testing activities (soil profile test pits, slope measurements, permeability test sites, background sampling, etc. (if applicable).

q. Soils types and boundaries when a land based system is proposed.

r. Topographic lines with elevations when a land based system is proposed

### 4. WETLAND PROTECTION

YES   NO

a. ☐   ☒   Are there wetlands in the project area? If yes, ensure these areas appear on the plot plan as shown in the mapping or through on-site delineation.

b. ☐   ☒   Are there any construction activities (encroachments, or obstructions) proposed in, along, or through the wetlands? If yes, identify any proposed encroachments on wetlands and identify whether a General Permit or a full encroachment permit will be required. If a full permit is required, address time and cost impacts on the project. Note that wetland encroachments should be avoided where feasible. Also note that a feasible alternative **MUST BE SELECTED** to an identified encroachment on an exceptional value wetland as defined in Chapter 105. Identify any project impacts on streams classified as HQ or EV and address impacts of the permitting requirements of said encroachments on the project.

### 5. PRIME AGRICULTURAL LAND PROTECTION

YES   NO

☐   ☒   Will the project involve the disturbance of prime agricultural lands?

If yes, coordinate with local officials to resolve any conflicts with the local prime agricultural land protection program. The project must be consistent with such municipal programs before the sewage facilities planning module package may be submitted to DEP.

If no, prime agricultural land protection is not a factor to this project.

☐   ☐   Have prime agricultural land protection issues been settled?

### 6. HISTORIC PRESERVATION ACT

YES   NO

☐   ☐   Sufficient documentation is attached to confirm that this project is consistent with DEP Technical Guidance 012-0700-001 *Implementation of the PA State History Code* (available online at the DEP website at www.dep.state.pa.us, select "subject" then select "technical guidance"). As a minimum this includes copies of the completed Cultural Resources Notice

Copyright Prohibited

(CRN), a return receipt for its submission to the PHMC and the PHMC review letter.

## 7. PROTECTION OF RARE, ENDANGERED OR THREATENED SPECIES
Check one:

☒ The "Pennsylvania Natural Diversity Inventory (PNDI) Project Environmental Review Receipt" resulting from my search of the PNDI database and all supporting documentation from jurisdictional agencies (when necessary) is/are attached.

☐ A completed "Pennsylvania Natural Diversity Inventory (PNDI) Project Planning & Environmental Review Form," (PNDI Form) available at www.naturalheritage.state.pa.us , and all required supporting documentation is attached. I request DEP staff to complete the required PNDI search for my project. I realize that my planning module will be considered incomplete upon submission to the Department and that the DEP review will not begin, and that processing of my planning module will be delayed, until a "PNDI Project Environmental Review Receipt" and all supporting documentation from jurisdictional agencies (when necessary) is/are received by DEP.

Applicant or Consultant Initials GNH

## H.  ALTERNATIVE SEWAGE FACILITIES ANALYSIS (See Section H of instructions)

☒ An alternative sewage facilities analysis has been prepared as described in Section H of the attached instructions and is attached to this component.

The applicant may choose to include additional information beyond that required by Section H of the attached instructions.

## I.  COMPLIANCE WITH WATER QUALITY STANDARDS AND EFFLUENT LIMITATIONS (See Section I of instructions) (Check and complete all that apply.)

1. **Waters designated for Special Protection**

   ☐ The proposed project will result in a new or increased discharge into special protection waters as identified in Title 25, Pennsylvania Code, Chapter 93. The Social or Economic Justification (SEJ) required by Section 93.4c. is attached.

2. **Pennsylvania Waters Designated As Impaired**

   ☐ The proposed project will result in a new or increased discharge of a pollutant into waters that DEP has identified as being impaired by that pollutant. A pre-planning meeting was held with the appropriate DEP regional office staff to discuss water quality based discharge limitations.

3. **Interstate and International Waters**

   ☐ The proposed project will result in a new or increased discharge into interstate or international waters. A pre-planning meeting was held with the appropriate DEP regional office staff to discuss effluent limitations necessary to meet the requirements of the interstate or international compact.

4. **Tributaries To The Chesapeake Bay**

   ☐ The proposed project result in a new or increased discharge of sewage into a tributary to the Chesapeake Bay. This proposal for a new sewage treatment facility or new flows to an existing facility includes total nitrogen and total phosphorus in the following amounts: _____ pounds of TN per year, and _____ pounds of TP per year. Based on the process design and effluent limits, the total nitrogen treatment capacity of the wastewater treatment facility is _____ pounds per year and the total phosphorus capacity is _____ pounds per year as determined by the wastewater treatment facility permitee. The permitee has determined that the additional TN and TP to be contributed by this project (as modified by credits and/or offsets to be provided) will not cause the discharge to exceed the annual total mass limits for these parameters. Documentation of compliance with nutrient allocations is attached.

   Name of Permittee Agency, Authority, Municipality _____

   Initials of Responsible Agent (See Section G 2.b) _____

   See *Special Instructions* (Form 3800-FM-BPNPSM0353-1) for additional information on Chesapeake Bay watershed requirements.

Copyright Prohibited

## ☒ J.  CHAPTER 94 CONSISTENCY DETERMINATION (See Section J of instructions)

Projects that propose the use of existing municipal collection, conveyance or wastewater treatment facilities, or the construction of collection and conveyance facilities to be served by existing municipal wastewater treatment facilities must be consistent with the requirements of Title 25, Chapter 94 (relating to Municipal Wasteload Management). If not previously included in Section F, include a general map showing the path of the sewage to the treatment facility. If more than one municipality or authority will be affected by the project, please obtain the information required in this section for each. Additional sheets may be attached for this purpose.

1.  Project Flows 1050 _____ gpd

2.  Total Sewage Flows to Facilities (pathway from point of origin through treatment plant)

When providing "treatment facilities" sewage flows, use Annual Average Daily Flow for "average" and Maximum Monthly Average Daily Flow for "peak" in all cases. For "peak flows" in "collection" and "conveyance" facilities, indicate whether these flows are "peak hourly flow" or "peak instantaneous flow" and how this figure was derived (i.e., metered, measured, estimated, etc.).

a.  Enter average and peak sewage flows for each proposed or existing facility as designed or permitted.

b.  Enter the average and peak sewage flows for the most restrictive sections of the existing sewage facilities.

c.  Enter the average and peak sewage flows, projected for 5 years (2 years for pump stations) through the most restrictive sections of the existing sewage facilities. Include existing, proposed (this project) and future project (other approved projects) flows.

To complete the table, refer to the instructions, Section J.

| | a. Design and/or Permitted Capacity (gpd) | | b. Present Flows (gpd) | | c. Projected Flows in 5 years (gpd) (2 years for P.S.) | |
|---|---|---|---|---|---|---|
| | Average | Peak | Average | Peak | Average | Peak |
| Collection | | | | | | |
| Conveyance | | | | | | |
| Treatment | | | | | | |

3.  Collection and Conveyance Facilities

The questions below are to be answered by the sewer authority, municipality, or agency responsible for completing the Chapter 94 report for the collection and conveyance facilities. These questions should be answered in coordination with the latest Chapter 94 annual report and the above table. The individual(s) signing below must be legally authorized to make representation for the organization.

YES   NO

a.   ☐   ☐   This project proposes sewer extensions or tap-ins. Will these actions create a hydraulic overload within five years on any existing collection or conveyance facilities that are part of the system?

If yes, this sewage facilities planning module will not be accepted for review by the municipality, delegated local agency and/or DEP until all inconsistencies with Chapter 94 are resolved or unless there is an approved Corrective Action Plan (CAP) granting an allocation for this project. A letter granting allocations to this project under the CAP must be attached to the module package.

If no, a representative of the sewer authority, municipality, or agency responsible for completing the Chapter 94 report for the collection and conveyance facilities must sign below to indicate that the collection and conveyance facilities have adequate capacity and are able to provide service to the proposed development in accordance with both §71.53(d)(3) and Chapter 94 requirements and that this proposal will not affect that status.

b.  Collection System

Name of Agency, Authority, Municipality Folcroft Borough _____

Name of Responsible Agent _____

Agent Signature _____ Date _____

☐ **J.  CHAPTER 94 CONSISTENCY DETERMINATION** (See Section J of instructions)

    c.  Conveyance System

        Name of Agency, Authority, Municipality Darby Creek Joint Authority _____

        Name of Responsible Agent _____

        Agent Signature _____

        Date _____

4.  Treatment Facility

The questions below are to be answered by a representative of the facility permittee in coordination with the information in the table and the latest Chapter 94 report. The individual signing below must be legally authorized to make representation for the organization.

    YES  NO

    a.  ☐   ⊠    This project proposes the use of an existing wastewater treatment plant for the disposal of sewage. Will this action create a hydraulic or organic overload within 5 years at that facility?

If yes, this planning module for sewage facilities will not be reviewed by the municipality, delegated local agency and/or DEP until this inconsistency with Chapter 94 is resolved or unless there is an approved CAP granting an allocation for this project. A letter granting allocations to this project under the CAP must be attached to the planning module.

If no, the treatment facility permittee must sign below to indicate that this facility has adequate treatment capacity and is able to provide wastewater treatment services for the proposed development in accordance with both §71.53(d)(3) and Chapter 94 requirements and that this proposal will not impact that status.

    b.  Name of Agency, Authority, Municipality _____

        Name of Responsible Agent _____

        Agent Signature _____

        Date _____

☐ **K.  TREATMENT AND DISPOSAL OPTIONS** (See Section K of instructions)

This section is for land development projects that propose construction of wastewater treatment facilities. Please note that, since these projects require permits issued by DEP, these projects may **NOT** receive final planning approval from a delegated local agency. Delegated local agencies must send these projects to DEP for final planning approval.

Check the appropriate box indicating the selected treatment and disposal option.

☐  1.  Spray irrigation (other than individual residential spray systems (IRSIS)) or other land application is proposed, and the information requested in Section K.1. of the planning module instructions are attached.

☐  2.  Recycle and reuse is proposed and the information requested in Section K-2 of the planning module instructions is attached.

☐  3.  A discharge to a dry stream channel is proposed, and the information requested in Section K.3. of the planning module instructions are attached.

☐  4  A discharge to a perennial surface water body is proposed, and the information requested in Section K.4. of the planning module instructions are attached.

☐ **L.  PERMEABILITY TESTING** (See Section L of instructions)

    ☐  The information required in Section L of the instructions is attached.

☐ **M. PRELIMINARY HYDROGEOLOGIC STUDY** (See Section M of instructions)

    ☐  The information required in Section M of the instructions is attached.

## J. CHAPTER 94 CONSISTENCY DETERMINATION (See Section J of instructions)

c. Conveyance System

Name of Agency, Authority, Municipality **DELCORA**

Name of Responsible Agent _____

Agent Signature _____

Date _____

4. Treatment Facility

The questions below are to be answered by a representative of the facility permittee in coordination with the information in the table and the latest Chapter 94 report. The individual signing below must be legally authorized to make representation for the organization.

YES   NO

☐   ☒   This project proposes the use of an existing wastewater treatment plant for the disposal of sewage. Will this action create a hydraulic or organic overload within 5 years at that facility?

If yes, this planning module for sewage facilities will not be reviewed by the municipality, delegated local agency and/or DEP until this inconsistency with Chapter 94 is resolved or unless there is an approved CAP granting an allocation for this project. A letter granting allocations to this project under the CAP must be attached to the planning module.

If no, the treatment facility permittee must sign below to indicate that this facility has adequate treatment capacity and is able to provide wastewater treatment services for the proposed development in accordance with both §71.53(d)(3) and Chapter 94 requirements and that this proposal will not impact that status.

b. Name of Agency, Authority, Municipality **City of Philadelphia**

Name of Responsible Agent _____

Agent Signature _____

Date _____

## K. TREATMENT AND DISPOSAL OPTIONS (See Section K of instructions)

This section is for land development projects that propose construction of wastewater treatment facilities. Please note that, since these projects require permits issued by DEP, these projects may **NOT** receive final planning approval from a delegated local agency. Delegated local agencies must send these projects to DEP for final planning approval.

Check the appropriate box indicating the selected treatment and disposal option.

☐  1. Spray irrigation (other than individual residential spray systems (IRSIS)) or other land application is proposed, and the information requested in Section K.1. of the planning module instructions are attached.

☐  2. Recycle and reuse is proposed and the information requested in Section K-2 of the planning module instructions is attached.

☐  3. A discharge to a dry stream channel is proposed, and the information requested in Section K.3. of the planning module instructions are attached.

☐  4. A discharge to a perennial surface water body is proposed, and the information requested in Section K.4. of the planning module instructions are attached.

## L. PERMEABILITY TESTING (See Section L of instructions)

☐ The information required in Section L of the instructions is attached.

## M. PRELIMINARY HYDROGEOLOGIC STUDY (See Section M of instructions)

☐ The information required in Section M of the instructions is attached.

## ☐ N. DETAILED HYDROGEOLOGIC STUDY (See Section N of instructions)

☐ The detailed hydrogeologic information required in Section N. of the instructions is attached.

## O. SEWAGE MANAGEMENT (See Section O of instructions)

**(1-3 for completion by the developer(project sponsor), 4-5 for completion by the non-municipal facility agent and 6 for completion by the municipality)**

Yes   No

1. ☐   ☒   Is connection to, or construction of, a DEP permitted, non-municipal sewage facility or a local agency permitted, community onlot sewage facility proposed.

If Yes, respond to the following questions, attach the supporting analysis, and an evaluation of the options available to assure long-term proper operation and maintenance of the proposed non-municipal facilities.  If No, skip the remainder of Section O.

2. Project Flows _____ gpd

Yes   No

3. ☐   ☐   Is the use of nutrient credits or offsets a part of this project?

If yes, attach a letter of intent to puchase the necessary credits and describe the assurance that these credits and offsets will be available for the remaining design life of the non-municipal sewage facility;

**(For completion by non-municipal facility agent)**

4. Collection and Conveyance Facilities

The questions below are to be answered by the organization/individual responsible for the non-municipal collection and conveyance facilities.  The individual(s) signing below must be legally authorized to make representation for the organization.

Yes   No

a. ☐   ☐   If this project proposes sewer extensions or tap-ins, will these actions create a hydraulic overload on any existing collection or conveyance facilities that are part of the system?

If yes, this sewage facilities planning module will not be accepted for review by the municipality, delegated local agency and/or DEP until this issue is resolved.

If no, a representative of the organization responsible for the collection and conveyance facilities must sign below to indicate that the collection and conveyance facilities have adequate capacity and are able to provide service to the proposed development in accordance with Chapter 71 §71.53(d)(3) and that this proposal will not affect that status.

b. Collection System
   Name of Responsible Organization _____

   Name of Responsible Agent _____

   Agent Signature_____

   Date _____

c. Conveyance System
   Name of Responsible Organization _____

   Name of Responsible Agent _____

   Agent Signature _____

   Date _____

5.   Treatment Facility

The questions below are to be answered by a representative of the facility permittee.  The individual signing below must be legally authorized to make representation for the organization.

     Yes     No

a.   ☐       ☐       If this project proposes the use of an existing non-municipal wastewater treatment plant for the disposal of sewage, will this action create a hydraulic or organic overload at that facility?

If yes, this planning module for sewage facilities will not be reviewed by the municipality, delegated local agency and/or DEP until this issue is resolved.

If no, the treatment facility permittee must sign below to indicate that this facility has adequate treatment capacity and is able to provide wastewater treatment services for the proposed development in accordance with §71.53(d)(3) and that this proposal will not impact that status.

b.   Name of Facility _____

     Name of Responsible Agent _____

     Agent Signature _____

     Date _____

**(For completion by the municipality)**

6.   ☐       The **SELECTED OPTION** necessary to assure long-term proper operation and maintenance of the proposed non-municipal facilities is clearly identified with documentation attached in the planning module package.

## P.   PUBLIC NOTIFICATION REQUIREMENT (See Section P of instructions)

This section must be completed to determine if the applicant will be required to publish facts about the project in a newspaper of general circulation to provide a chance for the general public to comment on proposed new land development projects.  This notice may be provided by the applicant or the applicant's agent, the municipality or the local agency by publication in a newspaper of general circulation within the municipality affected.  Where an applicant or an applicant's agent provides the required notice for publication, the applicant or applicant's agent shall notify the municipality or local agency and the municipality and local agency will be relieved of the obligation to publish.  The required content of the publication notice is found in Section P of the instructions.

To complete this section, each of the following questions must be answered with a "yes" or "no".  Newspaper publication is required if any of the following are answered "yes".

     Yes  No

1.   ☐   ☒   Does the project propose the construction of a sewage treatment facility ?
2.   ☐   ☒   Will the project change the flow at an existing sewage treatment facility by more than 50,000 gallons per day?
3.   ☐   ☒   Will the project result in a public expenditure for the sewage facilities portion of the project in excess of $100,000?
4.   ☐   ☒   Will the project lead to a major modification of the existing municipal administrative organizations within the municipal government?
5.   ☐   ☒   Will the project require the establishment of *new* municipal administrative organizations within the municipal government?
6.   ☐   ☒   Will the project result in a subdivision of 50 lots or more? (onlot sewage disposal only)
7.   ☐   ☒   Does the project involve a major change in established growth projections?
8.   ☐   ☒   Does the project involve a different land use pattern than that established in the municipality's Official Sewage Plan?

Copyright Prohibited

## P.   PUBLIC NOTIFICATION REQUIREMENT cont'd. (See Section P of instructions)

9.  ☐ ☒   Does the project involve the use of large volume onlot sewage disposal systems (Flow > 10,000 gpd)?

10.  ☐ ☒   Does the project require resolution of a conflict between the proposed alternative and consistency requirements contained in §71.21(a)(5)(i), (ii), (iii)?

11.  ☐ ☒   Will sewage facilities discharge into high quality or exceptional value waters?

☐   Attached is a copy of:

  ☐ the public notice,

  ☐ all comments received as a result of the notice,

  ☐ the municipal response to these comments.

☐   No comments were received. A copy of the public notice is attached.

## Q.   FALSE SWEARING STATEMENT (See Section Q of instructions)

I verify that the statements made in this component are true and correct to the best of my knowledge, information and belief. I understand that false statements in this component are made subject to the penalties of 18 PA C.S.A. §4904 relating to unsworn falsification to authorities.

| Gustave N Houtmann | _(signature)_ |
|---|---|
| Name (Print) | Signature |
| Project Engineer | 12/28/21 |
| Title | Date |
| GD Houtman & Son, Inc. 139 E. Baltimore Ave Media PA 19063 | (610)565 6363 |
| Address | Telephone Number |

## R.   REVIEW FEE (See Section R of instructions)

The Sewage Facilities Act establishes a fee for the DEP planning module review. DEP will calculate the review fee for the project and invoice the project sponsor **OR** the project sponsor may attach a self-calculated fee payment to the planning module prior to submission of the planning package to DEP. (Since the fee and fee collection procedures may vary if a "delegated local agency" is conducting the review, the project sponsor should contact the "delegated local agency" to determine these details.) Check the appropriate box.

☐   I request DEP calculate the review fee for my project and send me an invoice for the correct amount. I understand DEP's review of my project will not begin until DEP receives the correct review fee from me for the project.

☒   I have calculated the review fee for my project using the formula found below and the review fee guidance in the instructions. I have attached a check or money order in the amount of $200_ payable to "Commonwealth of PA, DEP". Include DEP code number on check. I understand DEP will not begin review of my project unless it receives the fee and determines the fee is correct. If the fee is incorrect, DEP will return my check or money order, send me an invoice for the correct amount. I understand DEP review will NOT begin until I have submitted the correct fee.

☐   I request to be exempt from the DEP planning module review fee because this planning module creates **only** one new lot and is the **only** lot subdivided from a parcel of land as that land existed on December 14, 1995. I realize that subdivision of a second lot from this parcel of land shall disqualify me from this review fee exemption. I am furnishing the fo⁻ ving deed reference information in support of my fee exemption.

County Recorder of Deeds for _____County, Pennsylvania

Deed Volume _____   Book Number _____

Page Number _____   Date Recorded _____

Copying Prohibited

## R.   REVIEW FEE (continued)

Formula:

1. For a new collection system (with or without a Clean Streams Law Permit), a collection system extension, or individual tap-ins to an existing collection system use this formula.

    #4_____   Lots (or EDUs) X  $50.00 = $ 200_____

    The fee is based upon:

    - The number of lots created or number of EDUs whichever is higher.
    - For community sewer system projects, one EDU is equal to a sewage flow of 400 gallons per day.

2. For a surface or subsurface discharge system, use the appropriate one of these formulae.

    A. A new surface discharge greater than 2000 gpd will use a flat fee:

        $ 1,500 per submittal (non-municipal)
        $   500 per submittal (municipal)

    B. An increase in an existing surface discharge will use:

        #_____   Lots (or EDUs) X  $35.00 = $ _____

        to a maximum of  $ 1,500 per submittal (non-municipal) or $ 500 per submittal (municipal)

        The fee is based upon:

        - The number of lots created or number of EDUs whichever is higher.
        - For community sewage system projects one EDU is equal to a sewage flow of 400 gallons per day.
        - For non-single family residential projects, EDUs are calculated using projected population figures

    C. A sub-surface discharge system that requires a permit under The Clean Streams Law will use a flat fee:

        $ 1,500 per submittal (non-municipal)
        $   500 per submittal (municipal)

- 11 -

December 27, 2021

Copyright Prohibited

PROJECT NARRATIVE
# DB Enterprises, Inc.
### 540-542 Folcroft Avenue
### Folcroft, PA 19032
### Folcroft Borough, Delaware County, Pa

Existing Conditions

The DB Enterprises project is located at the southwest side of Folcroft Avenue in Folcroft Borough, Delaware County. The site is currently open vacant ground. The existing two (2) single family dwellings associated with the properties have been razed previously. The property has 125 feet of frontage on Folcroft. The total area of the tract is 0.86 acres (37,574 s.f.).

Properties located adjacent to the site to the north, east, and west are all zoned R-1 residential. The properties located south of the site which front on Hook Road are Zoned LIB (Light Industrial/Business Park). Adjacent uses range from single family detached, twins and light industrial uses. The existing property and all surrounding properties are serviced by public water supply by Aqua and sanitary sewage disposal.

The sanitary sewer collection system is owned and maintained by Folcroft Borough. Sewage continues through to the Darby Creek interceptor and conveyed onto DELCORA where it is further conveyed to the City of Philadelphia SW treatment plant.

Proposed Development

This project consists of the reverse subdivision of the properties located at 540 and 542 Folcroft Avenue and subsequent subdivision of the combined 0.86 acre property into 4 lots. Two (2) new sets of twin dwellings, 4 residences in total are to be constructed at the property. Each unit will front on Folcroft Avenue.

The projected additional population to be served is estimated as 12 people. This figure was derived using the current census information for Folcroft Borough which indicated 2.8 people per dwelling unit (2.8 x 4 = 12). The projected additional sanitary sewage flow from the development at the property is estimated at 1,070 gpd, which was derived using 267.50 gpd per household

(262.50 x 4 = 1,050). Each dwelling will be provided an individual gravity sewer lateral which will be connected to the existing collection system located in Folcroft Avenue. The existing sanitary sewer facilities located in Folcroft Avenue are owned and maintained by Folcroft Borough. The Darby Creek Joint Authority conveys the flow to DELCORA where it is then conveyed to the City Philadelphia

Copying Prohibited

ALTERNATE SEWAGE DISPOSAL NARRATIVE
# DB Enterprises, Inc.
### 540-542 Folcroft Avenue
### Folcroft Borough, Delaware County, Pa

Alternate Sewage Disposal

Potential methods of providing sanitary sewage disposal for the properties are as
follows:

1. Stream discharge
2. Spray irrigation.
3. Individual on-lot sewage disposal system.
4. Public sanitary sewer connection

Method #1, stream discharge, was not chosen due to the economics of providing
a treatment plant for four (4) new dwellings units and the fact that the nearest
stream discharge point is located over 1000 feet from the property through public
and private lands.

Method #2 and #3, spray irrigation and individual on-lot sanitary sewage disposal
system respectively, were not chosen due to the minimum lot area of 3,000 s.f.
allowed in the R-1 zoning district. Proposed lots range in size from 5,511 s.f. to
10,511 s.f. which are much to small to support spray irrigation or an individual on-
lot sewage disposal systems.

Method #4, Public sanitary sewer connection was the obvious choice for
providing sanitary sewer service for the proposed lots. Public sanitary sewer
facilities are located along the development frontage of Folcroft Avenue and will
be the cheapest and most feasible option for sanitary sewage disposal. Public
sanitary sewage disposal is also the method dictated per the Act 537 plan for
Folcroft Borough.

The individual home owners will be responsible for maintaining the sanitary
sewer laterals from the dwelling to the cleanout located nearest the collection line

in Folcroft Ave. The collection system is owned and maintained by Folcroft Borough. The Darby Creek Joint Authority conveys the flow to DELCORA where it is then conveyed to the City Philadelphia SW treatment plant for treatment.



Exhibit "M"


Copying Prohibited



January 10, 2022

Gustave N Houtmann PE
GD Houtman & Son Inc
Media, PA

Re:     Water Availability
        540-542 Folcroft Ave
        Folcroft Borough, Delaware County

In response to your request, this letter will serve as confirmation that the above referenced property is situated within Aqua Pennsylvania Inc. service territory.

Domestic and fire water service is available to this property and will be provided in accordance with Aqua Pennsylvania, Inc. Rules and Regulations. For further details, visit www.aquaamerica.com.

*With regard to our capacity for domestic and fire service for this area, flow data information can be obtained upon written request to Lisa Thomas of our Control Center at LATHOMAS@AQUAAMERICA.COM.  Include the address with town or township and the nearest intersecting street.*

Should you have any further questions or need to request an application for service, contact me at (610) 541-4160 or dlciotti@aquaamerica.com.

Regards,

Deanna L. Ciotti
Special Services Coordinator-New Business Applications
Aqua Pennsylvania, Inc
700 W Sproul Rd
Springfield, PA 19064
O: 610.541.4160

Copying Prohibited

Exhibit "N"

Copying Prohibited

**Enterprises** Developers/Builders Inc.

Building with you in mind
255 East Woodland Avenue * Springfield Pa 19064
610 690 2901
Fax: 610 690 8006

January 24, 2022

Via E-Mail and regular mail
Andrew Hayman
Folcroft Borough Manager
1555 Elmwood Avenue
Folcroft, PA 19032

**Re: Folcroft Single Family Attached Dwellings**
**540-542 Folcroft Avenue**

Dear Mr. Hayman:

Please be advised that on October 5, 2021 the following was hand delivered
to Denise DiPasquale at the Borough Folcroft Municipal offices (See attached):

1.  Building Permit Application;
2.  2 sets of attached townhomes plan for construction of 4 townhomes;
    and
3.  Check for the Permit Fee.

To date I have not had a response from Folcroft Borough regarding the
Building Permit Application. This Application was not approved or denied as is
required by MPC.

Please provide the reason why this Application has not been approved. It
has been 3 months and 19 days since the Application was submitted.

Thank you for your attention to this matter.

D. Baravordeh
cc: Jim Byrne, Esquire
(w/attachments)



**Enterprises**  Developers/Builders Inc.

Building with you in mind
255 East Woodland Avenue * Springfield Pa 19064
610 690 2901
Fax: 610 690 8006

Received from DB Enterprises Developers/Builders the following for
L~t #4, 540-542 Folcroft Avenue, Folcroft, PA

1.  Building Permit Application;

2.  2 Sets of attached townhomes plan for construction of 4 townhomes.

3.  Check in the amount of $9,814.50 for the Permit Fee.

Signature Below:

Date: 10-5-2

Copying Prohibited

**Borough of Folcroft**



**DENISE DIPASQUALE**
RESIDENT SERVICES

**MUNICIPAL BUILDING**
1555 ELMWOOD AVENUE
FOLCROFT, PA 19032

OFFICE: (610) 522-1305
FAX: (610) 522-1114
ddipasquale@folcroftborough.org

RE: 540-542 Folcroft Avenue - Folcroft Single Family Attached Dwellings

From: Davoud Baravordeh (dbnewhomes@yahoo.com)

To: manager@folcroftborough.org

Cc: ⌐ rne@mbmlawoffice.com

Date: Monday, January 24, 2022, 12:19 PM EST

Please see attached.

*Sincerely,*

*D. Baravordeh*
*DB Enterprises, Developers, Builders, Inc.*

*Office: 610-690-2901*
*Direct: 610-476-2399*
*Fax:   610-690-8006*

*www.dbnewhomes.com*
"Building With You In Mind"

 ⌐ drew Hayman - 1-24-22.pdf
585.7kB

Copying Prohibited

Exhibit "O"

Copying Prohibited



# Borough of Folcroft

**1555 ELMWOOD AVENUE**
**FOLCROFT, PA 19032**

(610) 522-1305

Fax (610) 522-1114

February 2, 2022

Dear Mr. Baravordeh,

I am in receipt of your letter dated January 24, 2022. Please be advised that the borough can not issue any building permits until your land development plans have been approved by Delaware County. If and when that happens, kindly forward the approval to the borough.

Sincerely,

Brian Razzi BCO
BCO, Folcroft Borough

Copying Prohibited

**Enterprises**   Developers/Builders Inc.

Building with you in mind
255 East Woodland Avenue * Springfield Pa 19064
610 690 2901
Fax: 610 690 8006

June 14, 2021

Andrew Hayman
15. 3 Elmwood Avenue
Folcroft, PA  19032

**Re:  540-542 Folcroft Avenue**

Dear Mr. Hayman:

Attached is my signature that you have requested on the document created as a
result of the Resolution No. 2021-06.

Thank you.

*Sincerely,*

*D. Baravordeh*

Copying Prohibited

Exhibit "P"



Copying Prohibited



# DELAWARE COUNTY PLANNING DEPARTMENT

### 1055 E. Baltimore Pike – Suite 100
### Media, PA 19063
### Phone: (610) 891-5200
### Email: planning_department@co.delaware.pa.us

COUNCIL

DR. MONICA TAYLOR
CHAIRMAN

ELAINE PAUL SCHAEFER
VICE CHAIR

KEVIN M. MADDEN
CHRISTINE A. REUTHER
RICHARD R. WOMACK

April 6, 2022

Andrew N. Hayman, Borough Manager
Folcroft Borough
1555 Elmwood Avenue
Folcroft, PA 19032

RE:   Act 537 Review
     540-542 Folcroft Avenue
     Folcroft Borough
     DEP Code#1-23822-023-3J

Dear Mr. Hayman:

The Delaware County Planning Department (DCPD) has completed its review of the planning module for 540-542 Folcroft Avenue. The proposed plan calls for the reverse subdivision and subsequent subdivision of the properties into four lots, onto which two sets single-family semi-detached dwellings are to be constructed. The projected flow is 4 EDUs, or 1,070 gpd. Each dwelling will connect to the main in Folcroft Avenue via its own gravity sewer lateral. Flow from Folcroft Borough is conveyed to the Darby Creek Joint Authority (DCJA) and ultimately conveyed to the City of Philadelphia SW Treatment Plant for treatment and disposal. DCPD has no objection to the proposed method of wastewater disposal.

Enclosed is the completed DEP Component 4B County Planning Agency Review Form.

If you have any questions or require additional information, please do not hesitate to contact me at (610) 891-1910.

Sincerely,

Anne Stauffer
Senior Planner

Enclosure: (1) Completed DEP Review Form

FILED
09-08-2023 03:09 PM
OFFICE OF JUDICIAL SUPPORT
DELAWARE COUNTY, PA

Exhibit "B"



**FOLCROFT BOROUGH**
**DELAWARE COUNTY, PENNSYLVANIA**

**RESOLUTION NO. 2021-** *06*

**A RESOLUTION GRANTING PRELIMINARY/FINAL LAND DEVELOPMENT APPROVAL WITH CONDITIONS TO DB ENTERPRISES DEVELOPER-BUILDERS, INC., FOR THE SUBDIVISION OF TWO LOTS TOTALING 37,537 SQUARE FEET INTO FOUR LOTS AND THE DEVELOPMENT OF TWO SEMI-DETACHED SINGLE-FAMILY DWELLINGS (TWINS) THEREUPON AT THE PROPERTY LOCATED AT 540-542 FOLCROFT AVENUE, FOLCROFT, DELAWARE COUNTY, PENNSYLVANIA.**

**WHEREAS,** DB Enterprises Developer-Builders, Inc. (the "Applicant") filed an application with Folcroft Borough requesting approval with certain waivers (the "Land Development Application) for the subdivision of two lots totaling 37,537 square feet into four lots for the construction of two semi-detached single-family dwellings (twins) (the "Project); and

**WHEREAS**, the Applicant has submitted a land development plan in support of the Land Development Application entitled "Subdivision Plan of Property for DB Enterprises, Inc." prepared by G.D. Houtman & Sons, Inc., dated October 26, 2020, consisting of Sheets 1 to 4 of 4 (the "Plans"). The Plans are attached hereto as **Exhibit "A"** and incorporated herein by reference; and

**WHEREAS,** the Plans involve the property owned by the Applicant located at 540-542 Folcroft Avenue, Folcroft, PA 19032, Delaware County, Tax Parcel Number 20-00-00711-00; and

**WHEREAS,** The subject property located at 540-542 Folcroft Avenue is within the Folcroft Borough's R-1–Residential Zoning District and is currently vacant which the Applicant is proposing to subdivide the two lots totaling 37,537 square feet into four lots for the construction of two semi-detached single-family dwellings (twins) with attendant curbing, sidewalks, fencing, landscaping, stormwater structures, lighting and parking area improvements; and

**WHEREAS,** the Applicant has requested waivers from requirements set forth in the Delaware County Subdivision and Land Development Ordinance, more fully referenced in Paragraph 10 below; and

**WHEREAS**, the Borough Engineer has reviewed Applicant's Preliminary/Final Land Development Plans and has recommended their approval, subject to the conditions set forth in the review letter dated May 20, 2021, attached hereto as **Exhibit "B"**, and incorporated herein by reference; and

**WHEREAS**, The Delaware County Planning Department has reviewed Applicant's Preliminary/Final Land Development Plans and has recommended their approval, subject to the comments set forth in the review letter dated December 17, 2020, attached hereto as **Exhibit "C"** and incorporated herein by reference; and

**WHEREAS,** The Folcroft Borough Planning Commission has reviewed Applicant's Preliminary/Final Land Development Plans at its meeting held May 20, 2021 and has recommended their approval; and

1

**WHEREAS,** the Borough Council of Folcroft Borough has determined that based on the testimony of the Applicant and reviews of Borough Consultants, Applicant has satisfactorily established that Conditional Final Land Development Approval will not be contrary to the public interest.

**NOW, THEREFORE, BE IT RESOLVED,** by the Borough Council of Folcroft Borough that the Applicant's Preliminary/Final Land Development Plans are hereby granted Conditional Final Land Development Approval, subject to the satisfaction of the following conditions by the Applicant:

1.    Except as modified herein, Applicant shall comply with all other applicable Borough Ordinances, County, Commonwealth and Federal statutes, rules, and regulations, and obtain all applicable permits and approvals including but not limited to, obtaining the approval of the fire marshal, sewage connection permits, grading permits, building permits, obtaining the approval of FEMA, PennDOT highway occupancy permits, and PADEP permits.

2.    Applicant shall strictly comply with all applicable Americans With Disabilities Act accessibility standards as promulgated by the Department of Justice and the International Code Council, ANSI 117.1, for the construction of accessible facilities, including, but not limited, to handicapped parking spaces on the Property.

3.    Final Land Development approval is expressly conditioned upon the obligation of the Applicant's compliance with all conditions and comments set forth in the Borough Engineer's review letter attached hereto as **Exhibit "B".**

4.    Final Land Development approval is expressly conditioned upon the obligation of the Applicant's compliance will all conditions and comments set forth in the Delaware County Planning Department review letter dated December 17, 2020, attached hereto as **Exhibit "C".**

5.    Applicant shall enter into a Land Development and an Improvements Financial Security Agreement with the Borough to be prepared by the Borough Solicitor and executed prior to the start of construction.

6.    Applicant shall provide a blanket easement for all stormwater management facilities to provide ingress to and egress from a public right-of-way and shall provide utility easements for public sewer and water, domestic and fire, by Folcroft Borough and DELCORA.

7.    The Applicant shall enter into a Stormwater Management Facilities Agreement with the Borough for perpetual ownership and maintenance of proposed stormwater Best Management Practices, to be prepared by the Borough Solicitor and executed prior to the start of construction.

8.    The Applicant shall draft deed restriction language to the satisfaction of the Borough Solicitor to be placed on the recorded plans for subdivided lot number four ("Lot 4")

2

Copying Prohibited

which prohibits further subdivision and development of this lot. The Applicant shall record and index the same with the Delaware County Recorder of Deeds.

9.     Applicant shall include a note to the final recorded plan which indicates that new curb and sidewalk shall be installed along Folcroft Avenue along the entire Property frontage.

10.     Further, the Borough Council takes the following action as to the Applicant's request for waivers from the requirements of the Delaware County "Subdivision and Land Development" Ordinance as adopted by the Borough in the Folcroft Borough Code of Ordinances:

A. § 201.2: From the requirement to obtain preliminary plan approval prior to submitting plans for final approval. The proposed land development is being submitted for a combined preliminary/final plan approval.

☐   Granted        ☐   Denied

B. § 205.3(6): From the requirement to show all significant features within two hundred (200') feet of the site on the plan.

☐   Granted        ☐   Denied

11.     This Resolution will expire five (5) years from the date of this Resolution, unless extended in writing by the Borough.

12.     This Conditional Final Land Development Approval does not and shall not authorize the construction of improvements or buildings exceeding those shown on the Plans. Furthermore, this Conditional Final Land Development Approval shall be rescinded automatically upon the Applicant's or the Applicant's agent's failure to accept, in writing, all conditions herein imposed within ten (10) days of receipt of this Resolution, such acceptance to be evidenced by the Applicant's or the Applicant's agent's signature below.

13.     By approving this Resolution, the Applicant is signifying acceptance of the conditions contained herein.

Copying Prohibited

3

**DULY PRESENTED AND ADOPTED** by the Borough Council of Folcroft Borough, Delaware County, Pennsylvania, this 25th day of May, 2021.

Attest:                                                    **FOLCROFT BOROUGH COUNCIL**

_____                    By: _____
Andrew Hayman, Secretary                        Joseph Papaleo, President


    In the event that the executed Resolution is not delivered to the Borough within ten (10) days of receipt, it shall be deemed that the Applicant does not accept these conditions, and approvals conditioned upon its acceptance are revoked, and the application is considered denied for the reasons set forth above.

ACCEPTED BY:

**DB Enterprises Developer-Builders, Inc.**

By: _____
Name:
Date:

4

Copying Prohibited

Exhibit "C"





**db Enterprises**

Developers/Builders, Inc. – We build neighborhoods

255 East Woodland Avenue, Springfield, PA 19064; 610-690-2901; Direct: 610-476-2399

E-mail: dbnewhomes@yahoo.com

May 20, 2022

Dear Jim,

There are two packets attached, both the same:

1. Alex Baumler's email attachment regarding the resolution (this resolution was hand delivered to Folcroft Borough on June 14, 2021).

2. Catania's review letter that was complied with and submitted /hand delivered to the Borough.

3. Delaware County letter of Approval, hand delivered to the Borough.

4. An email from Gus Houtmann as the plan was changed, and information was added to the plan.

One package is for you, and the other package is for Alex Baumler. All the information was hand delivered to the borough.

Have a good weekend!

Sincerely,

Davoud Baravordeh

Copying Prohibited

Exhibit "D"



**New iMessage**     <u>Cancel</u>

To: Folcroft council J...

Joe it was nice talking with you my phone number is <u>610-476-2399</u> . You're welcome to contact my engineer who is working on that project he's name is Gus

Copy... Prohibited

  iMessage 

      

**New iMessage**     <u>Cancel</u>

To: Folcroft council J...

> ing on that project he's name is Gus Houtmann, phone number is <u>610-565-6363</u> . Thank you

· Read 8/24/20

Thank you so much!

Copyright prohibited

  iMessage 

      

FILED
10-02-2023 03:56 PM
OFFICE OF JUDICIAL SUPPORT
DELAWARE COUNTY, PA

Exhibit "E"



Copying Prohibited

# MEETING MINUTES

# FOLCROFT BOROUGH COUNCIL MEETING

# AUGUST 4, 2020

PRESIDENT – Joseph Papaleo: Called the Council Meeting to order at 7:00 PM

Mayor Frey took a moment to think of the people who are getting sick due to the virus. The pledge of allegiance was said.

Roll Call (Council President Papaleo, Councilman Kyle Willis, Councilwoman Leigh Daly, Councilman Nick Waters, Councilwoman Malinda Isaac, Councilman Jason McGuigan, Councilman Robert Ruskowski, Mayor Bob Frey, Solicitor Alex Baumler, Secretary/Manager Andrew Hayman)

**There was no audience Participation**

**Engineer's Report**

Engineer Lisa Catania mentioned that in her report, there was a DEP completeness review for the basin changes that need to be made (behind dollar general). She said that it is probably going to be another 30 days before there are any comments returned. There is progress for safestor revisions. Safestor requested to be added to the agenda in two weeks for their final approval. They received a review from FEMA (30 plus comments that needed to be addressed.) They are hoping to have answers for FEMA when this is completed. They expect to have done in the next two weeks. Formcraft sent something over for the municipal security agreement.

The road program did receive bids (6 bidders). The base bid, all priority work which excludes PECO work, including Ravenwood, Summit and work in the village. The low bid was $93,341. At the next meeting, we will ask for an award of that base bid. The alternate was to determine what must be budgeted for next year. Lisa said she has a meeting with Michele Garrity about where PECO stands when they meet with them. The final payment for AF Damon in the amount of over $2,000 has been requested. A resolution for the Borough project with sewer program has been completed.

Lisa would like to talk about the Primos avenue walkway. She said the Borough was involved with a lawsuit and there were some issues with the concrete that goes down to the Amtrak station. She got a price to do that work, which is under the $4,000 threshold. She said depending on budget we should get that work completed in case someone else falls in that area sooner than later. Lisa and Council President Papaleo asked Andrew Hayman to add this issue to the agenda so that it can be acted on in two weeks.

Lisa Catania said that there was a list, approximately 8 pages long, of things that need to be repaired. This included traffic signals and other issues. She suggested that the signals could be included in a singular package and have these repair at once, especially if grant funding becomes available for this. She said there was a "green light go" grant which would be enough to get the Borough new pedestrian signals, which makes the pedestrian signs be more interactive. We would get a phone call from Tom

Schaffer or Cory Brown letting us know this is available. The Delmar Drive area would be ideal for a project like this. She said a trail could also be part of this, as per Council President Papaleo's request. She said there is also a specific DCNR grant for trails. She said there is also a DCED grant. One is 25% match and one is 50% match. She said a $100 fee to apply for these may be required. She said this would need to be done sooner or later, preferably by the end of August. She offered to put something together if a Council Member had a specific suggestion. Council President Papaleo said that this might be something to take advantage of if the funding is available. Lisa explained the process for applying for this grant by giving Delmar Drive as an example of this work. She explained that this is something for what you see coming down the road for our municipality. Council President Papaleo suggested that interested members of Council should email him if they would like to participate.

Council President Papaleo said that there is a concrete triangle on Delmar Drive that is unseemly. Lisa said that this section of roadway is a PennDOT roadway. Lisa said that we must request this from PennDOT and that the Borough would be required to maintain this location. She said that this is being done in another municipality that she represents. She said it would be nice to put a landscaping bed there with a "welcome to Folcroft" sign. Council President Papaleo said it was essential that we put this in place.

## Public Finance & Administration - *Mr. Papaleo*

• Council President Papaleo discussed Borough employee policies related to attendance and social media, noting that we have neither a formal attendance or social media police. He said that we are in a situation where resources are finite. He said that there should be procedures or acceptable practices in place for PTO or time off usage. He noted that members were sent a policy put together previously. Solicitor Alex Baumler said this could be discussed in the meeting. Councilwoman Isaac asked if we have had employees abusing time as of late. Manager Andrew Hayman said while this may not necessarily have been a problem as of late, it would be good to stave off any concerns regarding these issues. Borough Manager Andrew Hayman explained what this process would be, noting that employees would be noted as late if they clocked in more than 5 minutes after report time. Council President Papaleo said this was probably something that should have been done a long time ago and it should be on the agenda for the next meeting. Solicitor Alex Baumler confirmed that a motion or resolution could be added to the next agenda. Councilwoman Isaac said that she has a process for seeking approval for PTO at her full-time job and that a manager must agree to it. Council President Papaleo said that he believed the Borough Manager should be in the position of approving PTO and that multiple occurrences should result in disciplinary action. He said this is how it works with most employers. He suggested working with our HR consultant to put this together.

Council President Papaleo discussed an anti-nepotism ordinance. He said Solicitor Alex Baumler had sent him a draft of an ordinance from a neighboring municipality from Norristown, Montgomery County. Council President Papaleo and Solicitor Alex Baumler discussed Norristown's status as a municipality. Solicitor Alex Baumler said that this ordinance is not a ban or prohibition on hiring the husband, wife or blood relative of Borough employees or elecreds. It would strictly be a prohibition on the banning of

hiring of those based on their relation to electeds or employees. No members of Council had any thoughts on this matter. Council President Papaleo said it would be on the agenda at the next meeting.

**Public Works Committee** - *Mr. Willis*

• Council President Papaleo discussed update with bulk trash pickup quotes. He said many businesses do not have the capacity to help us out for bids on this work. He said that this was something we would be looking into the process for correcting these issues.

**Public Safety Committee** - *Mr. Ruskowski*

• Councilman Ruskowski had no new business to report.

**Public Health and Literacy** - *Ms. Isaac*

• Councilwoman Isaac had no new business to report.

**Municipal Planning and Zoning** – *Mr. Waters*

• Councilman Waters suggested changing the name of Delmar Drive to President Obama drive. Council President Papaleo said he liked the idea and noted that there are several other streets named after Presidents, for example Garfield, Taylor and Grant. Councilmembers were unaware of the historical significance of "Delmar". Council President Papaleo said Folcroft is a diverse community and President Obama is our first black President. Councilman McGuigan asked if Council President Papleo  said it would depend on the situation. Councilman McGuigan said he would like Cricket Lane to be renamed Trump Drive. He said that these votes will happen at the same meeting. Councilwoman Isaac said the public should be able to participate in this.

Solicitor Alex Baumler said that the Borough must first give the Borough the authority to rename streets and then we could rename each individual street via ordinance. We would need to pas ordinances to amend this process or we could face legal trouble. Council President said that we have time on this issue and other priorities. Council President Papaleo asked how long an ordinance like this would take. Alex Baumler said that this would authorize Alex to draft and advertise a street ordinance for the August meeting and then it would be ready for the September meeting, at which point Council would pass the renaming of the street at the end of October or November.

**Public Parks and Recreation** – *Ms. Daly*

• Councilwoman Daly discussed obtaining a movie license for an outdoor movie and associated costs. Councilwoman Daly said that the cost was $325, putting the overall cost at over $1,000 for the movie. She suggested reaching out to local businesses like we do for community day and holding the event at the end of September. Council President Papaleo said that it has been oppressively hot and that the event should be moved to mid-late September. Alex Baumler said that you craft a motion for an outer cap on what you are approving with a caveat to acknowledge that this amount could come down. Councilwoman Daly said this would be a good idea in place of a community day. Council President

Papaleo said that we should do this consistently. Councilwoman Daly said that the Borough should purchase it's own screen and equipment if this is going to be a recurring event. Councilwoman Isaac said that we could purchase these items and that it would save the Borough money. Councilmembers discussed this process and getting pricing with IT professional Steve Giancristoforo. Councilwoman Daly believed this could cost lest that $1,000. Council President Papaleo was concerned that the Borough would acquire something that would be cheap and not last. Council President Papaleo noted that the Borough would need to acquire a license. Councilwoman Daly said that we could acquire a rolling license which would allow us to continue to play movies. Councilwoman Daly said this would only take a few days if we were going to do this long term. Councilwoman Daly described the process and said that she would look into getting a big screen and projectors. Councilwoman Daly said that 5 years ago the Swim Club spent $200 with a warranty on a new screen.

Councilwoman Daly said the arts and crafts program is coming to an end. She said this has been a huge success and that lots of photos are coming in from completed work. She and Jenna Willis are discussing doing this program again in the fall, especially if everyone is going to be stuck home due to the Pandemic, which is anticipated.

**Municipal Legislation** – *Mr. McGuigan*

- Councilman McGuigan had no new business.

**New Construction Committee** – Mr. McGuigan

- Council President Papaleo noted that he had received a document from Joe Rodo. Lisa Catania said that this was a resolution regarding the sewer program. Lisa Catania clarified that she was unaware of how this meeting was advertised. Alex Baumler said this was only a workshop. Alex Baumler said that the special ordinances have been drafted and completed on his end and that he is waiting on documents to return from the bank. He said that timing wise this will require seven days to advertise the ordinance. His hope is that next Thursday or Friday we can have our special meeting and if not, on August 18th.

Councilman McGuigan said that if we advertise we are only going to go four days before our special meeting, anyway. He didn't believe the cost of advertising was worth it for four days which would not change the scope of the project. Councilman

Solicitor's Report

Alex Baumler said we had received an RTK from the university of Penn seeking information about Miranda rights and other policy issues. He said it should be discussed given the events of the summer and the political climate. He said as always we would provide everything able but that we would deny things if they were unreasonable. He also discussed the appeals process for reference but reiterated that it would come up repeatedly. Councilman McGuigan said that there was no timeframe for when these documents must be from. Council President Papaleo suggested that we charge $1.00 per page and then asked if we could charge more for non residents. Solicitor Alex Baumler said this would be unconstitutional. Alex Baumler suggested that this was going to be a recurring issue and to charge the

Copying Prohibited

maximum if possible. Council President Papaleo asked that we reexamine the cost and then charge. Councilman McGuigan said that we could charge a fee for anything over 10 pages. Alex Baumler noted that it was not advisable to charge a fee for documents that are already stored digitally. Manager Anderw Hayman said that we were not currently charging but that we hadn't actually needed to scan any documents as of yet.

Councilman McGuigan and Willis asked who our RTK officer is. It was noted that we do not have a RTK officer currently. Council President Papaleo asked Borough Manager Andrew Hayman to fill in this position. Alex Baumler explained that this would need to be voted on at the next meeting. Council President Papaleo referred to Manager Andrew Hayman as the acting RTK officer.

Solicitor Alex Baumler went into more detail to discuss the parameter's of Penn Law's RTK request.

Finance Director's Report:

Joe Possenti said that either this month or next month the Borough will have to approve a $125,000 increase in our MMO. He said he was hoping the state could lower this amount from the State. This is our actuary's number. It must be approved for the budget in 2021 and that we are required by law to do it. Joe said that at 5% interest we would be paying $220,000 for annual payments for the building. He said $99,000 was wired in from Keystone. He said we are on a better footing than a lot of municipalities and without the courts open there isn't much that can be done. He was hoping that with permit money coming in from projects we may be alright. Joe Possenti said he would provide numbers in two weeks and that currently we are on point from last year.

He noted that the Democrats want to put in money in the next stimulus to give to states and municipalities but the Republicans didn't want to do that. He mentioned Philadelphia, which is over $600 million dollars in the hole. He asked if we could use some liquid fuels funds more liberally than previously. Lisa Catania said these funds can be used for various things like traffic signals, signs etc and equipment purchases but it must be used for roadway maintenance. She said that anything road related could be paid for with liquid fuels funds. Joe Possenti said he would work with the engineer to see how this money could be used but that we are "good with cash." He said that we would be aware in two weeks.

Councilman McGuigan said that with regard to state and local funding this money would go to the County but it would not go to the municipality. Councilman McGuigan said the County received $89 million in federal funds. Some of these funds went to local business but none went to municipalities to their knowledge as per Joe Possenti. Councilman McGuigan noted that the have a multi-hundred million dollar budget. Lisa Catania said the county had just received community development block grant funding for Grant and Delview sanitary sewer improvements. Lisa noted that someone from the Borough, not a consultant, either a member of Council or the Borough Manager must attend the meeting for this grant funding. She explained that these funds for the 2021 program would not be available until September. This is HUD money that is administered to various municipalities.

Borough Manager's Report

Andrew Hayman gave the Borough Manager's report, noting personelll hiring and that 274 applications have been received by the Borough for the open Highway positions.

Old Business

New Business

Council President Papaleo noted that there is a property for sale on Chester Pike near the Wawa and that this could be a hypothetical new location for our Highway department as there is some understanding the property cannot be sold. Council President Papaleo said he was interested in buying it. He also said he spoke to the owner of a property on Folcroft ave that could be the location for the highway department. He said they would need to go somewhere as things will be moving soon. He said Mark Possenti was slated to talk to the owner of the property. Council President Papaleo asked if we were in the financial position to purchase a plot of land. Joe Possenti said it would depend on the price of the land and the development cost. Alex Baumler said you would start looking into the process for us.

Council President Papaleo asked Andrew Hayman to call an executive session for August 18th at 6:00pm.

Andrew Hayman noted that Signal Services contract must be renewed for the year as we did not respond to a request from last year. Alex Baumler concurred noting that as this was a renewal of a contract it did not need to be put out to bid.

The meeting was adjourned at 8:24pm.

Copying Prohibited

Exhibit "F"



Copying Prohibited

# MEETING MINUTES

## FOLCROFT BOROUGH COUNCIL MEETING

### MAY 25, 2021

PRESIDENT – Joseph Papaleo: Called the Council Meeting to order at 7:00 PM.

Mayor Frey took a moment to think about those who've died as a result of COVID 19. Mayor Frey then led the pledge of allegiance.

Council President Papaleo mentioned that an executive session was held prior to the meeting.

Roll Call (Council President Papaleo, Councilman Kyle Willis, Councilwoman Leigh Daly, Councilman Nick Waters, Councilwoman Malinda Isaac, Councilman Jason McGuigan was absent, Councilman Robert Ruskowski was absent, Mayor Bob Frey, Solicitor Alex Baumler, Secretary/Manager Andrew Hayman) were present.

## Audience Participation

There was no audience participation. Council President Papaleo asked if there were any audience members present on the call.

## Consideration of the Application for Grant of Conditional Use by Vision Charter Academy

Solicitor Alex Baumler said that firstly a public hearing would be held to discuss Vision Charter Academy. Manager Hayman confirmed that court reporter Bridget Owen is present. Solicitor Alex Baumler explained the process and discussed how to open the meeting.

Councilman Willis made a motion to open Folcroft Borough Council Public Hearing 2021-01 for Vision Academy Charter School of Excellence for Conditional Use of the Property located at 1800 Delmar Drive. Councilwoman Isaac seconded the motion.

Solicitor Alex Baumler said that this is a public hearing and that an application set forth by vision academy was provided. Mr. Baumler said that the property is listed as a retail service district and that certain businesses are listed as use by right, meaning Council does not have to approve these uses, noting retail stores, banking, restaurants and others. Mr. Baumler said that Vision Charter Academy is proposing a charter educational facility within the district and that is not a use by right. Mr. Baumler said this qualifies as a use by conditional use, noting that other items like parking garages, arcades and others also fall into this category. Mr. Baumler said this would be a public meeting on the record to receive testimony and that a formal decision will not be made tonight and only evidence and testimony will be provided. Afterwards, a transcript will be provided by a court reporter and then councilmembers will have to issue a written opinion approving or denying that use within 45 days of the hearing.

Solicitor Alex Baumler said that firstly the Borough will enter several exhibits into the record virtually and then the items will be retained by Manager Hayman and listed as exhibits in his office. Mr. Baumler said exhibit "F1" is a copy of the advertisement and notice which Manager Hayman confirmed was run twice. A letter from Mr. Lienhauser was listed as "F2" and another letter withdrawing the applicants intent to accept special use from the zoning hearing board as "F3" a copy of the May 20th 2021 Meeting Minutes. These items will be marked as F1, F2, F3 and F4 etcetera.

Councilman Ruskowski joined the meeting.

Solicitor Alex Baumler explained that members of the public may seek party status, which would allow residents to ask questions of witnesses and participate as a full party to the court of common pleas. Mr. Baumler explained that to obtain party status one would have to notify the board of your intent and then live within the "zone of interest" defined as within 500 feet or with another specific interest and that this can be done at any time, though Mr. Baumler suggested this be done immediately. Mr. Baumler sought to find out if any members of the public were seeking party status – there were no responses. Solicitor Alex Baumler reiterated that this could be done until the evidence is completed. Solicitor Alex Baumler asked members and guests to speak clearly so as not to overwhelm the court reporter.

Mr. Brian Lienhauser, an attorney representing vision academy, said he proposed a charter school operate out of the facility previously used as a furniture store. Mr. Lienhauser said this is a conditional use and that he went before the Planning Commission last week and that there was no objection to the use from the commission. Mr. Lienhauser said the proposed use was a kindergartner through eighth grade public charter school. Mr. Lienhauser said that charter schools are public schools under the control of an independent board of trustees. Mr. Lienhauser said the school would be operated under normal school hours and there would not be lots of late evenings to disturb the community. He said there were concerns and considerations within the Borough's own ordinance already and that the upper portion of the shopping center has retail establishments in it but clarified that he was seeking the use of the lower portion of that establishment. He said this was also adjacent to some residential areas of the community so the school would not be interrupted by adjacent areas or the shopping center. Mr. Lienhauser then introduced "Ben" who would share his screen and show some images that had been developed and that he would then clarify some issues that might arise.

Ben Nicholson, an architect with JB Nicholson architechture in Yeadon said he had developed conceptual images for how a charter school could work at the site. Mr. Nicholson shared images of an incorporated, linear garage which separates the lower parking lot from the upper parking lot. Mr. Nicholson said that presently this location is used for warehousing of furniture for a store and said that the paved area would be used for parking and traffic for the school. Mr. Nicholson then showed images of the loading dock, roll-up doors and a door from the garage. Mr. Nicholson proposed opening the garage doors with new window system and introduce colors into it as well. Mr. Nicholson showed a bus queuing area and an area for a mural along the wall. Mr. Nicholson said a deck with trellis structures would bring plants to the site. Then, Mr. Nicholson said that the parking and traffic concerns would fit with the paved area and that a plan to have a classroom count was used to calculate how many parking

spots were needed. Mr. Nicholson then said that this was more than the minimum space needed and that two minimum handicapped spaces were required but that there would be four handicapped spaces for a total of 75 overall spaces. Mr. Nicholson said that the site plan provided shows all of this.

Mr. Lienhauser said that he wanted to address a few more matters before questioning. He said that the parking requirements for an elementary school, according to the Borough Ordinance, would be less than for a retail space and that the traffic flow would be less with a school – focused on the morning and evening depending on how many students stay for after-school care. Mr. Lienhauser estimated 30 to 40 employees as the elevate to full use. Mr. Lienhauser said the business hours in the shopping center were not contrary to the shopping center hours. Mr. Lienhauser said the conceptual drawing show there is plenty of room for buses to pick up and drop off students and said the parking area beings segregated from the rest of the center, it should not impede with that area. Mr. Lienhauser said the planning commission did as about entry and exit at the base of the shopping center and that he was asking for permission to develop the site as a school and that this problem would be addressed with the planning commission with final drawings of the site. He said you could anticipate that all meetings are still virtual and that there would eventually be some parent-teacher meetings at the school. Mr. Lienhauser said that he did not believe that this would bring criminal activity into the area and that the buffer of trees and creek would block sound. Mr. Lienhauser said this school is modeled on a successful school out of the William Penn school district. Lastly, Mr. Lienhauser said this would serve anywhere from 400 to 500 students on average but that this space is well suited to accommodate that many children and then asked for questions.

Council President Papaleo asked if this facility is a two story facility as he was not certain. Mr. Lienhauser confirmed that this was a one story facility and said he remember the old facility on this location. Council President Papaleo confirmed that this facility is a k through eight facility. Mr. Lienhauser said it would be but would not start as one, noting that students aged 6 to 14 would be on the facility. Mr. Lienhauser said there would be an inside facility for recess on the site and that he would want to improve the back or side of the building that could be used for recreational space. Council President Papaleo asked if this is adjacent to the creek, which Mr. Lienhauser confirmed it would be. Mr. Lienhauser said that a similar facility would have similar outlines. Council President Papaleo mentioned the idea of roof spaces noting he saw a football field on the roof of another building. Mr. Lienhauser said that the additional space could be considered.

Councilman Waters asked what type of security would be on the site. Mr. Lienhauser said that exterior cameras on the facility is commonplace and that there are programs through the federal government and the State which would provide security for inside and outside the building. Mr. Lienhauser said that he had utilized an "e rate" program to monitor the facility and said that the safety of the students would be paramount. He said that most clients he works with do not use metal detectors and mentioned an anecdotal situation that they are not effective.

Mayor Frey asked if there were any plans to keep students from walking into the shopping center. Mr. Lienhauser said this would be multifaceted – pickup and dropoff would be from the front door, students would have to be picked up by parents would not be allowed to walk except in some instances but that

teachers would have to facilitate exiting the property at the end of the day. Mr. Llenhauser said about 60 percent of the students participate in the aftercare program as many parents have to work. Mr. Lienhauser said that in these cases parents pick the students up.

Councilman Willis asked if there were multiple entrances and exits. Mr. Lienhauser said that he would have to comply with zoning and ordinances and said that the drawing was just an idea but that it was preliminary and not yet developed. Councilman Willis then asked how many students would be served by this school at full capacity. Mr. Lienhauser said that he anticipated two classes per grade for nine grades, each having 20 to 25 students not including extra services for special education students and estimated 350 to 450 students, partly based on school requirements for the amount of space needed per child. Mr. Lienhauser said that school hours would be for preschool care from 7:15am and that aftercare ends at 5:15pm. Mr. Lienhauser said there would be 25 evenings per year for parent-teacher nights. Mr. Adam then identified himself as Adam Kenz, one of the board members for the proposed charter school.

Council President Papaleo said he was concerned that the vehicle egress in and out of the facility is one of the major arterials in and out of town and that the other arterial has Delcroft Elementary School. Council President Papaleo said that most residents understand not to use School Lane during these hours and that this property is along Grant Road, which is where the property actually is. Council President Papaleo said he was not initially aware of where this school was actually proposed to be. Council President Papaleo said he was concerned about a bus lane to caravan children in and out of the school but that he still foresaw a pileup of cars in the mornings and evenings but that afternoons should be ok. Mr. Lienhauser said that if he were granted the use, one of the requirements would have to be a full traffic study of the impact on the facility. Mr. Lienhauser said that because most students are transported by bus, there isn't a lot of parent dropoff but said he understood the concern and wanted to do whatever he could to alleviate these concerns.Mr. Lienhauser said that he would redesign the property as needed to address any concerns and noted other examples where he had done this, previously. Mr. Lienhauser reiterated his commitment to alleviate the traffic problems for the community but could not promise there would not be any traffic problems whatsoever. Council President Papaleo said he did not want to see parents backed up onto Grant Road like is seen on School Lane.

Council President Papaleo said that the School District is governed by people from the community and asked what the governing apparatus would be for the charter school. Council President Papaleo asked if there could be guaranteed representation on the board of governors for the school. Mr. Lienhauser said that the charter school board already has Southeast Delco community residents and said he believed it is important tha the board of trustees represent the community but that the school be run by professional. Mr. Lienhauser said that Mr. Kenz is an experienced, charter school professional and that other members of he board who could not make it were members of the community. Mr. Lienhauser said this is not a for-profit entity. Mr. Lienhauser said there would always be members of the community represented on the board even though it is not required. Mr. Lienhauser said he grew up in Sharon Hill but does not live there now. Council President Papaleo asked if this board operates schools in other communities. Mr. Lienhauser said that under the charter school law they could not do this and while

there are charter schools with affiliations this school does not have that, though it is modeled after another school in the William Penn School District. Mr. Lienhauser said that this was a separate board but there were some members in common. Council President Papaleo said he was learning and asked several procedural questions about who these boards work, noting overlaps with the other charter school board. Council President Papaleo asked Mr. Kenz what his title is. Mr. Kenz said that there are two board members living in Folcroft. Mr. Kenz said that members of the board would be elected one at a time. Mr. Lienhauser said that Mr. Kenz is the president of the William Penn School but Dr. Mooring would be the president of this school.

Councilwoman Isaac asked about the charter school application process for students and asked where the students would be from. Mr. Lienhauser said this would be open to any student who applies from the southeast Delco school district and that the only criteria would be interest and that students would automatically be allowed in. Mr. Lienhauser said that if some seats are not filled, which he did not expect to be the case as there was much interest, some students from other districts could be admitted, noting that this would be done via a lottery system and a waiting list. Mr. Lienhauser explained that students who go to this school would not be going to the southeast delco school district and understand that this district has had financial difficulties and explained that charter school funding came from a portion of the money used to pay for students at the public school – that it would be diverted.

Solicitor Alex Baumler asked if any members of the public had any questions. Engineer Lisa Catania said that she had a question – asked about pre hours and after hours care and asked if hot lunches and breakfasts would be provided during these hours. Ms. Catania asked if there was a cafeteria in this facility with a kitchen area as this is important. Mr. Lienhauser said that his proposal or plan would have whatever students qualify for a hot lunch program fed from a kitchen-prep area and the prep area would be for food being delivered and then warmed for students. Mr. Lienhauser said there is a multipurpose space to be used by students during the lunch period. Ms. Catania asked if students would have the ability to leave school during the lunch time. Mr. Lienhauser said this would not be possible and that they would have to leave the facility at the end of the day, confirming that no students could leave the campus during the day at any time. Ms. Catania asked about signage like flashing signals and pedestrian crossings to keep the children safe. Mr. Lienhauser said that he would emplace all improvements needed to make sure the students are safe and also including staff being on site as a top priority. Mr. Lienhauser said that these improvements would also be to the benefit of traffic in the community and noted that this hearing should just be about whether it can be allowed.

Mr. Lienhauser thanked Council for their time and the questions.

Mr. Baumler said that Council had two options – one, to make a motion to close the hearing or to make a motion to continue the hearing but that based on the fact that all testimony and witnesses have been heard he suggested a motion to close the hearing. Mr. Baumler noted again that a decision would be made within 45 days.

Councilman Willis made a motion to close the hearing. Councilwoman Daly seconded the motion. The motion passed unanimously. Bridget Owens said she did not need anything else and left the meeting.

Mayor Frey said he had an appointment and needed to leave the meeting.

### Engineer's Report

Engineer Lisa Catania said that she believed Councilman Willis would talk about the new building. Ms. Catania said there were a few hiccups with the roads program, including a sanitary sewer matter. Mr. Catania said there was a sewer break in the village in the vicinity of work and that Delcora. She said a staff member had taken on the responsibility of speaking with contractors to get whatever is necessary completed prior to the milling and paving of this street. Ms. Catania said the schedule would have to be adjusted somewhat so that the schedule doesn't need to be completed. Councilwoman Daly said that the road had been dug up at the beginning of the day.

Ms. Catania said she had found that Delmar Drive was not on the list from Kehoe Construction and that the Borough hadn't received that as well. She said a cost estimate of $30,982 which would be a change order. She said that either the money could be provided from Kehoe or do the work. She said that as of 5:00pm today she had not heard from PECO about whether or not a contribution in lieu. Ms. Catania said that all of Delmar Drive being completed would cost about $90,000 and that the creek to Bennington was almost new and should not be done. She said that she recommended doing Bennington to School Lane if needed and that this is what she had advised PECO of. She said this would be a change order to Damon's contract and was unaware whether action should be taken on this work tonight, though AF Damon would not complete the work until the next meeting – that Delmar Drive would be the final street with roadwork, anyway.

Engineer Lisa Catania said DELCORA is working on the small sewer and water project and that they have the flow meter in hand. She said she is working under the municipal bidding process that DELCORA has done for these services so the Borough is in compliance with bidding requirements. She said that the contract work should have been completed and invoiced as it must be paid quickly to get the $30,000 in grant money by the end of June.

Shawn Payne said that he just received a phone call from Charles Frank and that the repair and Heather and Taylor Drive had been completed. Councilman Willis asked if there was anything important needed for the new Borough Hall as Ms. Catania needs to leave the meeting. Ms. Catania said that she was aware that Manager Hayman had been attempting to get the information required for the contract but that the solicitor might have more information. She said that once the information is provided she can issue a notice to proceed. She said she has not received any submittals and that all documents will go through Ms. Catania as Borough record, including of when it came in and went to each entity. Engineer Lisa Catania said she had contacted the girls club as there are materials in the old building that are going to be disposed of. Ms. Catania said she hoped to get a quick answer from FX construction soon so as not to have any issues completing the project. Councilman Willis confirmed that formal written communication was sent to the contractors with a "drop dead" deadline.

### Public Finance & Administration -  *Mr. Papaleo*

Copying Prohibited

- A motion to approve the bill list for the month of April, 2021 was made by Councilman Ruskowski and seconded by Councilman Waters. The motion passed unanimously.

- A motion to approve the Treasurer's report for the month of April, 2021 was made by Councilwoman Isaac and seconded by Councilman Waters. The motion passed unanimously.

- A motion to approve the April 6th, 2021 Workshop Meeting Minutes and April 20th, 2021 Council Meeting Minutes was made by Councilman Waters and seconded by Councilwoman Isaac. The motion passed unanimously.

## Public Works Committee - *Mr. Willis*

- Councilman Willis said that he had nothing to report in this section but he had an item for new business.

## Public Safety Committee - *Mr. Ruskowski*

- Councilman Ruskowski made a motion to approve the Police Chief's Report for the month of April, 2021. Councilwoman Isaac seconded the motion. The motion passed unanimously.

- Councilman Ruskowski made a motion to approve the Fire Chief's Report for the month of April, 2021. Councilwoman Daly seconded the motion. The motion passed unanimously.

- Councilman Ruskowski made a motion to approve the Fire Marshall's Report for the month of April, 2021. Councilwoman Isaac seconded the motion. The motion passed unanimously.

- Councilman Ruskowski made a motion to approve the sale of a used Police vehicle and the purchase of a new Police vehicle.

Councilwoman Daly asked to discuss this. Council President Papaleo said that the Police rented a vehicle to Delaware County for $12,000 of which $2,000 went in their sunshine fund and $10,000 went into the General Fund. Chief Bair said that $9,000 would be made by the sale of this vehicle for a total of $19,000. Chief Bair said the new vehicle would cost $33,000 for the new vehicle not counting lighting for $14,000 increased money for this vehicle. Chief Bair said this would be for a new vehicle. Councilman Willis asked if the new vehicle would be meant to replace the vehicle being sold and asked what the status of the vehicle being sold was, specifically whether or not it was in dire need of repair. Chief Bair said that the vehicle in question is a K9 vehicle, which was given to the Borough by a car dealership in 2013. Chief Bair said that using the $9,000 from the sale of the vehicle plus $10,000 from the other vehicle would be helpful in purchasing a specialty unit. Councilman Willis said he understood that money was moved around from other line items as it was slightly more than the $35,000 set aside for a new vehicle. Councilman Willis asked if this would be purchasing a new vehicle for the budget for next year and to forego the vehicle for next year. Council President Papaleo said he understood that at 40,000 miles there is still a respectable resale value and that some of the cost of the vehicle was already raised by the Police. Chief Bair confirmed that he saw this as an increase – and separate from next year's

vehicle. Councilman Willis said that in theory some of the additional, increased cost of the vehicle purchased earlier in the year could be covered by the funds raised by renting a Borough vehicle.

Councilman Willis said that he understood theoretically there was still a long lifespan for this vehicle if it is being sold and then asked why this vehicle is being sold right now. Councilman Willis said he wanted to make sure everything had been addressed by purchasing a new vehicle this year. Chief Bair said the vehicle that the Borough is selling is a Dodge Charger and the new vehicle would be a Dodge Ram so it would be easier to use for the K9 officer plus training and said that this would last longer than the Dodge Ram. Chief Bair said he was looking to get out of a vehicle that the Borough didn't need to pay for as it was gifted to the Department. Councilman Willis asked if this is the oldest vehicle. Chief Bair said the oldest vehicle is a 2009 Chevy Tahoe and a Ford Taurus. Chief Bair said the Tahoe is the Detective's vehicle. Chief Bair said he believed it may have previously been an old Chief's vehicle and been handed down.

Donna Stilwell asked when the newest vehicle was purchased and whether or not it was a truck. Chief Bair said it was in January and that it would be the same truck. Donna Stilwell said the total expenditure was $30,179. Councilman Willis confirmed that the Borough also purchased a $38,000 truck as well. Council President Papaleo asked if the decal on the side. Chief Bair said that it did not and that the increase is the two storage bins on the truck for items for the K9 officer. Donna Stilwell said that the Borough does have the money for a new purchase and that it would not put the Borough in a "bad way." Donna Stilwell said that if the Borough believed they were getting a better trade-in value the Borough could afford it in the budget, when asked by Council President Papaleo. Ms. Stilwell said there should be enough cash in the forecast to purchase the vehicle, barring some changes like the debt service which was originally not in the budget. Councilman Willis said he believed this was included. Ms. Stilwell said there was a $69,000 payment. Manager Hayman said he believed there was no draw down on that account so there shouldn't be any expenses associated with it. Manager Hayman asked if this was because there was a presumption that construction would start in September. Council President Papaleo said he would be upset if he found that the Borough was paying interest on a loan for a building that was not built yet. Councilman Willis said he believed that part of the funds in a specific line item were for debt service. Councilman Willis added that after conversations with Steve Giancristoforo and the architect, electronics and networking are not part of this bid so there is an additional expenditure. Councilman Willis said that there are other expenditures associated with the Borough Hall project not included in the budget that will not be factored in until next year but that some of them are predicated on what council would like and new technologies, some of which must be bid out. Council President Papaleo noted that the new building would have to be furnished. Ms. Stilwell said this $69,000 payment is on a semi-annual basis, so far as she understood. Ms. Stilwell said that there I significant payment due June 1st and another payment due December 1st. Manager Hayman said that the Borough closed on the loan at the end of December or early January and that this is now six months after the funds were released to the Borough. Council President Papaleo directed Manager Hayman to instruct the contractor that this lag time is hurting the Borough and that the project needs to get started.

Councilman Willis said that regarding the truck, he was hesitant to make the determination about the expense for the vehicle as he was not entirely certain where things would be for the year. Councilman

Willis said that if this was an earlier purchase for next year's vehicle purchase then he said that it would financially make sense. Chief Bair said he understood but that the Police did give the Borough one of their vehicles for code enforcement. Council President Papaleo said the point was taken and he understood this position. Councilwoman Isaac said she was hesitant because the mileage was low and with all of the new expenses with the new building that it could leave the Police without the technology the need for the new building and advised to push the purchase to next year. Council President Papaleo asked Donna Stilwell if this presented a budgetary crunch, to which Ms. Stilwell confirmed that it did not. Council President Papaleo said that he understood these expenses did not come into play until next year. Council President Papaleo solicited a motion for a sale of a used Police vehicle for the purchase of a new Police vehicle with the $9,000 raised from the sale and the $10,000 originally brought in by renting a different vehicle to be used to purchase a new vehicle.

Councilman Ruskowski said that there have been a lot of questions about mileage on the vehicle and that this is a K9 vehicle and only the K9 officer drives it. He said that having the vehicle donated from the dealership has a lot of wear and tear and that the $40,000 miles don't represent the full damage to the vehicle as it needed to be run for longer periods of time to keep the animal cool. Councilman Waters asked if this decision needed to be made today. Chief Bair said that the offer for $9,000 for the vehicle is time sensitive as this money was approved by another Borough Council. Council President Papaleo asked what more information was needed for Councilman Waters to be satisfied. Councilman Waters said he wanted to make sure that there was extra money to do the work. Council President Papaleo reiterated that this would not blow a hole in this year's budget. Councilman Willis said it would be useful to see if there was a mechanical checkup to see if the vehicle is in good shape and that he understood that 40,000 miles may not be representative of the quality of the vehicle. Councilman Willis said he would be more inclined if this were the vehicle for next year's budget. Councilwoman Daly said that the other issue is that this would mean two cars would need to be replaced in the same year in the future as this would mean the purchase of two new vehicles in the same year. Chief Bair said that his department wants to purchase a better K9 vehicle than what they have right now. A mechanic approved the deal for Lansdowne and for Folcroft as the vehicle is ready to use and it allows the Folcroft Police to get a better vehicle than they use currently. Chief Bair reiterated previous points about the vehicle idling and acknowledged that he wasn't aware whether or not sure whether multiple vehicles are needed as accidents do occur. Councilman Ruskowski said he believed the tag reader vehicle is a 2009 and Corporal White's vehicle is a 2011. Councilman Willis said that he wasn't suggesting that the Borough would not purchase a new vehicle next year, but that this was for budgeting matters. Councilman Willis said that if this is needed than he would be fine with it being the next vehicle used for 7 months from now, the 2022 year. Council President Papaleo asked what would happen with the additional funding needed next year. Councilman Willis said that the budgeting process isn't about pots of money for someone to use – money is issued where needed, but that is a budgeting discussion. Councilman Willis said there have been other matters that have been tabled and that these funds could go to those items.

Councilman Ruskowski made a motion to sell a used Police vehicle and the purchase of a new vehicle with a total of $14,000 from the general fund going to the new vehicle and the remaining balance being paid for by the sale of the used vehicle.  There was no second to the motion.

Council President Papaleo said he did not believe it was fair that if $35,000 was not utilized next year it would be unfair not to allow the full amount to be spent. Chief Bair said he had no suggestions and that he was just bringing this to Council. Councilman Ruskowski said he has seen this opportunity arise in the past when it was time sensitive and that he had also addressed this to prior Council Presidents and they went for the plan, but the financial situation then may have been different. Councilman Ruskowski said it would be a shame not to take this opportunity. Councilwoman Daly said she would second a motion to make the sale contingent on not purchasing a vehicle next year. Councilman Willis asked Solicitor Alex Baumler if this could be done to prevent a new line in the budget for 2022 that would exclude funds for a new vehicle. Councilman Ruskowski asked if it made financial sense to take advantage of this situation now and not to dismiss the ordering of a new vehicle, but perhaps later in the year instead of January. Councilman Waters asked if this could be used to take advantage of next year's vehicle. Councilman Willis said he trusted that this discussion could be had later on.

Councilman Ruskowski made a motion to purchase a new vehicle contingent upon the a used police vehicle to Lansdowne Borough with the excess funds used to cover the difference in the cost with the intent to discuss the potential purchase of a new vehicle in the calendar year 2022. Councilman Willis seconded the motion. The motion passed unanimously.

Chief Bair thanked Council for the decision and he understood where Council was coming from, financially, though he thought that the trade in value still works in the favor of the Borough.

<u>Public Health and Literacy</u> - *Ms. Isaac*

•      Councilwoman Isaac had no new business to discuss.

<u>Municipal Planning and Zoning</u> – *Mr. Waters*

Councilman Waters said there was a planning commission meeting on Thursday for three applicants. Borough of Folcroft LLC, Vision Charter Academy and a subdivision by DB enterprises at 540 and 542 Folcroft Avenue. Councilman Waters said that members suggested a few changes to the application for the new 7/11 on Hook Road relating to traffic, sidewalks and noise.

Solicitor Alex Baumler said that this came in late and that the Delaware County Planning Commission Review came in today and documents came in from Engineer Lisa Catania on Friday. He said this is the subdivision of two lots at 540 and 542 Folcroft Avenue and that there would be two, twin single-family homes developed on this plot. Solicitor Alex Baumler said this was a use permitted by right for these homes as the property is zoned R1. Solicitor Alex Baumler said that no waivers or zoning matters needed to be discussed. He said a waiver for the property was requested for approval tonight instead of the preliminary approval. There was also a waiver for not needing to put all features within 200 feet of the property required. Engineer Lisa Catania had approved these waivers, according to Solicitor Alex Baumler. Solicitor Alex Baumler said that all provisions would have to allow handicapped parking spaces and be ADA compliant. Also, there solicitor Baumler would come with a deed restriction because of the small acreage on this property and a second restriction would require the applicant to install sidewalk and curbing along the entire length of the property on Folcroft Avenue.

Councilwoman Daly asked if the properties would only be built on some of the property but the landowner would still own the remainder of the property. Solicitor Alex Baumler said that when subdivided, the owner would only own a quarter of an acre. Councilwoman Daly said that something like this had happened on another location previously. Solicitor Alex Baumler said that this would be entirely deeded to the new owner. Council President Papaleo asked if this would be four homes. Solicitor Alex Baumler said it would be two twin homes. Solicitor Alex Baumler elaborated and explained that it would just prevent the new owner from building a new home on the property without getting express permission to develop the site. Councilwoman Daly confirmed that lot 4 would own this property, which Solicitor Alex Baumler confirmed. Solicitor Alex Baumler said that going forward the Borough would ensure that all pieces of the property would be accounted for.

- Councilman Waters made a motion to approve the preliminary/final land development resolution plan for 540 & 542 Folcroft Ave for DB Enterprises. Councilwoman Isaac seconded the motion. The motion passed unanimously.

**Public Parks and Recreation** – *Ms. Daly*

- Councilwoman Daly said that Juneteenth is off the ground and running. An interactive screening of "The Wiz" with some black owned businesses and food trucks would be present. She said the Fords will be present to speak and a guest speaker from the Marian Anderson museum will be on hand to speak as well. Councilwoman Daly said that two donations had been received and more were expected. She said the summer crafts were up and running and that these crafts would be held at Montgomery Park but bagged crafts would be available as well for those who would like to social distance. Lastly, she said community day is being worked on.

Council President Papaleo gave a shoutout to Councilwoman Daly for putting Juneteenth together quickly along with Councilman Waters and that he is in perpetual awe of all the work being completed. Councilwoman Daly said some amazing residents are putting their hearts and souls into the project. She said she is lucky to have a strong committee.

**Municipal Legislation** – *Mr. Waters*

- Councilman Waters made a motion to approve Parking Permit ordinance 2021-01. Councilwoman Daly seconded the motion. Councilman Willis said that this was something discussed previously. The motion passed unanimously. Council President Papaleo said this is the first phase of funding driveway restoration in Folcroft and that this was a monumental goal and a step in the right direction.

**New Construction Committee** – Mr. Willis

- Councilman Willis said that there had been some delays and written notices were sent out regarding them. He said that he sat down with Steve Giancristoforo to start planning for setting up new technology like teleconferences and other networking. He said he discussed this with the architect who confirmed that these expenses were on the Borough and not the contractor, though it was just up to

putting conduits in boxes. He said he would also like to set up new technology for livestreaming meetings to provide access for the community going forward. He said that once he has more information he will come to Council with more information.

**Parking Permit and Paving Committee** – *Mr. Willis*

• Councilman Willis said that the parking permit portion of this step has been set up and done and will now be put into practice. He said the next big step, as it is more complicated, is the paving portion. Manager Hayman said that he did not receive the appraisal today as intended. Councilman Willis said that this was slightly more complicated than expected with the ranges and addresses, but once this is in hand the committee will move towards planning the paving portion.

Police Chief's Report

Chief Bair said that there was a large drug arrest from anti-crime and that about $12,000 was brought in but there is a bigger arrest coming in. Chief Bair said that the paving is in effect and that the Police are assisting, which is going well. Chief Bair thanked residents, the Police, Fire Departments and others in helping find the missing juvenile over the weekend and reiterated his thanks for consideration for a new truck. Council President Papaleo reminded Chief Bair that the expense was approved. Chief Bair said he understood this and thanked council.

Solicitor's Report

Mr. Baumler had nothing independent to report.

Finance Director's Report

Ms. Stilwell said that she emailed a list for the audit to Manager Hayman and Council President Papaleo. She said that the budget that the Borough has is a summary budget and that it would be helpful to know if anyone has any of the detail behind the budget. She asked if Councilman Willis had the detail behind the budget. Council President Papaleo said that members estimated that for every $1,000,000 of the loan there would be approximately $70,000 annually in debt service. Councilman Willis said that there was a schedule for amortization when the budget was put together but that it may not be entirely detailed as this budget was not put together by professionals. Councilman Willis reiterated that this expense was already in the budget. Ms. Stilwell said the entire amount under capital expenditures was lower than anticipated. Councilman Willis and Council President Papaleo said that they expected that some of the principal would paid down and that they had anticipated a higher number originally. Ms. Stilwell said that this number has been added into the projection and reiterated that it was very important to get the 2018 and 2019 audits need to be completed. Council President Papaleo asked what he could do to help further the process. Manager Hayman said the majority of everything needed was related to tax collection reports and that Ms. Kelly was actively working on it. Manager Hayman said that he was unaware of how to obtain a PEMA payoff certification. Ms. Stilwell said that a copy of the vehicle title may suffice for this purpose. Manager Hayman said that he understood some of the tax collection information had to be recreated. Ms. Stilwell explained that the firetruck was paid off in 2018

and that proof of this was needed. Council President Papaleo asked if the lender could provide a payoff letter and then directed Manager Hayman to get a payoff letter from the lender from 2018. Ms. Stilwell logged off.

Borough Manager's Report

Manager Hayman said that for the month of April 196 Code Enforcement violation fines were issued, mostly for grass and trash. Manager Hayman said that the number of tickets issued for May so far are low but 60 fines were issued this week alone and asked residents to contact the Borough for tickets.

Manager Hayman said that the grass around the playground was sprayed with chemicals and that it would take 10 days for the grass to die. In two weeks, mulch would be delivered and spread around this area after the vapor barrier is installed. Mr. Hayman said that Jakes Tree Service had done tree work around the entranceway to Montgomery Park which looks nice. Mr. Hayman said that Shawn Payne had retained some stone for making gardens at the "falls" property around the entrance to the Borough. Manager Hayman said that he intended to begin street sweeping in April but due to the highly irregular schedule that repaving would cause it looked like street sweeping would not begin until mid to late June. Once matters that were discussed in the executive session were resolved, this would begin. Council President Papaleo said he had received a comment from a resident in old Folcroft wondering why street sweeping was not ongoing even though their streets were not worked on. Manager Hayman said that there were concerns about how the roadwork would affect the schedule and due to unrelated matters there was also somewhat of a manpower shortage and that street sweeping could be delayed until July, potentially. Manager Hayman said he would like to target bringing bulk trash in-house in the Fall. Manager Hayman said that the food giveaways have concluded and that they were a success. Mr. Hayman also said that the vaccine clinics have been successful and that many residents, including a Councilmember had received a dose of the COVID 19 vaccine. Mr. Hayman said that more events should be held.

According to Mr. Hayman, 627 Borough residents have tested positive for COVID 19 and 6 residents have passed away in total. Prompted by Council President Papaleo, Manager Hayman said that he thought he was seeing a slight decrease in overall positive tests for the Borough and that Folcroft is still slightly behind the state average for COVID 19. Council President Papaleo said that he did not think the virus would disappear but with a vaccine it should not be fatal. Council President Papaleo said he thought that this was here to stay and would not go away. Manager Hayman said that these monthly reports are only a snapshot and it's hard to say if they're representative on what is going on and noted that there was a small spike after the winter spike and that this report may capture some of that. Manager Hayman said that there were something like only 30 positive tests in Delaware County yesterday and that if this trend continues perhaps only a dozen Borough residents would test positive by the following meeting.

There was no old business.

New Business

Councilman Willis made a motion to hire Hunter Frank according to the terms of the collective bargaining agreement. Councilwoman Daly seconded the motion. The motion passed unanimously.

Council President Papaleo congratulated Mr. Frank on joining on as Borough Staff.

Councilman Ruskowski made a motion to ratify the contract with Borough Manager Andrew Hayman for Management services through January, 2022. Councilman Waters seconded the motion. The motion passed unanimously.

Council President Papaleo congratulated Manager Hayman. Manager Hayman thanked Borough Council.

Solicitor Alex Baumler asked if members wanted to discuss the mechanics of returning to in-person meetings. Council President Papaleo asked what members thought. Councilwoman Isaac said she would like to start in July as by then all members will have been vaccinated. Councilman Willis said he would like to second that for a very different reason. Councilman Willis said he believed the expectation has been set that residents can attend virtually and said that it would take time to obtain the equipment to purchase and emplace for residents to use and said that one positive from the pandemic has been the transparency created by recording meetings. Councilman Willis said that waiting until July would give him enough time to get this equipment. Mr. Baumler noted that Governor Wolf extended the emergency declaration into September and that once this expires Council will have to meet in person. He said that kicking the can down the road until July will allow the equipment to be purchased. Council President Papaleo said he thought that Councilwoman Isaac's justification was perfect. Councilwoman Daly asked if mask wearing would be mandated for all those in attendance, including those who aren't vaccinated. Mr. Baumler said that technically all restrictions except mask mandates will be lifted after Memorial Day. Mr. Baumler said that technically this means that unvaccinated people will still have to wear masks but fully vaccinated people will still need to wear masks but that this would just be a policy choice. Mr. Baumler said that without this mandate the Borough cannot force people to wear masks. Councilwoman Daly said she was concerned that some attendee might claim to be vaccinated when they are not actually vaccinated and noted specifically that she had contracted COVID 19 and did not want this again.

Councilman Waters made a motion to return to live, in person meetings in July with a mask mandate in place. Councilwoman Isaac seconded the motion. The motion passed unanimously.

Manager Hayman also wanted to discuss the June 1st Council meeting. Council President Papaleo asked if it was worth cancelling this meeting as Ms. Catania said something important might come up . Council President Papaleo said that by June 15th it would be too late to implement. Solicitor Alex Baumler said his belief was that a meeting in 5 business days might be redundant. Council President Papaleo said he had forgotten the June is 5 days away. Solicitor Baumler said that any important decisions could be done via vote by phone.

Councilwoman Daly made a motion to cancel the June 1st 2021 meeting. Councilman Waters seconded the motion. The motion passed unanimously.

Councilwoman Daly made a motion to adjourn at 9:52PM. Councilwoman Isaac seconded the motion. The motion passed unanimously.

Copying Prohibited

Exhibit "G"

Copying Prohibited

FOLCROFT BOROUGH CODE ENFORCEMENT ORDINANCE VIOLATION

Row 1: 11337 — 11338 — 11339 — 11336 — 11350 — 11341 — 11327 —

Row 2: 11797 — 11300 — 11299 — 11254 — 11281 — 11824 — 13782

Row 3: 12163 — 12157 — 12156 — 11823 — 11801 — 11802 — 11390

Row 4: 11389 — 11373 — 11372 — 11364 — 11365 — 11906 — 11905

Row 5: 12233 — 11132 — 11031 — 11030 — 11077 — 11078 — 11143

FAILURE TO PAY THIS CITATION AND FIX CONDITION WITHIN 48 HOURS WILL RESULT IN PROSECUTION AND/OR OTHER PENALTIES

Copying Prohibited



---

**FOLCROFT BOROUGH CODE ENFORCEMENT ORDINANCE VIOLATION** 11866

DATE 9/1/?? TIME 12:4p
LOCATION 549 Folcroft
OWNER Kw

- ☒ GRASS/WEEDS OVER 6 INCHES — $25.00
- ☐ SNOW/ICE MUST BE REMOVED FROM SIDEWALK WITHIN 24 HOURS — $25.00
- ☐ DISCARDED OR JUNK APPLIANCE/BUILDING MATERIAL OR OTHER — $50.00
- ☐ LEAVES/GRASS MAY NOT BE DISCHARGED INTO PUBLIC STREET — $25.00
- ☐ BROKEN/UNEVEN/CRACKED SIDEWALK — $25.00
- ☐ SIGNS NOT PERMITTED — $25.00
- ☐ TRASH LITTERING REAR AND FRONT OF PROPERTY — $50.00
- ☐ FAILURE TO RECYCLE — $25.00
- ☐ VEHICLES PARKED ON GRASS OR UNPAVED SURFACES — $25.00
- ☐ ANIMAL FECES NOT REMOVED — $25.00
- ☐ OTHER — $50.00

COMMENTS

*FAILURE TO PAY THIS CITATION AND FIX CONDITION WITHIN 48 HOURS WILL RESULT IN PROSECUTION AND/OR OTHER PENALTIES*

---

**FOLCROFT BOROUGH CODE ENFORCEMENT ORDINANCE VIOLATION** 11828

DATE 9-01-22 TIME
LOCATION 542 Folcroft
OFFICER BW

- ☒ GRASS/WEEDS OVER 6 INCHES — $25.00
- ☐ SNOW/ICE MUST BE REMOVED FROM SIDEWALK WITHIN 24 HOURS — $25.00
- ☐ DISCARDED OR JUNK APPLIANCE/BUILDING MATERIAL OR OTHER — $50.00
- ☐ LEAVES/GRASS MAY NOT BE DISCHARGED INTO PUBLIC STREET — $25.00
- ☐ BROKEN/UNEVEN/CRACKED SIDEWALK — $25.00
- ☐ SIGNS NOT PERMITTED — $25.00
- ☐ TRASH LITTERING REAR AND FRONT OF PROPERTY — $50.00
- ☐ FAILURE TO RECYCLE — $25.00
- ☐ VEHICLES PARKED ON GRASS OR UNPAVED SURFACES — $25.00
- ☐ ANIMAL FECES NOT REMOVED — $25.00
- ☐ OTHER

COMMENTS

*FAILURE TO PAY THIS CITATION AND FIX CONDITION WITHIN 48 HOURS WILL RESULT IN PROSECUTION AND/OR OTHER PENALTIES*

---

**FOLCROFT BOROUGH CODE ENFORCEMENT ORDINANCE VIOLATION** 11565

DATE 9-15-01 TIME 1615a
LOCATION 840 Folcroft
OWNER BW

- ☒ GRASS/WEEDS OVER 6 INCHES — $25.00
- ☐ SNOW/ICE MUST BE REMOVED FROM SIDEWALK WITHIN 24 HOURS — $25.00
- ☐ DISCARDED OR JUNK APPLIANCE/BUILDING MATERIAL OR OTHER — $50.00
- ☐ LEAVES/GRASS MAY NOT BE DISCHARGED INTO PUBLIC STREET — $25.00
- ☐ BROKEN/UNEVEN/CRACKED SIDEWALK — $25.00
- ☐ SIGNS NOT PERMITTED — $25.00
- ☐ TRASH LITTERING REAR AND FRONT OF PROPERTY — $50.00
- ☐ FAILURE TO RECYCLE — $25.00
- ☐ VEHICLES PARKED ON GRASS OR UNPAVED SURFACES — $25.00
- ☐ ANIMAL FECES NOT REMOVED — $25.00
- ☐ OTHER

COMMENTS

*FAILURE TO PAY THIS CITATION AND FIX CONDITION WITHIN 48 HOURS WILL RESULT IN PROSECUTION AND/OR OTHER PENALTIES*

---

**FOLCROFT BOROUGH CODE ENFORCEMENT ORDINANCE VIOLATION** 11566

DATE 9-15-01 TIME
LOCATION 840 Folcroft
OWNER BW

- ☒ GRASS/WEEDS OVER 6 INCHES — $25.00
- ☐ SNOW/ICE MUST BE REMOVED FROM SIDEWALK WITHIN 24 HOURS — $25.00
- ☐ DISCARDED OR JUNK APPLIANCE/BUILDING MATERIAL OR OTHER — $50.00
- ☐ LEAVES/GRASS MAY NOT BE DISCHARGED INTO PUBLIC STREET — $25.00
- ☐ BROKEN/UNEVEN/CRACKED SIDEWALK — $25.00
- ☐ SIGNS NOT PERMITTED — $25.00
- ☐ TRASH LITTERING REAR AND FRONT OF PROPERTY — $50.00
- ☐ FAILURE TO RECYCLE — $25.00
- ☐ VEHICLES PARKED ON GRASS OR UNPAVED SURFACES — $25.00
- ☐ ANIMAL FECES NOT REMOVED — $25.00
- ☐ OTHER

COMMENTS

*FAILURE TO PAY THIS CITATION AND FIX CONDITION WITHIN 48 HOURS WILL RESULT IN PROSECUTION AND/OR OTHER PENALTIES*

---

**FOLCROFT BOROUGH CODE ENFORCEMENT ORDINANCE VIOLATION** 11557

DATE 9-16-22 TIME 11:09a
LOCATION 542 Folcroft
OFFICER BW

- ☒ GRASS/WEEDS OVER 6 INCHES — $25.00
- ☐ SNOW/ICE MUST BE REMOVED FROM SIDEWALK WITHIN 24 HOURS — $25.00
- ☐ DISCARDED OR JUNK APPLIANCE/BUILDING MATERIAL OR OTHER — $50.00
- ☐ LEAVES/GRASS MAY NOT BE DISCHARGED INTO PUBLIC STREET — $25.00
- ☐ BROKEN/UNEVEN/CRACKED SIDEWALK — $25.00
- ☐ SIGNS NOT PERMITTED — $25.00
- ☐ TRASH LITTERING REAR AND FRONT OF PROPERTY — $50.00
- ☐ FAILURE TO RECYCLE — $25.00
- ☐ VEHICLES PARKED ON GRASS OR UNPAVED SURFACES — $25.00
- ☐ ANIMAL FECES NOT REMOVED — $25.00
- ☐ OTHER — $50.00

COMMENTS

*FAILURE TO PAY THIS CITATION AND FIX CONDITION WITHIN 48 HOURS WILL RESULT IN PROSECUTION AND/OR OTHER PENALTIES*

---

**FOLCROFT BOROUGH CODE ENFORCEMENT ORDINANCE VIOLATION** 11556

DATE 9-16-22 TIME 11:09a
LOCATION 544 Folcroft
OFFICER BW

- ☒ GRASS/WEEDS OVER 6 INCHES — $25.00
- ☐ SNOW/ICE MUST BE REMOVED FROM SIDEWALK WITHIN 24 HOURS — $25.00
- ☐ DISCARDED OR JUNK APPLIANCE/BUILDING MATERIAL OR OTHER — $50.00
- ☐ LEAVES/GRASS MAY NOT BE DISCHARGED INTO PUBLIC STREET — $25.00
- ☐ BROKEN/UNEVEN/CRACKED SIDEWALK — $25.00
- ☐ SIGNS NOT PERMITTED — $25.00
- ☐ TRASH LITTERING REAR AND FRONT OF PROPERTY — $50.00
- ☐ FAILURE TO RECYCLE — $25.00
- ☐ VEHICLES PARKED ON GRASS OR UNPAVED SURFACES — $25.00
- ☐ ANIMAL FECES NOT REMOVED — $25.00
- ☐ OTHER — $50.00

COMMENTS

*FAILURE TO PAY THIS CITATION AND FIX CONDITION WITHIN 48 HOURS WILL RESULT IN PROSECUTION AND/OR OTHER PENALTIES*

---

**FOLCROFT BOROUGH CODE ENFORCEMENT ORDINANCE VIOLATION** 11959

DATE 10/5/22 TIME 1:37p
LOCATION 840 Folcroft
OFFICER BW

- ☒ GRASS/WEEDS OVER 6 INCHES — $25.00
- ☐ SNOW/ICE MUST BE REMOVED FROM SIDEWALK WITHIN 24 HOURS — $25.00
- ☐ DISCARDED OR JUNK APPLIANCE/BUILDING MATERIAL OR OTHER — $50.00
- ☐ LEAVES/GRASS MAY NOT BE DISCHARGED INTO PUBLIC STREET — $25.00
- ☐ BROKEN/UNEVEN/CRACKED SIDEWALK — $25.00
- ☐ SIGNS NOT PERMITTED — $25.00
- ☐ TRASH LITTERING REAR AND FRONT OF PROPERTY — $50.00
- ☐ FAILURE TO RECYCLE — $25.00
- ☐ VEHICLES PARKED ON GRASS OR UNPAVED SURFACES — $25.00
- ☐ ANIMAL FECES NOT REMOVED — $25.00
- ☐ OTHER — $50.00

COMMENTS

*FAILURE TO PAY THIS CITATION AND FIX CONDITION WITHIN 48 HOURS WILL RESULT IN PROSECUTION AND/OR OTHER PENALTIES*

---

**FOLCROFT BOROUGH CODE ENFORCEMENT ORDINANCE VIOLATION** 11958

DATE 10/5/22 TIME 1:37p
LOCATION 842 Folcroft
OWNER BW

- ☒ GRASS/WEEDS OVER 6 INCHES — $25.00
- ☐ SNOW/ICE MUST BE REMOVED FROM SIDEWALK WITHIN 24 HOURS — $25.00
- ☐ DISCARDED OR JUNK APPLIANCE/BUILDING MATERIAL OR OTHER — $50.00
- ☐ LEAVES/GRASS MAY NOT BE DISCHARGED INTO PUBLIC STREET — $25.00
- ☐ BROKEN/UNEVEN/CRACKED SIDEWALK — $25.00
- ☐ SIGNS NOT PERMITTED — $25.00
- ☐ TRASH LITTERING REAR AND FRONT OF PROPERTY — $50.00
- ☐ FAILURE TO RECYCLE — $25.00
- ☐ VEHICLES PARKED ON GRASS OR UNPAVED SURFACES — $25.00
- ☐ ANIMAL FECES NOT REMOVED — $25.00
- ☐ OTHER — $50.00

COMMENTS

*FAILURE TO PAY THIS CITATION AND FIX CONDITION WITHIN 48 HOURS WILL RESULT IN PROSECUTION AND/OR OTHER PENALTIES*

---

**FOLCROFT BOROUGH CODE ENFORCEMENT ORDINANCE VIOLATION** 11865

DATE 9-25-22 TIME 12:43p
LOCATION 840 Folcroft
OFFICER BW

- ☒ GRASS/WEEDS OVER 6 INCHES — $25.00
- ☐ SNOW/ICE MUST BE REMOVED FROM SIDEWALK WITHIN 24 HOURS — $25.00
- ☐ DISCARDED OR JUNK APPLIANCE/BUILDING MATERIAL OR OTHER — $50.00
- ☐ LEAVES/GRASS MAY NOT BE DISCHARGED INTO PUBLIC STREET — $25.00
- ☐ BROKEN/UNEVEN/CRACKED SIDEWALK — $25.00
- ☐ SIGNS NOT PERMITTED — $25.00
- ☐ TRASH LITTERING REAR AND FRONT OF PROPERTY — $50.00
- ☐ FAILURE TO RECYCLE — $25.00
- ☐ VEHICLES PARKED ON GRASS OR UNPAVED SURFACES — $25.00
- ☐ ANIMAL FECES NOT REMOVED — $25.00
- ☐ OTHER — $50.00

COMMENTS

*FAILURE TO PAY THIS CITATION AND FIX CONDITION WITHIN 48 HOURS WILL RESULT IN PROSECUTION AND/OR OTHER PENALTIES*

---

**FOLCROFT BOROUGH CODE ENFORCEMENT ORDINANCE VIOLATION** 11892

DATE 9/30/22 TIME 1:37p
LOCATION 542 Folcroft
OFFICER BW

- ☒ GRASS/WEEDS OVER 6 INCHES — $25.00
- ☐ SNOW/ICE MUST BE REMOVED FROM SIDEWALK WITHIN 24 HOURS — $25.00
- ☐ DISCARDED OR JUNK APPLIANCE/BUILDING MATERIAL OR OTHER — $50.00
- ☐ LEAVES/GRASS MAY NOT BE DISCHARGED INTO PUBLIC STREET — $25.00
- ☐ BROKEN/UNEVEN/CRACKED SIDEWALK — $25.00
- ☐ SIGNS NOT PERMITTED — $25.00
- ☐ TRASH LITTERING REAR AND FRONT OF PROPERTY — $50.00
- ☐ FAILURE TO RECYCLE — $25.00
- ☐ VEHICLES PARKED ON GRASS OR UNPAVED SURFACES — $25.00
- ☐ ANIMAL FECES NOT REMOVED — $25.00
- ☐ OTHER

COMMENTS

*FAILURE TO PAY THIS CITATION AND FIX CONDITION WITHIN 48 HOURS WILL RESULT IN PROSECUTION AND/OR OTHER PENALTIES*

---

**FOLCROFT BOROUGH CODE ENFORCEMENT ORDINANCE VIOLATION** 11973

DATE 10/11/22 TIME 4:33p
LOCATION 540 Folcroft
OFFICER BW

- ☒ GRASS/WEEDS OVER 6 INCHES — $25.00
- ☐ SNOW/ICE MUST BE REMOVED FROM SIDEWALK WITHIN 24 HOURS — $25.00
- ☐ DISCARDED OR JUNK APPLIANCE/BUILDING MATERIAL OR OTHER — $50.00
- ☐ LEAVES/GRASS MAY NOT BE DISCHARGED INTO PUBLIC STREET — $25.00
- ☐ BROKEN/UNEVEN/CRACKED SIDEWALK — $25.00
- ☐ SIGNS NOT PERMITTED — $25.00
- ☐ TRASH LITTERING REAR AND FRONT OF PROPERTY — $50.00
- ☐ FAILURE TO RECYCLE — $25.00
- ☐ VEHICLES PARKED ON GRASS OR UNPAVED SURFACES — $25.00
- ☐ ANIMAL FECES NOT REMOVED — $25.00
- ☐ OTHER — $50.00

COMMENTS

*FAILURE TO PAY THIS CITATION AND FIX CONDITION WITHIN 48 HOURS WILL RESULT IN PROSECUTION AND/OR OTHER PENALTIES*

---

**FOLCROFT BOROUGH CODE ENFORCEMENT ORDINANCE VIOLATION** 11972

DATE 10/11/22 TIME 4:33p
LOCATION 542 Folcroft
OFFICER BW

- ☒ GRASS/WEEDS OVER 6 INCHES — $25.00
- ☐ SNOW/ICE MUST BE REMOVED FROM SIDEWALK WITHIN 24 HOURS — $25.00
- ☐ DISCARDED OR JUNK APPLIANCE/BUILDING MATERIAL OR OTHER — $50.00
- ☐ LEAVES/GRASS MAY NOT BE DISCHARGED INTO PUBLIC STREET — $25.00
- ☐ BROKEN/UNEVEN/CRACKED SIDEWALK — $25.00
- ☐ SIGNS NOT PERMITTED — $25.00
- ☐ TRASH LITTERING REAR AND FRONT OF PROPERTY — $50.00
- ☐ FAILURE TO RECYCLE — $25.00
- ☐ VEHICLES PARKED ON GRASS OR UNPAVED SURFACES — $25.00
- ☐ ANIMAL FECES NOT REMOVED — $25.00
- ☐ OTHER — $50.00

COMMENTS

*FAILURE TO PAY THIS CITATION AND FIX CONDITION WITHIN 48 HOURS WILL RESULT IN PROSECUTION AND/OR OTHER PENALTIES*

_____

_____

_____ ADDRESS

_____ SIGNED

## FOLCROFT BOROUGH
## CODE ENFORCEMENT
## ORDINANCE VIOLATION

11829

DATE _9-26-22_ TIME _____

LOCATION _540 Folcroft_ _____

OFFICER _____RSW_____

☒ GRASS/WEEDS OVER 6 INCHES ............... $25.00

☐ SNOW/ICE MUST BE REMOVED
   FROM SIDEWALK WITHIN 24 HOURS ....... $25.00

☐ DISCARDED OR JUNK APPLIANCE/BUILDING
   MATERIAL OR OTHER ............................... $50.00

☐ LEAVES/GRASS MAY NOT BE DISCHARGED
   INTO PUBLIC STREET ............................... $25.00

☐ BROKEN/UNEVEN/CRACKED SIDEWALK .. $25.00

☐ SIGN(S) NOT PERMITTED ......................... $25.00

☐ TRASH LITTERING REAR AND FRONT
   OF PROPERTY ...................................... $50.00

☐ FAILURE TO RECYCLE ............................. $25.00

☐ VEHICLES PARKED ON GRASS OR
   UNPAVED SURFACES ............................... $25.00

☐ ANIMAL FECES NOT REMOVED ................. $25.00

☐ OTHER_____$50.00

COMMENTS _____

## FAILURE TO PAY THIS CITATION AND
## FIX CONDITION WITHIN 48 HOURS
## WILL RESULT IN PROSECUTION
## AND/OR OTHER PENALTIES

Copying Prohibited



Copying Prohibited

Exhibit "H"



BOROUGH OF FOLCROFT

DELAWARE COUNTY, PENNSYLVANIA

ORDINANCE No. 2022-05

AN ORDINANCE OF THE BOROUGH OF FOLCROFT, DELAWARE COUNTY, PENNSYLVANIA AMENDING THE FOLCROFT BOROUGH CODE OF ORDINANCES TO ENACT A CHAPTER 235 "BRUSH, GRASS, AND WEEDS" TO PROVIDE FOR THE REGULATION OF THE PLANTING, GROWING, OR MAINTENANCE OF OBJECTIONABLE VEGETATION, NOXIOUS AND INVASIVE WEEDS AND TO PROVIDE FOR ENFORCEMENT WHERE BAMBOO HAS MIGRATED ONTO NEIGHBORING PROPERTY; REPEALING ALL INCONSISTENT ORDINANCES, OR PARTS THEREOF IN CONFLICT THEREWITH; AND PROVIDING FOR A SEVERABILITY CLAUSE AND AN EFFECTIVE DATE.

**WHEREAS,** the Borough of Folcroft, Delaware County, Pennsylvania (hereinafter "the Borough") is a Borough organized and existing under the laws of the Commonwealth of Pennsylvania;

**WHEREAS,** the Borough pursuant to the specific powers granted to it in 8 Pa. C.S.A. §1202 may adopt regulations as may be necessary for the health, safety, morals, general welfare and cleanliness and beauty, convenience, comfort and safety of the borough, and to prohibit and remove or require to be removed any nuisance on public or provide grounds; and

**WHEREAS,** the Borough Council has determined that certain additional protections are necessary to preserve and protect private and public property from the damaging effects of uncultivated gardens, tall grasses, unabated weeds, and the spread of certain invasive, non-native plantings such as bamboo, and to maintain the general welfare of residents of the Borough of Folcroft.

**NOW THEREFORE,** in consideration of the foregoing, be it **ENACTED** and **ORDAINED** by the Council of the Borough of Folcroft, Delaware County, Pennsylvania, as follows:

<u>Section 1</u>

A new Chapter is hereby added to the Borough of Folcroft Code of Ordinances and shall be entitled, numbered and read as follows:

**CHAPTER 235 – BRUSH, GRASS, AND WEEDS**

**§235-1 Declaration of objectionable and poisonous vegetation as health hazard and nuisance.**

Copy Reproduction Prohibited

**A.** By reason of the danger they pose to public health, safety, or the ecology of the Borough, the following plants or conditions are hereby declared to be nuisances:

(1) Any plant that encroaches onto a roadway or sidewalk to an extent that it obstructs the vision of pedestrians or motorists, constitutes a tripping hazard for pedestrians, or otherwise interferes with safe travel by pedestrians or motor vehicles.

(2) Any weed or plant designated as noxious in the noxious weed list set forth in the Act of Oct. 30, 2017, P.L. 774, No. 46, 3 Pa. C. S. § 1519, as it may be amended from time to time by the Commonwealth's Controlled Plant and Noxious Weed Committee, Carduus nutans, commonly known as "musk thistle"; Cirsium arvense, commonly known as "Canadian thistle"; Cirsium vulgare, commonly known as "bull thistle"; Datura stramonium, commonly known as "jimson weed"; Galega officinalis, commonly known as "goat's rue"; Heracleum mantegazzianum, commonly known as "giant hogweed"; Lythrum salicaria, commonly known as "Purple loosestrife"; Persicaria perfoliata, commonly known as "mile-a-minute"; Puerria DC, commonly known as "kudzu"; Rose multiflora, commonly known as "multiflora rose"; Sorghum bicolor Moench ssp. drummondii, commonly known as "shattercane"; and Sorghum halepense, commonly known as "Johnson grass."

(3) Bamboo, meaning any monopodial (running), tropical or semitropical grass from the genus Bambusa, including but not limited to Bambusa, Phyllostachys, and Pseudosasa; including Bambusa vulgaris, commonly known as "common bamboo"; Phyllostachy aurea, commonly known as "golden bamboo"; and Pseudosasa japonica, commonly known as "arrow bamboo."

(4) Aegeopodium podograria, commonly known as "goutweed"; Ampelopsis brevipedunculata, commonly known as "porcelain berry"; Microstegium vimineum, commonly known as "Japanese stiltgrass"; Polygonum cuspidatu, commonly known as "Japanese knotweed"; Celastrus Orbiculatus, commonly known as "Oriental Bittersweet"; Hedera Helix L., commonly known as "English ivy"; Humulus Japonicus, commonly known as "Japanese Hops"; Wisteria sinensis, commonly known as "Chinese Wisteria"; and Rubus phoenicolasius, commonly known as "wineberry."

(5) Toxicodendron pubescens, commonly known as "Atlantic poison oak"; Toxicodendron radicans, commonly known as "eastern poison ivy"; and Toxicodendron vernix, commonly known as "poison sumac."
(6) Other noxious, toxic or allergenic weeds of like kind or, if offensive, any vines, tall grass or other vegetation exceeding 12 inches in height.

**B.** Prohibited Acts.

(1) It is hereby declared to be unlawful for any landowner or occupant to propagate, allow to grow, or maintain on land within the Borough any plant declared by this Chapter to be a nuisance.

(2)

(a) Qualified Bamboo Exemption. Although bamboo is declared to be a nuisance plant and growing or allowing it to grow on land within the Borough is prohibited, bamboo that was propagated or allowed to grow before the effective date of this Ordinance is exempt from the prohibition and may remain on the land. This exemption does not apply, however, to any bamboo that migrates or falls onto any land owned or held by the Borough, onto any roadway or sidewalk, onto the private property of another, or which is within 20 feet of the property line of a third party or a public or private right-of-way. Whether planted or growing as described in this Ordinance, all Bamboo plants shall be located, trimmed and maintained so that no part of the plant or root system is closer than twenty (20') feet to any property line.

(b) Replanting Prohibited. Any Bamboo either planted or caused to be planted or existing on a property prior to the effective date of this Chapter may not be replanted or replaced in kind once such running Bamboo is or has become, for any reason, dead, destroyed, uprooted or otherwise removed.

**§235-2 Notice to abate violation and landowner's duty to abate.**

**A.** The Borough is hereby authorized to issue a notice of violation to any landowner upon finding that a nuisance plant is growing on that landowner's property or has migrated onto any land owned or held by the Borough, onto any roadway or sidewalk or right-of-way. Such notice shall be served by regular mail, with proof of mailing, or hand delivery, or if service cannot be effected by either means, by posting the notice in a conspicuous manner on the property. The notice shall require the landowner, within 30 days of the date of the notice, to remove the nuisance plant from the property(ies), sidewalk, or roadway specified in the notice, and shall set forth the penalties for a failure to abate, including payment of the costs incurred by the Borough in removing the nuisance should the landowner fail to do so.

**B.** When removing and destroying Bamboo, all rhizome (underground plant stem capable of producing the shoot and root systems of a new plant) disposal must be by incineration only. No composting or trash disposal of rhizomes shall be allowed.

**C.** A landowner may appeal a notice of violation by letter setting forth the grounds therefor and sent within 14 days of receipt or posting of the notice of violation to the Code Inspector. The appeal shall be heard by the Borough Council.

**D.** For the purposes of this Chapter, nuisance plants found growing upon a property shall constitute presumptive evidence that the nuisance plant was planted and/or grown by and/or with the consent of the landowner.

**E.** It shall be a valid and complete defense to a notice of violation based on the presence of bamboo on the respondent-landowner's property either that:

**(1)** The bamboo was growing on the property prior to the effective date of this Ordinance and is not within 20 feet of the property line of a third party or a public or private right-of-way; or

**(2)** The bamboo migrated from property not owned or controlled by the respondent-landowner, and either:

**(a)** Before receiving the notice of violation, the respondent-landowner had given written notice to the owner of the land from which the bamboo migrated of the unlawful encroachment and had demanded its removal, to no avail; or

**(b)** The respondent-landowner has taken steps to remove the encroaching bamboo.

**F.** If bamboo growing on a property prior to the effective date of this Ordinance encroaches onto adjoining property, public or private, or within 20 feet of the property line of a third party or a public or private right-of-way, the respondent-landowner is hereby required to remove the encroachment and to install at least 20 feet from the property boundary an impenetrable barrier made of masonry, metal, or high-density, eighty-mil-thick polyethylene to a depth of 30 inches below grade and two to three inches above grade to prevent the encroachment from recurring. The failure to comply with either of these requirements shall constitute a separate violation.

**G.** If bamboo growing on a property prior to the effective date of this Ordinance encroaches onto adjoining property, public or private, or within 20 feet of the property line of a third party or a public or private right-of-way, the respondent-landowner is hereby required to remove the encroachment and to install at least 20 feet from the property boundary an impenetrable barrier to a depth of three feet below grade to prevent the encroachment from recurring. The failure to comply with either of these requirements shall constitute a separate violation.

**H.** The appeal of a notice of violation shall toll the running of the thirty-day period for abating a violation until the date of a final decision.

### §235-3 Performance of work upon noncompliance with notice.

In the event that the owner or occupant shall refuse or neglect to abate such health hazard or nuisance within a period of 30 days from the date of a notice of violation, the Code Inspector may cause such weeds, vines, tall grasses, poison ivy, poison sumac, poison oak or other objectionable vegetation to be cut, eradicated and removed, keeping an account of the expenses of inspecting the premises, service of notice and abating the health hazard and nuisance; and all such costs and expenses shall be charged to and paid by such owner or occupant.

### §235-4 Collection of costs.

All costs and expenses incurred by the Borough in the abatement of such health hazards and nuisances shall be a lien upon the premises, and whenever a bill therefor remains unpaid for a period of 60 days after it has been rendered, the Borough Solicitor shall file a municipal claim or

an action of assumpsit for such costs and expenses, together with a penalty of 10%, in the manner provided by law for the collection of municipal claims.

### §235-5 Violations and penalties.

Any person, firm or corporation failing to abate such health hazard or nuisance in accordance with the requirements of any notice given as provided in **§235-2** above shall, in addition to the payment of said costs and expenses, be subject to a fine or penalty not exceeding $600 for each and every offense; and whenever such person shall have been notified by the Code Inspector by service of such notice or summons in a prosecution or in any other way that he is committing such violation of this chapter, each day that he shall continue such violation after the expiration of the aforesaid 10 days shall constitute a separate offense punishable by a like fine or penalty. Such fines or penalties shall be collected as like fines or penalties are now by law collected.

### §235-6 Repealer.

All Ordinances or parts of Ordinances in conflict with the provisions of this Ordinance are hereby repealed to the extent of such conflict. The Borough reserves the right at any time by Ordinance to amend or otherwise modify or repeal this Ordinance.

### §235-7 Preservation of Rights.

**A.** Nothing in this Ordinance shall be construed to affect any suit or proceedings in any Court, any rights acquired or liability incurred, any permit issued, or any cause or causes of action existing under the Borough Code prior to the adoption of this amendment.

**B.** This Ordinance shall not be deemed to alter any rights of common law or otherwise that any property owner may have to recover the cost of removal of any plant declared by this chapter to be a nuisance on their own property from another property owner from whose property the nuisance plant has spread.

## Section 2

The provisions of this Ordinance are severable, and if any section, sentence, clause, part, or provision thereof shall be held illegal, invalid, or unconstitutional by any Court of competent jurisdiction, such decision of this court shall not affect or impair the remaining sections, sentences, clauses, parts or provisions of this ordinance. It is hereby declared to be the intent of the Council that this ordinance would have been adopted if such illegal, invalid, or unconstitutional section, sentence, clause, part, or provision had not been included herein.

## Section 3

This Ordinance shall take effect and be in force from and after its approval as required by law.

Copying Prohibited

**ORDAINED AND ENACTED** by the Borough Council of Folcroft Borough, Delaware County, Pennsylvania, this 20th day of September, 2022.

Attest:

_____
Andrew Hayman, Secretary

**FOLCROFT BOROUGH COUNCIL**

_____
Joseph Papaleo, President

APPROVED:

_____
Franny DiCicco, Mayor

Copying Prohibited

Andrew Hayman, Secretary

Joseph Papaleo, President

**APPROVED:**

Frances DiCicco, Mayor

# APPENDICES

Copying Prohibited

FILED
10-02-2023 03:56 PM
OFFICE OF JUDICIAL SUPPORT
DELAWARE COUNTY, PA

Exhibit "I"



In the Court of Common Pleas of Delaware County, Pennsylvania
-- Criminal Division --

COMMONWEALTH OF PENNSYLVANIA
vs.

Summary Appeal Number
SA# 1120-22

Davoud Baravardeh

## ORDER

AND NOW, to wit, this 9th day of May , 20 23 after consideration of the above-captioned matter, it is hereby ORDERED and DECREED that the Defendant is

| CITATION NUMBER AND DESCRIPTION OF CHARGE | GUILTY | NOT GUILTY | FINE | COST |
|---|---|---|---|---|
| R 3303201-6 (452-5A) Failure to Comply | | X | | |
| R 3303202-0 (457-5A) Failure to Comply | | X | | |
| R 3303203-1 (457-5A) Failure to Comply | | X | | |
| R 3303204-2 (457-5 A) | | X | | |

☒ All fines and cost shall be reimbursed to the Defendant, except the cost of filing the Summary Appeal.

☐ Appeal dismissed for failure to appear; Magisterial District Judge verdict reinstated.

☐ Other (specify): _____

By the Court:

_____
J.

FILED
10-02-2023 03:56 PM
OFFICE OF JUDICIAL SUPPORT
DELAWARE COUNTY, PA

COURT

Copying Prohibited

Exhibit "J"





# Borough of Folcroft

**1555 ELMWOOD AVENUE**
**FOLCROFT, PA 19032**

(610) 522-1305　　　　　　　　　　　　　　　　　　　　　　　Fax (610) 522-1114

October 27, 2022

Davoud Baravordeh
DB Enterprises
255 East Woodland Avenue
Springfield, PA 19064
Mr. Baravordeh,

Please note that Folcroft Borough has posted notice of intent to abate the property located at 540 and 542 Folcroft Avenue, Folcroft PA 19032. You were informed on Wednesday, 10/26/2022 at approximately 9:00am by code enforcer Randall Woods that the property must be cleaned up prior to Monday, 10/31/2022.

You have received numerous violations for the state of this property and failed to comply. As you have expressed that you will not clean up the property under any circumstances, I have directed staff to begin the process of abating the property.

If the grass, trash and weeds identified in the images that have been sent along with this letter are not removed or sufficiently trimmed back prior to October 31st, 2022 at 7:00am I will have the property abated and the brush removed. You have also been informed of our intent via email and notices have been posted and document on the property as well.

I strongly encourage you to clean up the property to avoid future action.

Sincerely,

Andrew Hayman
Borough Manager

Copying Prohibited

Exhibit "K"

James F. Gallagher, Jr., Esq.
Attorney I.D. No. 311197
Kilkenny Law, LLC
519 Swede Street
Norristown, Pennsylvania 19401
(484) 679-8155
james@skilkennylaw.com
*Attorney for Borough of Folcroft*

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| **BOROUGH OF FOLCROFT** | : | |
| **1555 Elmwood Avenue** | : | **Docket No. 2023-** |
| **Folcroft, Pennsylvania 19032** | : | |
| Plaintiff, | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **DB ENTERPRISES DEVELOPERS - BUILDERS** | : | |
| **255 E. Woodland Avenue** | : | |
| **Springfield, Pennsylvania 19064** | : | |
| | : | |
| **and** | : | |
| | : | **PARCEL NO. 20-00-00710-00;** |
| **DAVOUD BARAVORDEH** | : | **20-00-00711-00** |
| **255 E. Woodland Avenue** | : | **540-542 Folcroft Avenue** |
| **Springfield, Pennsylvania 19064** | : | **Folcroft, Pennsylvania 19032** |
| Defendants | : | |

<u>**MUNICIPAL LIEN FOR MAINTENANCE CHARGES**</u>

The Borough of Folcroft, Delaware County, Pennsylvania hereby files a municipal claim against the premises hereinafter described for the sum of One Thousand Four Hundred Fifty-one Dollars and Seventeen Cents ($1,451.17) plus ten percent (10%) interest thereon, including a penalty of five percent (5%) and costs in accordance with the Acts of Assembly of the Commonwealth of Pennsylvania and sets forth the following facts.:

1. The name of the municipality by which this claim is filed is the Borough of Folcroft, a municipality in the County of Delaware, Pennsylvania.

Copying Prohibited

2. The name of the owner of the property against which the claim is filed is Davoud Baravordeh, with an address of 255 E. Woodland Avenue, Springfield, Pennsylvania 19064.

3. Upon information and belief, Davoud Baravordeh is the sole owner and operator of a company named DB Enterprises Developers – Builders, however a search of business records through the Pennsylvania Department of State's Business Entity Search revealed no such name registered.

4. The property against which this lien is filed is 540542 Folcroft Avenue, Folcroft, Pennsylvania 19032, further identified as Parcel I.D. No. 20-00-00710-00 and 20-00-00711-00.  A true and correct copy of the property site information is attached hereto and marked as Exhibit "A."

5. During the summer of 2022, the Borough became aware that the subject property had become overgrown with tall weeds and noxious grasses, permitting infestation from rodents and other pests.  After the Borough issued citations to the property owner on June 27, 2022, and June 29, 2022, the property owner informed the Borough that he was not willing to remediate the nuisance conditions, and, indeed, failed to do so.

6. The nuisance conditions on the property presented a healthy and safety risk for the neighboring residents and was in violation of the Borough of Folcroft's property maintenance ordinances.

7. Initially, the Magisterial District Court issued a verdict of guilty on all citations, as the property owner failed to appear, however the property owner filed a summary appeal to the Court of Common Pleas.

8. During the initial hearing on the property owner's summary appeal, the property owner assured the Court that he would abate the nuisance conditions on the subject property. The Court advised the parties that if the property owner failed to do so with the week, the Borough would be permitted to take actions necessary to abate the nuisance conditions.

9. Despite the assurances made to the Court, the property owner took no action to abate the nuisance conditions on the subject property, and thereafter the Borough expended its resources to remedy the nuisance conditions on the subject property, thus incurring maintenance charges for the property.  A true and correct depiction of the subject

property before and after the Borough abated the nuisance conditions are attached hereto and marked as Exhibit "B."

10. The kind and character of service for which the said maintenance charges are due and payable and for which this claim is filed are for nuisance abatement, specifically:  rental of a rubber track Kubota SLV65 for one day, a Mower, 66" Loader Mount, including delivery and drop-off and damage waiver; twelve work hours; and an administrative fee. A true and correct copy of the itemized invoices submitted is attached hereto and marked as Exhibit "C."

11. The said maintenance charges imposed as aforesaid and for which this lien is filed is due and payable and continues to date.  *See* Exhibit "C."

12. The maintenance charges imposed and the services specified were rendered under and by virtue of the power and authority conferred upon the Borough of Folcroft by the Acts of Assembly of the Commonwealth of Pennsylvania and by the amendments and supplements to the said Acts and in accordance with the provisions of the Code and Ordinances of the Borough of Folcroft, specifically, Chapter 10, Part 2 of the Borough of Folcroft Code relating to Property Maintenance.

13. Due notice in writing was given by the Borough of Folcroft to the property owner by mail before the filing of this claim.  *See* Exhibit "C."

14. The total claim of lien is set forth as follows:

   a.  Claim:             $1,451.17

   b.  5% Penalty:     $72.56

   c.  10% Interest:  $145.12

   d.  Costs:             $360.00

   e.  Total:             $2,028.85


                    Respectfully submitted,


                    *James Gallagher*

                    _____
                    James F. Gallagher, Jr., Esquire
                    Solicitor for the Borough of Folcroft

Copying Prohibited

Copying Prohibited

Exhibit A

**PARID: 20000071000**
BARAVORDEH DAVOUD

**PROPERTY LOCATION:**
540 FOLCROFT AVE

## Parcel

| | |
|---|---|
| Site Location: | 540 FOLCROFT AVE |
| Legal Description: | |
| | GRD |
| | 15,000SF |
| Map Number: | 20-04 -349:000 |
| Municipality: | 20 FOLCROFT |
| School District | S11 - Southeast Delco |
| Property Type: | 06 - Ground |
| Homestead Status - Next School Bill Cycle: | No |
| Homestead Status - Current School Bill Cycle: | No |
| Homestead % | |
| Homestead Approved Year | |
| Additional Info: | H - ANNEXATION |
| Veteran's Exemption: | No |

## Owner

| | |
|---|---|
| Name(s) | BARAVORDEH DAVOUD |
| Name(s) | |
| Care Of | |
| Mailing Address | 255 E WOODLAND AVE |
| Mailing Address | |
| Mailing Address | SPRINGFIELD PA 19064 |

## Current Owner

| | |
|---|---|
| Name | BARAVORDEH DAVOUD |
| Name | |
| Address | 255 E WOODLAND AVE |
| City | SPRINGFIELD |
| State | PA |
| Zip Code | 19064- |

## Owner History

| Owner | Book | Page | Sale Date | Sale Price |
|---|---|---|---|---|
| BARAVORDEH DAVOUD | 5833 | 1056 | 06-29-2016 | 10000 |
| ANDRASSY ROBERT P SR | 0303 | 2138 | 01-21-1986 | 1 |
| ANDRASSY CLARIBEL G | 0000 | 0000 | 01-01-1900 | 0 |

## Original Current Year Assessment

| Type of Assessment | Assessment Value | Assessment Date | Reason for Change | Comment |
|---|---|---|---|---|
| 06-Ground | $48,960 | | H-ANNEXATION | |

Copying Prohibited

## County Tax Receivable

| Tax Year | Billing Year | Billing Period | Billing Date | Face Amount Due | Discount Posted | Penalty Posted | Fees Posted | Payment Posted | Balance | Pay Date | Type |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | 2023 | Original | 02/01/2023 | 146.83 | | | | | 146.83 | | |
| 2022 | 2022 | Original | 03/01/2022 | 146.83 | | | | | 146.83 | | |
| 2021 | 2021 | Original | 02/01/2021 | 146.83 | | 14.68 | | | 161.51 | | |
| 2020 | 2020 | Original | 02/01/2020 | 204.62 | | 20.46 | | | 225.08 | | |
| 2019 | 2019 | Original | 02/01/2019 | 204.62 | | 20.46 | | | 225.08 | | |
| 2018 | 2018 | Original | 02/01/2018 | 209.83 | | 20.98 | | | 230.81 | | |

## Delinquent Tax - All Years Combined

| | | Billing | Penalty | Interest | Cost | Total Due |
|---|---|---|---|---|---|---|
| COUNTY | Charge | 975.73 | 97.56 | 112.65 | 0.00 | 1,185.94 |
| | Pay | -828.90 | -82.88 | -99.33 | 0.00 | -1,011.11 |
| | Net | 146.83 | 14.68 | 13.32 | 0.00 | 174.83 |
| ---------- | | | | | | |
| SCHOOL | Charge | 9,551.53 | 955.16 | 1,138.13 | 0.00 | 11,644.82 |
| | Pay | -8,077.95 | -807.80 | -1,004.40 | 0.00 | -9,890.15 |
| | Net | 1,473.58 | 147.36 | 133.73 | 0.00 | 1,754.67 |
| ---------- | | | | | | |
| MUNICIPALITY | Charge | 1,043.40 | 104.35 | 113.05 | 0.00 | 1,260.80 |
| | Pay | -798.11 | -79.82 | -90.79 | 0.00 | -968.72 |
| | Net | 245.29 | 24.53 | 22.26 | 0.00 | 292.08 |
| ---------- | | | | | | |
| COST | Charge | | | | 854.00 | 854.00 |
| | Pay | | | | -790.00 | -790.00 |
| | Net | | | | 64.00 | 64.00 |
| ---------- | | | | | 0.00 | 0.00 |
| TOTAL | Charge | 11,570.66 | 1,157.07 | 1,363.83 | 854.00 | 14,945.56 |
| | Pay | -9,704.96 | -970.50 | -1,194.52 | -790.00 | -12,659.98 |
| | Net | 1,865.70 | 186.57 | 169.31 | 64.00 | 2,285.58 |
| | | | | | 0.00 | 0.00 |

Copying Prohibited

EXCLUDES: Trash, Sewer, and other Local Fees

## Tax Sale Information

Status:                                  No Sale Scheduled

PARID: 20000071100
BARAVORDEH DAVOUD

PROPERTY LOCATION:
542 FOLCROFT AVE

## Parcel

| | |
|---|---|
| Site Location: | 542 FOLCROFT AVE |
| Legal Description: | |
| | GRD |
| | 15,000SF |
| Map Number: | 20-04 -351:000 |
| Municipality: | 20 FOLCROFT |
| School District | S11 - Southeast Delco |
| Property Type: | 06 - Ground |
| Homestead Status - Next School Bill Cycle: | No |
| Homestead Status - Current School Bill Cycle: | No |
| Homestead % | |
| Homestead Approved Year | |
| Additional Info: | H - ANNEXATION |
| Veteran's Exemption: | No |

## Owner

| | |
|---|---|
| Name(s) | BARAVORDEH DAVOUD |
| Name(s) | |
| Care Of | |
| Mailing Address | 255 E WOODLAND AVE |
| Mailing Address | |
| Mailing Address | SPRINGFIELD PA 19064 |

## Current Owner

| | |
|---|---|
| Name | BARAVORDEH DAVOUD |
| Name | |
| Address | 255 E WOODLAND AVE |
| City | SPRINGFIELD |
| State | PA |
| Zip Code | 19064- |

## Owner History

| Owner | Book | Page | Sale Date | Sale Price |
|---|---|---|---|---|
| BARAVORDEH DAVOUD | 5833 | 1056 | 06-29-2016 | 10000 |
| LARE CHARLES | 3745 | 0825 | 03-07-2006 | 32000 |
| GREEN CHAS H & RITA | 9999 | 9999 | 02-02-1982 | 1 |
| GREEN CHARLES H & RITA | 0000 | 0000 | 01-01-1900 | 0 |

## Original Current Year Assessment

| Type of Assessment | Assessment Value | Assessment Date | Reason for Change | Comment |
|---|---|---|---|---|

Copying Prohibited

06-Ground          $48,960          H-ANNEXATION

## County Tax Receivable

| Tax Year | Billing Year | Billing Period | Billing Date | Face Amount Due | Discount Posted | Penalty Posted | Fees Posted | Payment Posted | Balance | Pay Date | Type |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | 2023 | Original | 02/01/2023 | 146.83 | | | | | 146.83 | | |
| 2022 | 2022 | Original | 03/01/2022 | 146.83 | | | | | 146.83 | | |
| 2021 | 2021 | Original | 02/01/2021 | 146.83 | | 14.68 | | | 161.51 | | |
| 2020 | 2020 | Original | 02/01/2020 | 204.62 | | 20.46 | | | 225.08 | | |
| 2019 | 2019 | Original | 02/01/2019 | 204.62 | | 20.46 | | | 225.08 | | |
| 2018 | 2018 | Original | 02/01/2018 | 209.83 | | 20.98 | | | 230.81 | | |

## Delinquent Tax - All Years Combined

| | | Billing | Penalty | Interest | Cost | Total Due |
|---|---|---|---|---|---|---|
| COUNTY | Charge | 975.73 | 97.56 | 112.65 | 0.00 | 1,185.94 |
| | Pay | -828.90 | -82.88 | -99.33 | 0.00 | -1,011.11 |
| | Net | 146.83 | 14.68 | 13.32 | 0.00 | 174.83 |
| ---------- | | | | | | |
| SCHOOL | Charge | 9,551.53 | 955.16 | 1,138.13 | 0.00 | 11,644.82 |
| | Pay | -8,077.95 | -807.80 | -1,004.40 | 0.00 | -9,890.15 |
| | Net | 1,473.58 | 147.36 | 133.73 | 0.00 | 1,754.67 |
| ---------- | | | | | | |
| MUNICIPALITY | Charge | 1,043.40 | 104.35 | 113.05 | 0.00 | 1,260.80 |
| | Pay | -798.11 | -79.82 | -90.79 | 0.00 | -968.72 |
| | Net | 245.29 | 24.53 | 22.26 | 0.00 | 292.08 |
| ---------- | | | | | | |
| COST | Charge | | | | 854.00 | 854.00 |
| | Pay | | | | -790.00 | -790.00 |
| | Net | | | | 64.00 | 64.00 |
| ---------- | | | | | | 0.00 | 0.00 |
| TOTAL | Charge | 11,570.66 | 1,157.07 | 1,363.83 | 854.00 | 14,945.56 |
| | Pay | -9,704.96 | -970.50 | -1,194.52 | -790.00 | -12,659.98 |
| | Net | 1,865.70 | 186.57 | 169.31 | 64.00 | 2,285.58 |
| | | | | | 0.00 | 0.00 |

EXCLUDES: Trash, Sewer, and other Local Fees

## Tax Sale Information

Status:          No Sale Scheduled

Copying Prohibited



Copying Prohibited

Exhibit B



Nov 3, 2022 10:47:33 AM
540 Folcroft Avenue
Folcroft
Delaware County
Pennsylvania



Nov 3, 2022 1:22:33 PM
540 Folcroft Avenue
Folcroft
Delaware County
Pennsylvania



Oct 25, 2022 3:00:39 PM
540 Folcroft Avenue
Folcroft
Delaware County
Pennsylvania



Nov 4, 2022 10:37:42 AM
540 Folcroft Avenue
Folcroft
Delaware County
Pennsylvania

Copying Prohibited

Exhibit C



# Borough of Folcroft

**1555 ELMWOOD AVENUE**
**FOLCROFT, PA 19032**

(610) 522-1305                                        Fax (610) 522-1114

# INVOICE

**Date:** 11/18/2022

**Due:** 12/18/2022

**Bill to:**

DB Enterprises Developers – Builders
255 E. Woodland Avenue
Springfield, PA 19032

**Owners of**
540 & 542 Folcroft Avenue
Folcroft, PA 19032

Rental of Rubber Track Kubota SLV65 (1 day). Mower, 66" Loader Mount, delivery and dropoff and damage waiver. See attached................................................................................$1,076.17

Work hours required (12 @ $30.00/hour) ............................................................. $360.00

Administrative fee ................................................................................................$75.00

TOTAL DUE  .......................................................................................$1,451.17

Please make all checks payable to "Folcroft Borough"

Copying Prohibited



**23 Industrial Highway**
**Essington, PA 19029**
**www.ActionRental.com**
**484-494-6260 Phone**
**484-494-5359 Fax**

**Status: Open**
Contract #: 632746-3

Date Out: Thu 11/ 3/2022  11:00AM

Operator: Gregory Minetola

Customer #: 134257

Borough of Folcroft                    Phone 610-809-4648

1555 Elmwood Dr
Folcroft, PA 19032

**Ordered By: Shawn**

| Qty | Key | Items | Days Out | Status | Agreed Return Date | Price |
|-----|-----|-------|----------|--------|--------------------|-------|
| 1 | 047-0830-#15 | Loader, Rubber Track Kubota SLV65 | 1 | Out | Fri 11/ 4/2022 11:00AM | $410.00 |

Meter Out: 821.7
1day $410.00  1week $1,262.00  4weeks $3,120.00
**************** WARNING MESSAGE ****************

- Avoid Injury and Death READ OPERATORS MANUAL before operation!

- Track Damage is not covered by the Damage Waiver

- Return Clean to avoid additional Cleaning Charge.

- Rental includes 8hr/day, 40hr/wk, 160hr/4wks on meter.
   Overtime rates apply!

- Damage to machine or door by falling debris and or broken glass is NOT covered by damage waiver.

Initial _____

| 1 | 145-0014-#06 | Mower, 66" Loader Mount | 1 | Out | Fri 11/ 4/2022 11:00AM | $215.00 |

1day $215.00  1week $666.00  4weeks $1,322.00
**************** WARNING MESSAGE ****************

- This Mower Deck must be Chained to loader so it cannot be raised above the bottom of the cab opening!  You should never see the blades from the cab !! If you are not sure ask questions!

- Pinched or Damaged Hydraulic Hoses are NOT covered by Damage Waiver

- DAMAGE TO BLADES NOT COVERED UNDER DAMAGE WAIVER

Initial _____

| 1 | ||3-3 | Delivery & Pickup Class A (Over 8000lbs) | 0 | Sold | | $309.00 |

---

**Delivery Thu 11/ 3/2022  9:00AM**
Shawn 610-809-4648

1555 Elmwood Dr
Folcroft, PA 19032

**Pickup Fri 11/ 4/2022  11:00AM**
Shawn 610-809-4648

1555 Elmwood Dr
Folcroft, PA 19032

**Visit us at www.ActionRental.com**

Copying Prohibited



Copying Prohibited

### Rental Contract

RENTER ACKNOWLEDGES THAT HE HAS READ AND FULLY UNDERSTANDS THE WITHIN RENTAL CONTRACT AND AGREES TO BE BOUND BY ALL TERMS, CONDITIONS AND PROVISIONS HEREOF. RENTER ACKNOWLEDGES THAT HE HAS RECEIVED A TRUE AND CORRECT COPY OF THIS AGREEMENT AT TIME OF EXECUTION HEREOF.

I decline Damage Waiver Charge as provided on the reverse side and accept responsibility of loss up to the full replacement cost of the rented equipment.
I Decline DWC _____ ( please intial)

***PLEASE CALL US IMMEDIATELY IF YOU HAVE ANY QUESTIONS OR PROBLEMS WITH THE RENTAL EQUIPMENT.  IF AFTER HOURS, PLEASE LEAVE A MESSAGE***

I authorize payment to Action Rental Center for the above charges to my credit card according to my card issuer's agreement.

| | |
|---|---:|
| Rental: | $625.00 |
| Damage Waiver: | $81.25 |
| Delivery Charge: | $309.00 |
| Subtotal: | $1,015.25 |
| PA Sales Tax: | $60.92 |
| Total: | $1,076.17 |
| Paid: | $0.00 |
| Amount Due: | $1,076.17 |

Signature: _____

**Borough of Folcroft**

PEN MON-FRI 7:00AM-5:00P, CLOSED SATURDAY & SUNDAY



Oct 25, 2022 3:00:39 PM
540 Folcroft Avenue
Folcroft
Delaware County
Pennsylvania



Nov 3, 2022 1:22:33 PM
540 Folcroft Avenue
Folcroft
Delaware County
Pennsylvania



Nov 3, 2022 10:47:33 AM
540 Folcroft Avenue
Folcroft
Delaware County
Pennsylvania



Nov 4, 2022 10:37:42 AM
540 Folcroft Avenue
Folcroft
Delaware County
Pennsylvania



Nov 4, 2022 10:39:12 AM
540 Folcroft Avenue
Folcroft
Delaware County
Pennsylvania

**VERIFICATION**

I, Andrew Hayman, Borough Manager for the Borough of Folcroft, am authorized to make this Verification on behalf of the Borough of Folcroft and verify that the statements made herein are true and correct to the best of my knowledge, information and belief. I understand that this statement is made subject to the penalties of 18 PA. C.S. § 4904, relating to unsworn falsifications to authorities.

_____
ANDREW HAYMAN

Copying Prohibited

Exhibit "L"

| McNichol, Byrne & Matlawski, P.C. | By: James J. Byrne, Jr., Esquire |
|---|---|
| 1223 N Providence Road | Attorney I.D. No. 41619 |
| Media, PA 19063 | *Attorney DB Enterprises* |
| Phone: (610) 565-4322 | *Developers- Builders & Davoud* |
| Facsimile: (610) 565-9531 | *Baravordeh* |

---

### IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PA
### CIVIL ACTION – LAW

| | | |
|---|---|---|
| BOROUGH OF FOLCROFT | : | |
| 1555 Elmwood Avenue | : | Docket No. CV-2023-060001 |
| Folcroft, PA 19032 | : | |
| Respondents | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DB Enterprises Developers Builders, Inc. | : | |
| 255 E. Woodland Avenue | : | |
| Springfield, PA 19064 | : | |
| | : | Parcel No.    20-00-00710-00; |
| | : |           20-00-00711-00 |
| Davoud Baravordeh | : | |
| 255 E. Woodland Avenue | : | 540-542 Folcroft Avenue |
| Springfield, PA 19064 | : | Folcroft, Pennsylvania 19032 |
| Petitioners | : | |

---

### <u>ORDER</u>

On this _____ day of _____, 2023, upon consideration of the Petition to Strike Municipal

lien, and any answer thereto, it is hereby ordered and decreed that the lien is stricken.


                                               _____

                                               J.

Copying Prohibited

McNichol, Byrne & Matlawski, P.C.  By:  James J. Byrne, Jr., Esquire
1223 N Providence Road  Attorney I.D. No. 41619
Media, PA  19063  *Attorney DB Enterprises*
Phone: (610) 565-4322  *Developers- Builders & Davoud*
Facsimile: (610) 565-9531  *Baravordeh*

---

## IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PA
## CIVIL ACTION – LAW

| | | |
|---|---|---|
| BOROUGH OF FOLCROFT | : | |
| 1555 Elmwood Avenue | : | Docket No. CV-2023-060001 |
| Folcroft, PA 19032 | : | |
| Respondents | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DB Enterprises Developers Builders | : | |
| 255 E. Woodland Avenue | : | |
| Springfield, PA 19064 | : | |
| | : | Parcel No.     20-00-00710-00; |
| Davoud Baravordeh | : |                        20-00-00711-00 |
| 255 E. Woodland Avenue | : | 540-542 Folcroft Avenue |
| Springfield, PA 19064 | : | Folcroft, Pennsylvania 19032 |
| Petitioners | : | |

---

## MOTION TO STRIKE MUNICIPAL LIEN

1.  Petitioner, DB Enterprises Developers Builders, Inc. is a Pennsylvania business entity with offices located at 255 E. Woodland Avenue, Springfield, PA 19064.

2.  Respondent, the Borough of Folcroft, is a municipal entity located in the County of Delaware, Pennsylvania.

3.  Petitioner is the owner of the property located 540-542 Folcroft Avenue, Folcroft, PA 19032.

4.  Prior to Petitioner purchasing the property, Folcroft Borough approved the development of two (2) separate semi-detached single family dwellings on the property.

Copying Prohibited

5. Petitioner purchased this property knowing that the prior owner had received those approvals.

6. Petitioner intended to use the property for the same purposes as the prior owner.

7. Nonetheless, the Respondent in 2020, began a three-year process of requiring Petitioner to submit and re-submit to the Borough land development plans and applications, all to the Petitioner's great expense.

8. Since 2020, the Respondent has failed to schedule reviews, pursuant to the mandates of the MPC, and has claimed, on several occasions, to have lost Petitioner's Applications and Plans.

9. On May 7, 2021, Petitioner filed a Complaint in Mandamus seeking a "deemed" approval of the land development application (A copy of the Mandamus Petition is attached as Exhibit "A").

10. On May 25, 2021 the Respondent's adopted Resolution 2021-06 granting Preliminary/Final approval of the application. (The Resolution approving the final/preliminary application is attached hereto as Exhibit "B").

11. Since May 25, 2021, the Petitioner, in good faith, has attempted to obtain building permits on the approved plan.

12. Since May 25, 2021, the Respondents have continued to assert that "new copies of Petitioner's plans have again been lost or misplaced" causing Petitioner to lose at least two (2) potential sales of the properties.

13. When the Petitioner initially purchased the property, Respondent requested that the property be sold to the Respondent.

14. Petitioner told the Respondent, at that time, that Petitioner intended to develop the property pursuant to the approved plans of the prior owner.

15.     Petitioner has recently been advised that the Respondent is again seeking to deprive the Petitioner of his right to develop the property by, again, attempting to purchase the Petitioner's property through a real estate agent.

16.     It is believed and, therefore averred, the Respondent has embarked on a pattern of denying the Petitioners, hearings, losing or misplacing applications, issuing citations with fines to the Petitioner and now imposing this municipal lien against the Petitioner in a concerted effort to deprive the Petitioner of his property rights and to force the Petitioner to sell the property to the Respondent.[1]

17.     Petitioner believes and therefore avers that the instant municipal lien was issued without proper motive and without sufficient notice and should thereby by stricken.

18.     It is further averred that the Petitioner should be awarded Attorney's fees and costs in connection the filing of this Petition.

        WHEREFORE, it is respectfully requested that the said municipal lien filed at this court term and number be and is hereby sticken.


                                Respectfully submitted,


Dated:  February 6, 2023          By:    /s/   James J. Byrne, Jr.
                                         James J. Byrne, Jr., Esquire

---

[1] Petitioner is today filing a lawsuit in the Delaware County Court of Common Pleas against the Respondent seeking redress for Civil Rights Damages. Petitioner is member of a Protected Class against whom the Borough has unlawfully used its police powers to deprive the Petitioner of its property rights.

Copying Prohibited

| | |
|---|---|
| McNichol, Byrne & Matlawski, P.C. | By:  James J. Byrne, Jr., Esquire |
| 1223 N Providence Road | Attorney I.D. No. 41619 |
| Media, PA  19063 | *Attorney DB Enterprises* |
| Phone: (610) 565-4322 | *Developers- Builders & Davoud* |
| Facsimile: (610) 565-9531 | *Baravordeh* |

---

## IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PA
## CIVIL ACTION – LAW

| | | |
|---|---|---|
| BOROUGH OF FOLCROFT | : | |
| 1555 Elmwood Avenue | : | Docket No. CV-2023-060001 |
| Folcroft, PA 19032 | : | |
| Respondents | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DB Enterprises Developers- Builders | : | |
| 255 E. Woodland Avenue | : | |
| Springfield, PA 19064 | : | |
| | : | Parcel No.     20-00-00710-00; |
| Davoud Baravordeh | : | 20-00-00711-00 |
| 255 E. Woodland Avenue | : | 540-542 Folcroft Avenue |
| Springfield, PA 19064 | : | Folcroft, Pennsylvania 19032 |
| Petitioners | : | |

---

## CERTIFICATE OF SERVICE

I, James J. Byrne, Jr., Esquire, hereby certify that I served a true and correct copy of the

Motion to Strike Municipal Lien via Email, postage prepaid, upon the following on February 6,

2023:

James F. Gallagher, Esquire
Kilkenny Law, LLC
519 Swede Street
Norristown, PA 19401

  /s/ James J. Byrne, Jr.
James J. Byrne, Jr., Esquire

Copying Prohibited

Exhibit "A"



# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

_____Delaware_____ **County**

For Prothonotary Use Only:

Docket No:

TIME STAMP

_The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court._

## SECTION A

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

Lead Plaintiff's Name:
DB Enterprises Developers Builders, Inc

Lead Defendant's Name:
Folcroft Borough

**Are money damages requested?** ☐ Yes ☐ No

Dollar Amount Requested: (check one)
☐ within arbitration limits
☒ outside arbitration limits

**Is this a _Class Action Suit_?** ☐ Yes ☐ No

**Is this an _MDJ Appeal_?** ☐ Yes ☐ No

Name of Plaintiff/Appellant's Attorney: Kaitlyn T. Searls, Esquire

☐ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

## SECTION B

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** _(do not include Mass Tort)_
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability _(does not include mass tort)_
- ☐ Slander/Libel/ Defamation
- ☐ Other:

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other:
- _____
- _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional:
- _____
- _____

**CONTRACT** _(do not include Judgments)_
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
- _____
- _____
- _____
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
- _____
- _____
- _____
- ☐ Other:
- _____
- _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other:
- _____
- _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
- _____
- _____
- ☐ Zoning Board
- ☐ Other:
- _____
- _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☒ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other:
- _____
- _____

_Updated 1/1/2011_

# NOTICE

**Pennsylvania Rule of Civil Procedure 205.5. (Cover Sheet) provides, in part:**

### Rule 205.5.    Cover Sheet

(a)(1)    This rule shall apply to all actions governed by the rules of civil procedure except the following:

>    (i)    actions pursuant to the Protection from Abuse Act, Rules 1901 et seq.

>    (ii)    actions for support, Rules 1910.1 et seq.

>    (iii)    actions for custody, partial custody and visitation of minor children, Rules 1915.1 et seq.

>    (iv)    actions for divorce or annulment of marriage, Rules 1920.1 et seq.

>    (v)    actions in domestic relations generally, including paternity actions, Rules 1930.1 et seq.

>    (vi)    voluntary mediation in custody actions, Rules 1940.1 et seq.

(2)    At the commencement of any action, the party initiating the action shall complete the cover sheet set forth in subdivision (e) and file it with the prothonotary.

(b)    The prothonotary shall not accept a filing commencing an action without a completed cover sheet.

(c)    The prothonotary shall assist a party appearing pro se in the completion of the form.

(d)    A judicial district which has implemented an electronic filing system pursuant to Rule 205.4 and has promulgated those procedures pursuant to Rule 239.9 shall be exempt from the provisions of this rule.

(e)    The Court Administrator of Pennsylvania, in conjunction with the Civil Procedural Rules Committee, shall design and publish the cover sheet.  The latest version of the form shall be published on the website of the Administrative Office of Pennsylvania Courts at www.pacourts.us.

Copying Prohibited

McNichol, Byrne & Matlawski, P.C.  By:  Kaitlyn T. Searls, Esquire
1223 N Providence Road  Attorney I.D. No. 311237
Media, PA  19063  *Attorney for Plaintiff*
Phone:  (610) 565-4322
Facsimile:  (610) 565-9531

---

## IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PA
## CIVIL ACTION – LAW

| | | |
|---|---|---|
| DB ENTERPRISES DEVELOPERS BUILDERS, INC. | : | |
| 255 E. Woodland Avenue | : | Civil Action |
| Springfield, PA  19064 | : | |
| | : | |
| Plaintiff | : | No.: |
| | : | |
| v. | : | |
| | : | NON-JURY |
| FOLCROFT BOROUGH | : | |
| 155 ELMWOOD AVENUE | : | |
| FOLCROFT, PA  19032 | : | |
| | : | |
| Defendant. | : | |

---

### NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

THE LAWYERS' REFERENCE SERVICE
FRONT & LEMON
MEDIA, PA 19063
(610) 566-6625

Copying Prohibited

McNichol, Byrne & Matlawski, P.C.       By: Kaitlyn T. Searls, Esquire
1223 N Providence Road                 Attorney I.D. No. 311237
Media, PA 19063                      *Attorney for Plaintiff*
Phone: (610) 565-4322
Facsimile: (610) 565-9531

---

## IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PA
## CIVIL ACTION – LAW

DB ENTERPRISES DEVELOPERS   :
BUILDERS, INC.               :
255 East Woodland Avenue     :   Civil Action
Springfield, PA 19064         :
                        :
        Plaintiff      :   No.:
                        :
     v.              :
                        :   NON-JURY
FOLCROFT BOROUGH       :
1555 ELMWOOD AVENUE    :
FOLCROFT, PA 19032       :
                        :
        Defendant.   :

---

## COMPLAINT IN MANAMUS

## I.   FACTUAL BACKGROUND

    1.      Plaintiff is DB Enterprises Developers/Builders, Inc. (hereinafter DB) with an office located at 255 East Woodland Avenue, Springfield, Pennsylvania 19064.

    2.      Defendant is Folcroft Borough (hereinafter the Borough), a duly organized and recognized Borough under the laws of the Commonwealth of Pennsylvania with an office located at 1555 Elmwood Avenue, Folcroft, Pennsylvania 19032.

    3.      At all times material, the Plaintiff was the owner of the property described as 540 and 542 Folcroft Avenue, Folcroft, Delaware County, Pennsylvania (hereinafter the Property).

4. On October 28, 2020, DB delivered to the Borough an Application and plan for the reverse subdivision and land development of the property. (A copy of the Application and Plan is attached as Exhibit "A").

5. The Plans were accepted by the Borough Manager on October 28, 2020, appropriately stamped, and returned to Plaintiff with instructions to submit the returned sheet to the Delaware County Planning Department.

6. At no time from October 28, 2020 through April 6, 2021 was DB ever advised that any fees were due to the Borough. Likewise, DB's plan was never rejected by the Borough as "incomplete."

7. DB filed the sheet that was returned to it to the Delaware County Department on October 28, 2020. He paid Delaware County a fee requested in the amount of $190.00.

8. On November 20, 2020, the Delaware County Planning Department scheduled a meeting to review and report on the aforesaid application. Notice of the meeting, scheduled for 12/17/20, was delivered to Folcroft Borough by letter from Michael A. Leventry, Manager, Plan and Ordinance review. (A copy of the Notice and invitation is attached as Exhibit "B").

9. On December 11, 2020, an additional invitation to participate in the County Review meeting on December 17, 2020 was delivered to the Defendant. (A copy of the invitation is attached as Exhibit "C").

10. On December 17, 2020, DB's Application was reviewed, by the County Planning Department, as scheduled. The Borough, although invited, did not participate.

11. On December 18, 2020, the Delaware County Planning Department issued its review approving DB's Application. A copy of the review was delivered to the Borough. (A copy of the Planning Department review is attached as Exhibit "D").

12.     Thereafter, on several occasions, DB telephoned the Borough to determine the status of its Application with the Borough.  No response was received by DB.

13.     On January 11, 2021 and January 26, 2021, DB delivered emails to the Borough requesting information on the status of its Application with the Borough.  (Copies of the emails are attached as Exhibit "E").

14.     On March 9, 2021, DB, having no response to his multiple inquiries concerning the project, sent a certified letter to the Borough, again requesting a decision related to its Application. (A copy of the certified letter to the Borough is attached as Exhibit "F").

15.     Finally, on April 6, 2021, the Borough responded to DB requesting a $390.00 check to make his Application "complete."

16.     No fee schedule was posted on the Borough website, nor on any Application nor more importantly ever mentioned between October 28, 2020 and April 6, 2021.

17.     ON April 6, 2021, DB delivered a check in the amount of $390.00 to the Borough with a letter reserving its right to a deemed decision pursuant to the MPC and Pennsylvania law. (A copy of the check is attached as Exhibit "G").

18.     On April 8, 2021, DB received a letter from the Borough Solicitor claiming that DB's Application was not "completed" until April 6, 2021.  (A copy of the Solicitor's letter is attached as Exhibit "H").

19.     More than six months has passed since the Application was submitted and, to date, no decision has been rendered.

**II.     REQUEST THE WRIT OF MANDAMUS DIRECTING THE BOROUGH TO ISSUE A "DEEMED APPROVAL" TO THE APPLICATION SUBMITTED BY DB ON OCTOBER 28, 2020**

20.     Paragraphs 1 through 18 are incorporated herein by reference as though fully set forth at length.

Copying Prohibited

21.     The Pennsylvania Municipalities Planning Code, at Section 508, provides:

§ 508.   **Approval of Plats.** All applications for approval of a plat (other than those governed by Article VII), whether preliminary or final, shall be acted upon by the governing body or the planning agency within such time limits as may be fixed in the subdivision and land development ordinance but the governing body or the planning agency shall render its decision and communicate it to the applicant not later than 90 days following the date of the regular meeting of the governing body or the planning agency (whichever first reviews the application) next following the date the application is filed or after a final order of court remanding an application, provided that should the said next regular meeting occur more than 30 days following the filing of the application, or the final order of the court, the said 90-day period shall be measured from the 30th day following the day the application has been filed.

(1)     The decision of the governing body or the planning agency shall be in writing and shall be communicated to the applicant personally or mailed to him at his last known address not later than 15 days following the decision.

(2)     When the application is not approved in terms as filed the decision shall specify the defects found in the application and describe the requirements which have not been met and shall, in each case, cite to the provisions of the statute or ordinance relief upon.

(3)     Failure of the governing body of agency to render a decision and communicate it to the applicant within the time and in the manner required herein shall be deemed an approval of the application in terms as presented unless the applicant has agreed in writing to an extension of time or change in the prescribed manner of presentation of communication of the decision, in which case, failure to meet the extended time or change in manner of presentation of communication shall have like effect.

22.     More than six (6) months has passed since DB filed its land development Application.

23.     Despite repeated requests therefor, no decision on this Application has been rendered by the Borough.

Copying Prohibited

24.     The Borough, pursuant to the Municipalities Planning Code, had the duty to issue a decision relative to the Application in accordance with the timelines set forth hereinabove.

25.     Failure to satisfy the time requirements for the review of a land development Application entitles the Applicant to a deemed approval.

26.     Plaintiff continues to suffer immediate damage in that it is unable to construct his project and, with each passing day, the costs for construction materials and labor rises.

27.     Plaintiff has no other remedy at law to compel the issuance of the deemed approval to which he is entitled.

28.     Plaintiff has incurred, and will continue to incur costs and legal fees in connection with the prosecution of this action.

WHEREFORE, Plaintiff demands entry of judgment against the Defendant directing the "deemed approval" of its Application and further awarding costs and fees to Plaintiff in connection with the prosecution of this action.

Respectfully submitted,

Dated:  May 7, 2021          By:     /s/   Kaitlyn T. Searls
                                      Kaitlyn T. Searls, Esquire

# EXHIBIT "A"

Copying Prohibited

# Act 247 Folcroft

From: Andrew Hayman (manager@folcroftborough.org)

To: dbnewhomes@yahoo.com

Date: Wednesday, October 28, 2020, 2:45 PM EDT

Hi Davoud,

It was nice meeting you, earlier. Please see attached and let me know if it is acceptable.

Best,

Andrew N. Hayman
Manager
Borough of Folcroft
1555 Elmwood Ave
Folcroft, PA 19032
(610)522-1305


-----Original Message-----
From: Copier@folcroftborough.org [mailto:Copier@folcroftborough.org]
Sent: Wednesday, October 28, 2020 12:02 PM
To: manager@folcroftborough.org
Subject: Copier Scans

--------------------
TASKalfa 3252ci
[00:17:c8:28:f8:7e]
--------------------

 doc20201028120209.pdf
640.3kB

Copying Prohibited

# DELAWARE COUNTY PLANNING COMMISSION

## APPLICATION FOR ACT 247 REVIEW

**Incomplete applications will be returned and will not be considered "received" until all required information is provided.**

Please type or print legibly

### DEVELOPER/APPLICANT

Name DB Enterprises, Inc.　　　　　E-mail Davoud Baravordeh <dbnewhomes@yahoo.com>

Address 225 East Woodland Avenue  Springfield, PA 19064　　　Phone (610) 690-2901

Name of Development DB Enterprises, Inc.

Municipality Folcroft Borough

### ARCHITECT, ENGINEER, OR SURVEYOR

Name of Firm G. D. Houtman & Son, Inc.　　　Phone 610-565-6363

Address 139 East Baltimore Pike, Media, Pa  19063

Contact Gustave N. Houtmann, PE　　　E-mail gnh@gdhoutman.com

| Type of Review | Plan Status | Utilities Existing | Proposed | Environmental Characteristics |
|---|---|---|---|---|
| ☑ Zoning Change | ☐ Sketch | ☑ Public Sewerage | ☑ Public Sewerage | |
| ☑ Land Development | ☐ Preliminary | ☐ Private Sewerage | ☐ Private Sewerage | ☐ Wetlands |
| ☑ Subdivision | ☑ Final | ☑ Public Water | ☑ Public Water | ☐ Floodplain |
| ☐ PRD | ☐ Tentative | ☐ Private Water | ☐ Private Water | ☐ Steep Slopes |

Zoning District R-1 (Twin Use)

Tax Map # 20 / 04 / 349

Tax Folio # 20 / 09 / 00710 / _____ / 00

Page 1 of 2

Copying Prohibited

STATEMENT OF INTENT
WRITING "SEE ATTACHED PLAN" IS NOT ACCEPTABLE.

Existing and/or Proposed Use of Site/Buildings:

The applicant proposes the reverse subdivision of the parcels identified as Folios #20-00-00710-00 and #20-00-00711-00 and subsequent subdivison of

the combined tract into 4 lots. Four single family semi-detached (twin) units are to be constructed at the subdivided lots.

The identified existing parcels are currently vacant land with no site improvements.

Total Site Area                0.86                  Acres

Size of All Existing Buildings   0                   Square Feet

Size of All Proposed Buildings   2,800               Square Feet

Size of Buildings to be Demolished  0                Square Feet

DAVOUD BARAVODEH          _Developer's Signature_
Print Developer's Name                Developer's Signature

MUNICIPAL SECTION
ALL APPLICATIONS AND THEIR CONTENT ARE A MUNICIPAL RESPONSIBILITY.

Local Planning Commission      Regular Meeting_____

Local Governing Body           Regular Meeting_____

Municipal request for DCPD staff comments prior to DCPC meeting, to meet municipal meeting date:

Actual Date Needed _____

IMPORTANT: If previously submitted, show assigned DCPD File # _____

Andrew N. Hayman                        610-522-1305
Print Name and Title of Designated Municipal Official        Phone Number

_____                 10/28/2020
Official's Signature                          Date

FOR DCPD USE ONLY

Review Fee:        Check #_____   Amount $_____   Date Received_____

**Applications with _original_ signatures must be submitted to DCPD.**

Page 2 of 2

Copying Prohibited

Re: Act 247 Folcroft

From: Davoud Baravordeh (dbnewhomes@yahoo.com)

To: manager@folcroftborough.org

Date: Wednesday, October 28, 2020, 3:10 PM EDT

Thank you for getting back with me,

That is correct and that is the sheet I need which I am going to take it to county planning department for the review. Thanks again have a great day

Sent from Yahoo Mail for iPhone

On Wednesday, October 28, 2020, 2:45 PM, Andrew Hayman <manager@folcroftborough.org> wrote:

Hi Davoud,

It was nice meeting you, earlier. Please see attached and let me know if it is acceptable.

Best,

Andrew N. Hayman
Manager
Borough of Folcroft
1555 Elmwood Ave
Folcroft, PA 19032
(610)522-1305

-----Original Message-----
From: Copier@folcroftborough.org [mailto:Copier@folcroftborough.org]
Sent: Wednesday, October 28, 2020 12:02 PM
To: manager@folcroftborough.org
Subject: Copier Scans

--------------------
TASKalfa 3252ci
[00:17:c8:28:f8:7e]
--------------------

Copying Prohibited

RE: Act 247 Folcroft

From: Andrew Hayman (manager@folcroftborough.org)

To: dbnewhomes@yahoo.com

Date: Wednesday, October 28, 2020, 4:02 PM EDT

My pleasure. Thanks!

**Andrew N. Hayman**

Manager

Borough of Folcroft

1555 Elmwood Ave

Folcroft, PA 19032

(610)522-1305

---

**From:** Davoud Baravordeh [mailto:dbnewhomes@yahoo.com]
**Sent:** Wednesday, October 28, 2020 3:11 PM
**To:** Andrew Hayman
**Subject:** Re: Act 247 Folcroft

Thank you for getting back with me,

That is correct and that is the sheet I need which I am going to take it to county planning department for the review.

Thanks again have a great day

Sent from Yahoo Mail for iPhone

On Wednesday, October 28, 2020, 2:45 PM, Andrew Hayman <manager@folcroftborough.org> wrote:

Hi Davoud,

It was nice meeting you, earlier. Please see attached and let me know if it is acceptable.

Copying Prohibited

Best,

Andrew N. Hayman

Manager

Borough of Folcroft

1555 Elmwood Ave

Folcroft, PA 19032

(610)522-1305

-----Original Message-----

From: Copier@folcroftborough.org [mailto:Copier@folcroftborough.org]

Sent: Wednesday, October 28, 2020 12:02 PM

To: manager@folcroftborough.org

Subject: Copier Scans

--------------------

TASKalfa 3252ci

[00:17:c8:28:f6:7e]

--------------------

Copying Prohibited

# EXHIBIT "B"

Copying Prohibited



# DELAWARE COUNTY PLANNING DEPARTMENT

### 1055 E. Baltimore Pike – Suite 100
### Media, PA 19063
### Phone: (610) 891-5200
### Email: planning_department@co.delaware.pa.us

COUNCIL

BRIAN P. ZIDEK
CHAIRMAN

DR. MONICA TAYLOR
VICE CHAIR

KEVIN M. MADDEN
ELAINE PAUL SCHAEFER
CHRISTINE A. REUTHER

LINDA F. HILL
DIRECTOR

November 20, 2020

Ms. Marianne  French
Folcroft Borough
1555 Elmwood Avenue
Folcroft, PA  19032

RE: **Title:**            DB Enterprises, Inc.
    **Applicant(s):**   DB Enterprises, Inc.
    **File Number:**   18-6506-07-20
    **Meeting Date:**  12/17/2020
    **Municipality:**  Folcroft Borough
    **Location:**       West side of Folcroft Avenue, approx. 500' north
                    of Hook Road
    **Received:**       10/30/2020

Dear Ms. French,

    This is to acknowledge receipt of the above referenced application for review and report. The Commission has tentatively scheduled consideration of the application for its public meeting on the date shown above at 4:00 p.m. This meeting will be held online and available for public and applicant participation. For instructions to access the meeting, email giftp@co.delaware.pa.us Participation is not required but is welcomed.

    NOTE: In order to avoid processing delays, the DCPD file number shown above MUST be provided in any transactions with the county regarding this or future applications related to this location.

Very truly yours,

Michael A. Leventry
Manager, Plan and Ordinance Review

cc: DB Enterprises, Inc.
    G. D. Houtman and Son

Copying Prohibited

# EXHIBIT "C"

Copying Prohibited

# Count Planning Commission meeting link

From: Gift, Patricia (giftp@co.delaware.pa.us)

To: gbrown@swarthmore.edu; borough_manager@comcast.net; dmcgarry@upperdarbysd.org; tbrennan@navenewell.net; mgeassociates@gmail.com; wmattern@sharonbank.com; dave@damonengineers.com; markpossenti@comcast.net; dbnewhomes@yahoo.com; gnh@gdhoutman.com; manager@folcroftborough.org; okaneconstruction@verizon.net; rkwengineer@yahoo.com; geoff@thornbury.org; chadbaker@cfacorp.com; jthornton@maserconsulting.com; office@concordtownship.org; rpoole@mortonpa.org; jcohn@agri-kind.com; mjc@cataniaengineering.com; prykard@chestercity.com; boroughmanager@mediaborough.com; gneedles@upperchitwp.org; boroughmanager@glenoldenborough.org; LLaird@maserconsulting.com

Date: Friday, December 11, 2020, 11:06 AM EST

Your invitation for the Delaware County Planning Commission's December 17th public meeting is below. Applicants are invited, but not required to attend and no applicant presentation is required.

When you join the meeting we ask that you mute your microphone to allow everyone to hear the staff presentations clearly. You will be given an opportunity for questions and/or public comment after the presentation is complete. We also ask that you identify yourself and which plan you wish to speak about.

Linda Hill is inviting you to a scheduled Zoom meeting.

Topic: Delaware County Planning Commission

Time: Dec 17, 2020 03:45 PM Eastern Time (US and Canada)

Join Zoom Meeting

https://us02web.zoom.us/j/86102563018?pwd=M0htOTFDV2VLVDY3NEs0UXI4cVIzQT09

Meeting ID: 861 0256 3018

Passcode: 593281

One tap mobile

+19294362866,,86102563018#,,,,,,0#,,593281# US (New York)

+13017158592,,86102563018#,,,,,,0#,,593281# US (Washington D.C)

Dial by your location

+1 929 436 2866 US (New York)

+1 301 715 8592 US (Washington D.C)

+1 312 626 6799 US (Chicago)

+1 669 900 6833 US (San Jose)

+1 253 215 8782 US (Tacoma)

+1 346 248 7799 US (Houston)

Meeting ID: 861 0256 3018

Passcode: 593281

Find your local number: https://us02web.zoom.us/u/kD0kdyixp



**Patricia Gift**
Planning Technician
**Delaware County Planning Department**
1055 E. Baltimore Pike, Media, PA 19063 | Phone: (610) 891-5200 |

*The information contained in this email is intended only for the individual or entity to whom it is addressed. Its contents (including any attachments) may contain confidential and/or privileged information. If you are not the named addressee you should not disseminate, distribute or copy this email. Please notify the sender immediately by email if you have received this email in error and delete this email from your system*

# EXHIBIT "D"

Copying Prohibited



# DELAWARE COUNTY PLANNING DEPARTMENT

### 1055 E. Baltimore Pike – Suite 100
### Media, PA 19063
### Phone: (610) 891-5200
### Email: planning_department@co.delaware.pa.us

COUNCIL

BRIAN P. ZIDEK
CHAIRMAN

DR. MONICA TAYLOR
VICE CHAIR

KEVIN M. MADDEN
ELAINE PAUL SCHAEFER
CHRISTINE A. REUTHER

LINDA F. HILL
DIRECTOR

December 18, 2020

Mr. Andrew Hayman
Folcroft Borough
1555 Elmwood Avenue
Folcroft, PA 19032

RE:  Name of Dev't:      DB Enterprises, Inc.
     DCPD File No.:      18-6506-07-20
     Developer:         DB Enterprises, Inc.
     Location:          Southeast corner of Willows and Warwick
                        Avenues
     Recv'd in DCPD:    October 30, 2020

Dear Mr. Hayman:

In accordance with the provisions of Section 502 of the Pennsylvania Municipalities Planning Code, the above described proposal has been sent to the Delaware County Planning Commission for review. At a meeting held on December 17, 2020, the Commission took action as shown in the recommendation of the attached review.

Please refer to the DCPD file number shown above in any future communications related to this application.

Very truly yours,

Linda F. Hill
Director

cc:  DB Enterprises, Inc.
     G.D. Houtman & Son, Inc.

Copying Prohibited

# EXHIBIT "E"

Copying Prohibited

540 & 542 Folcroft Avenue

From: Davoud Baravordeh (dbnewhomes@yahoo.com)

To: manager@folcroftborough.org

Date: Monday, January 11, 2021, 1:37 PM EST

Dear Mr. Hayman.

I am checking in with you regarding the status of the application that we submitted to the Borough for approval to build at the above address. As you are aware, the Delaware County Planning Department has already approved the application on December 18, 2020.

Looking forward to your response. Have a great day!

*Sincerely,*

*D. Baravordeh*
*DB Enterprises, Developers, Builders, Inc.*

*Office: 610-690-2901*
*Direct: 610-476-2399*
*Fax: 610-690-8006*

*www.dbnewhomes.com*
"Building With You In Mind"

Copying Prohibited

## Fw: 540 & 542 Folcroft Avenue

From: Davoud Baravordeh (dbnewhomes@yahoo.com)

To: manager@folcroftborough.org

Date: Tuesday, January 26, 2021, 9:13 AM EST

Good morning Mr. Hayman,

I appreciate your response to status of the development .

Sincerely,

*D. Baravordeh*
*DB Enterprises, Developers, Builders, Inc.*

*Office: 610-690-2901*
*Direct: 610-476-2399*
*Fax:    610-690-8006*

*www.dbnewhomes.com*
"Building With You In Mind"

---

----- Forwarded Message -----
**From:** Davoud Baravordeh <dbnewhomes@yahoo.com>
**To:** Andrew Hayman <manager@folcroftborough.org>
**Sent:** Monday, January 11, 2021, 01:37:02 PM EST
**Subject:** 540 & 542 Folcroft Avenue

Dear Mr. Hayman.

I am checking in with you regarding the status of the application that we submitted to the Borough for approval to build at the above address. As you are aware, the Delaware County Planning Department has already approved the application on December 18, 2020.

Looking forward to your response. Have a great day!

Sincerely,

*D. Baravordeh*
*DB Enterprises, Developers, Builders, Inc.*

*Office: 610-690-2901*
*Direct: 610-476-2399*
*Fax:    610-690-8006*

Copying Prohibited

# EXHIBIT "F"

Copying Prohibited

**DB Enterprises** — Developers/Builders, Inc.

*Building with you in mind*

245 East Woodland Avenue • Springfield Pa 19064
610 690 2901
Fax: 610 690 8006

Mr. Andrew Hayman
Folcroft Borough
1555 Elmwood Avenue
Folcroft, PA 19032

March 9, 2021

RE: 540 & 542 Folcroft Avenue

Dear Mr. Hayman,

On October 28, 2020, I met with you and personally hand delivered to you a package that enclosed the application for Land Development and Subdivision pertaining to the above referenced location. The same was also delivered to the Delaware County Planning Department for their review and approval.

Delaware County Planning Department addressed a letter to you dated December 18, 2020, copying DB Enterprises, Inc. and G.D. Houtman & Son, Inc. The recommendations provided in that letter were approval for the subdivision and approval for the land development.

Since the date of the letter, I have attempted to reach you several times for the status of Folcroft Borough's decision on my proposed plans. Emails dated January 11, 2021 and January 26, 2021 were sent to you requesting the status, but there has not been a response received to date. Multiple phone calls were made to your office as well in attempt to reach you and request the status. I was provided with a phone number to call, which belongs to Catania Engineering.

The Municipal Planning Code requires an application be reviewed and a response provided within ninety (90) days. Please provide me with the Borough's decision to the application submitted.

Best Regards,

D. Baravordeh
DB Enterprises, Inc.

cc: G.D. Houtman & Son, Inc.
    Kaplin Stewart Meloff Reiter & Stein P.C.

Copying Prohibited



First-Class
Letter
Folcroft, PA 19032
0.50 oz
19064

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

FOLCROFT PA 19032 USE

| Certified Mail Fee | $3.60 | 0843 |
| Extra Services & Fees (check box, add fee as appropriate) | | |
| ☐ Return Receipt (hardcopy) | $_____ | |
| ☐ Return Receipt (electronic) | $0.00 | |
| ☐ Certified Mail Restricted Delivery | $0.00 | |
| ☐ Adult Signature Required | $0.00 | |
| ☐ Adult Signature Restricted Delivery | $0.00 | |
| Postage | $0.55 | |
| Total Postage and Fees | $7.00 | |

Sent To _Folcroft Borough Attn: Andrew Haymel_
Street and Apt. No., or PO Box No. _1555 Elmwood Ave_
City, State, ZIP+4® _Folcroft PA 19032_

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

POSTMARK
Here
MAR 1 2021
SPRINGFIELD RETAIL STATION

7020 1810 0000 0073 2644

All sales final on stamps and postage.

www.littleloyalty.com

Earn rewards on your business account
purchases of Priority Mail labels
with the USPS Loyalty Program by
using Click and Ship. Visit
www.usps.com/smallbizloyalty
for more info.

Copying Prohibited

# EXHIBIT "G"

Copying Prohibited



**Enterprises**    Developers/Builders Inc.

Building with you in mind
255 East Woodland Avenue * Springfield Pa 19064
610-476-2399

Andrew Hayman           4/6/2021
Folcroft Borough Manager .

Dear Mr. Hayman
Enclosed is a check for $390.00 As per your instruction

DB Enterprises does not waive any rights under deemed
Approval of the Subdivision For 540 and 542 for folcroft
Avenue .

As you know this plan was submitted October 28, 2020,And
was approved by Delaware County planning department.

Thank you .

Sincerely.

D Baravordeh.

4/6/2021

Copying Prohibited

THIS CHECK IS PROTECTED BY A VOID PANTOGRAPH, MICROPRINT SIGNATURE LINE AND A HEAT SENSITIVE PADLOCK ICON. ADDITIONAL SECURITY FEATURES ARE LISTED ON BACK

DB, ENTERPRISE DEVELOPMENT, BUILDERS INC.
255 E. WOOLAND AVE.
SPRINGFIELD, PA 19064



SANTANDER BANK, N.A.

60-7269/2313

004042

PAY TO THE
ORDER OF _____ Folcroft Borough _____ $ **390.00

Three Hundred Ninety and 00/100**********************************************************************************  DOLLARS

1555 Elmwood Ave.
Folcroft pa.

04/06/21

MEMO _____ 540 /542 Folcroft /.plan was submit it October _____

AUTHORIZED SIGNATURE

⑆004042⑆ ⑈231372691⑈ 28291212754⑆

Copying Prohibited

ENDORSE HERE

**For Deposit Only**
**Folcroft Boro General Fund**
**Acct # 1496921**

DO NOT SIGN BELOW

1595077002510O  04-22-2021
Republic First Bank
Philadelphia, PA >036002247<

Copying Prohibited

# EXHIBIT "H"

Copying Prohibited



# KILKENNY LAW

**519 Swede Street • Norristown, PA 19401**
**(484) 679-8150**

April 8, 2021

Copyright Prohibited

*Via E-mail Transmission to dbnewhomes@yahoo.com*
Davoud Baravordeh
DB Enterprises, Developers/Builders, Inc.

*Re: Subdivision and Land Development Application for 540-542 Folcroft Avenue*

Dear Mr. Baravordeh:

Please be advised that this firm serves as the appointed Solicitor to Folcroft Borough, Delaware County (the "Borough"). We have had occasion to speak with the Borough Manager and review your letter dated April 6, 2021 regarding the issue of a deemed approval of your land development application.

It is the Borough's position that the application submitted October 28, 2020 was at all times administratively incomplete for failure to render payment of the application filing fee to the Borough. Pursuant to the Pennsylvania Municipalities Planning Code and the Delaware County Subdivision and Land Development Ordinance your application became administratively complete upon the payment of the application fee on April 6, 2021. As a result, the ninety (90) day approval deadline did not begin to run until April 6, 2021. The Borough Council will entertain a vote on a land development approval resolution for your application at its regular meeting on May 25, 2021.

Sincerely,

**KILKENNY LAW, LLC**

Alex J. Baumler
*Solicitor for Folcroft Borough*

Cc: Andrew Hayman
      Folcroft Borough Manager

1

## VERIFICATION

I, Davoud Baravordeh, hereby state that the facts set forth in the Complaint are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsifications to authorities.

_____
Davoud Baravordeh

Copying Prohibited

McNichol, Byrne & Matlawski, P.C.      By: Kaitlyn T. Searls, Esquire
1223 N Providence Road                 Attorney I.D. No. 311237
Media, PA 19063                        *Attorney for Plaintiff*
Phone: (610) 565-4322
Facsimile: (610) 565-9531

---

**IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PA**
**CIVIL ACTION – LAW**

DB ENTERPRISES DEVELOPERS          :
BUILDERS, INC.                     :
255 E. Woodland Avenue             :     Civil Action
Springfield, PA 19064              :
                                   :
            Plaintiff              :     No.:
                                   :
    v.                             :
                                   :     JURY TRIAL DEMANDED
FOLCROFT BOROUGH                   :
155 ELMWOOD AVENUE                 :
FOLCROFT, PA 19032                 :
                                   :
            Defendant.             :

---

**CERTIFICATE OF SERVICE**

I, Kaitlyn T. Searls, Esquire, hereby certify that I served a true and correct copy of the

Complaint In Manamus via U.S. Mail, postage prepaid, upon the following on May 7, 2021:


Folcroft Borough
155 Elmwood Avenue
Folcroft, PA 19032



_/s/ Kaitlyn T. Searls_
Kaitlyn T. Searls, Esquire

Exhibit "B"



# FOLCROFT BOROUGH
## DELAWARE COUNTY, PENNSYLVANIA

## RESOLUTION NO. 2021-_06_

A RESOLUTION GRANTING PRELIMINARY/FINAL LAND DEVELOPMENT APPROVAL WITH CONDITIONS TO DB ENTERPRISES DEVELOPER-BUILDERS, INC., FOR THE SUBDIVISION OF TWO LOTS TOTALING 37,537 SQUARE FEET INTO FOUR LOTS AND THE DEVELOPMENT OF TWO SEMI-DETACHED SINGLE-FAMILY DWELLINGS (TWINS) THEREUPON AT THE PROPERTY LOCATED AT 540-542 FOLCROFT AVENUE, FOLCROFT, DELAWARE COUNTY, PENNSYLVANIA.

WHEREAS, DB Enterprises Developer-Builders, Inc. (the "Applicant") filed an application with Folcroft Borough requesting approval with certain waivers (the "Land Development Application) for the subdivision of two lots totaling 37,537 square feet into four lots for the construction of two semi-detached single-family dwellings (twins) (the "Project); and

WHEREAS, the Applicant has submitted a land development plan in support of the Land Development Application entitled "Subdivision Plan of Property for DB Enterprises, Inc." prepared by G.D. Houtman & Sons, Inc., dated October 26, 2020, consisting of Sheets 1 to 4 of 4 (the "Plans"). The Plans are attached hereto as **Exhibit "A"** and incorporated herein by reference; and

WHEREAS, the Plans involve the property owned by the Applicant located at 540-542 Folcroft Avenue, Folcroft, PA 19032, Delaware County, Tax Parcel Number 20-00-00711-00; and

WHEREAS, The subject property located at 540-542 Folcroft Avenue is within the Folcroft Borough's R-1–Residential Zoning District and is currently vacant which the Applicant is proposing to subdivide the two lots totaling 37,537 square feet into four lots for the construction of two semi-detached single-family dwellings (twins) with attendant curbing, sidewalks, fencing, landscaping, stormwater structures, lighting and parking area improvements; and

WHEREAS, the Applicant has requested waivers from requirements set forth in the Delaware County Subdivision and Land Development Ordinance, more fully referenced in Paragraph 10 below; and

WHEREAS, the Borough Engineer has reviewed Applicant's Preliminary/Final Land Development Plans and has recommended their approval, subject to the conditions set forth in the review letter dated May 20, 2021, attached hereto as **Exhibit "B"**, and incorporated herein by reference; and

WHEREAS, The Delaware County Planning Department has reviewed Applicant's Preliminary/Final Land Development Plans and has recommended their approval, subject to the comments set forth in the review letter dated December 17, 2020, attached hereto as **Exhibit "C"** and incorporated herein by reference; and

WHEREAS, The Folcroft Borough Planning Commission has reviewed Applicant's Preliminary/Final Land Development Plans at its meeting held May 20, 2021 and has recommended their approval; and

1

**WHEREAS,** the Borough Council of Folcroft Borough has determined that based on the testimony of the Applicant and reviews of Borough Consultants, Applicant has satisfactorily established that Conditional Final Land Development Approval will not be contrary to the public interest.

**NOW, THEREFORE, BE IT RESOLVED,** by the Borough Council of Folcroft Borough that the Applicant's Preliminary/Final Land Development Plans are hereby granted Conditional Final Land Development Approval, subject to the satisfaction of the following conditions by the Applicant:

1.     Except as modified herein, Applicant shall comply with all other applicable Borough Ordinances, County, Commonwealth and Federal statutes, rules, and regulations, and obtain all applicable permits and approvals including but not limited to, obtaining the approval of the fire marshal, sewage connection permits, grading permits, building permits, obtaining the approval of FEMA, PennDOT highway occupancy permits, and PADEP permits.

2.     Applicant shall strictly comply with all applicable Americans With Disabilities Act accessibility standards as promulgated by the Department of Justice and the International Code Council, ANSI 117.1, for the construction of accessible facilities, including, but not limited to, handicapped parking spaces on the Property.

3.     Final Land Development approval is expressly conditioned upon the obligation of the Applicant's compliance with all conditions and comments set forth in the Borough Engineer's review letter attached hereto as **Exhibit "B".**

4.     Final Land Development approval is expressly conditioned upon the obligation of the Applicant's compliance will all conditions and comments set forth in the Delaware County Planning Department review letter dated December 17, 2020, attached hereto as **Exhibit "C".**

5.     Applicant shall enter into a Land Development and an Improvements Financial Security Agreement with the Borough to be prepared by the Borough Solicitor and executed prior to the start of construction.

6.     Applicant shall provide a blanket easement for all stormwater management facilities to provide ingress to and egress from a public right-of-way and shall provide utility easements for public sewer and water, domestic and fire, by Folcroft Borough and DELCORA.

7.     The Applicant shall enter into a Stormwater Management Facilities Agreement with the Borough for perpetual ownership and maintenance of proposed stormwater Best Management Practices, to be prepared by the Borough Solicitor and executed prior to the start of construction.

8.     The Applicant shall draft deed restriction language to the satisfaction of the Borough Solicitor to be placed on the recorded plans for subdivided lot number four ("Lot 4")

2

which prohibits further subdivision and development of this lot. The Applicant shall record and index the same with the Delaware County Recorder of Deeds.

       9.     Applicant shall include a note to the final recorded plan which indicates that new curb and sidewalk shall be installed along Folcroft Avenue along the entire Property frontage.

      10.    Further, the Borough Council takes the following action as to the Applicant's request for waivers from the requirements of the Delaware County "Subdivision and Land Development" Ordinance as adopted by the Borough in the Folcroft Borough Code of Ordinances:

      A.  § 201.2: From the requirement to obtain preliminary plan approval prior to submitting plans for final approval. The proposed land development is being submitted for a combined preliminary/final plan approval.

          ☐    Granted       ☐    Denied

      B.  § 205.3(6): From the requirement to show all significant features within two hundred (200') feet of the site on the plan.

          ☐    Granted       ☐    Denied

      11.    This Resolution will expire five (5) years from the date of this Resolution, unless extended in writing by the Borough.

      12.    This Conditional Final Land Development Approval does not and shall not authorize the construction of improvements or buildings exceeding those shown on the Plans. Furthermore, this Conditional Final Land Development Approval shall be rescinded automatically upon the Applicant's or the Applicant's agent's failure to accept, in writing, all conditions herein imposed within ten (10) days of receipt of this Resolution, such acceptance to be evidenced by the Applicant's or the Applicant's agent's signature below.

      13.    By approving this Resolution, the Applicant is signifying acceptance of the conditions contained herein.

3

**DULY PRESENTED AND ADOPTED** by the Borough Council of Folcroft Borough,

Delaware County, Pennsylvania, this 25th day of May, 2021.

Attest:                                              **FOLCROFT BOROUGH COUNCIL**

_____                    By: _____
Andrew Hayman, Secretary                       Joseph Papaleo, President

In the event that the executed Resolution is not delivered to the Borough within ten (10) days of receipt, it shall be deemed that the Applicant does not accept these conditions, and approvals conditioned upon its acceptance are revoked, and the application is considered denied for the reasons set forth above.

ACCEPTED BY:

**DB Enterprises Developer-Builders, Inc.**

By: _____
Name:
Date:

4

Copying Prohibited

Exhibit "M"





**WEEDS, INC.**

INDUSTRIAL WEED CONTROL
250 BODLEY ROAD
ASTON, PA 19014
OFFICE (610) 358-9430   FAX (610) 358-9438

| | |
|---|---|
| Invoice No. | 0060571 |
| Invoice Date | 4/27/2023 |
| Job No. | P2-23-347 |
| Payment Terms | NET 30 |
| PO No. | VERBAL |
| Cust No. | DB ENTERPRISES |
| Quote No. | Q-P2-2367 |

DB ENTERPRISES
DAVOUD BARAVORDEH
255 E WOODLAND AVENUE
SPRINGFIELD PA   19064

**Job Location:**

540 & 542 FOLCROFT AVENUE
FOLCROFT PA

| | |
|---|---|
| 4/26/23 Weed Control<br>Application to lot to kill off vegetation. | $400.00 |

Copying Prohibited

| | |
|---|---|
| Subtotal | $400.00 |
| Tax | $0.00 |
| Freight | $0.00 |
| Deposit | $0.00 |
| Total | $400.00 |

Terms Net 30 Days. All invoices over 30 Days old will be subject to a service charge of 1 1/2% per month.

A surcharge fee will be applied for credit card payments.

FILED
10-02-2023 03:56 PM
OFFICE OF JUDICIAL SUPPORT
DELAWARE COUNTY, PA.

Exhibit "N"

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF DELAWARE



# ORDER IMPOSING SENTENCE

| | |
|---|---|
| Mag. Dist. No: | MDJ-32-2-40 |
| MDJ Name: | Honorable Steven A. Sandone |
| Address: | 11 Bartram Avenue |
| | Glenolden, PA 19036 |
| Telephone: | 610-583-6646 |

Commonwealth of Pennsylvania
v.
David Baravordeh

David Baravordeh
255 E Woodland Ave
Springfield, PA 19064

Docket No: MJ-32240-NT-0000567-2023
Case Filed: 5/24/2023
OTN:

| Charge(s) | |
|---|---|
| LO § 457-5 §§ A (Lead) | High vegetation including, but not limited to grass, weeds and hedges |

## THIS IS TO NOTIFY YOU THAT:

On August 03, 2023, your trial on the above charge(s) was held in the Magisterial District Court listed above in your absence pursuant to Pa. R.Crim.P 455  You were found guilty and sentenced to the following:

### Fines, Costs, and Restitution

(Payments shall be made at the Magisterial District Court listed above. Payment is due immediately unless a payment plan schedule has been established and issued by the Magisterial District Judge.)

| Collateral Amount: | $0.00 | | | | |
|---|---|---|---|---|---|
| Fines: | $100.00 | Fines: | $0.00 | Fines: | $100.00 |
| Costs: | $98.25 | Costs: | $0.00 | Costs: | $98.25 |
| Restitution: | $0.00 | Restitution: | $0.00 | Restitution: | $0.00 |
| Total | $198.25 | Paid to date | $0.00 | Case Balance | $198.25 |

You have the right to appeal to the Court of Common Pleas within 30 days for a trial de novo. If you choose to file an appeal, you must appear for the trial de novo in the Court of Common Pleas or your appeal may be dismissed. If you are found not guilty, any money previously paid in this case will be returned to you. If you have any questions, please call this office immediately.

August 08, 2023
_____
Date

*Steven A. Sandone*
_____
Magisterial District Judge Steven A. Sandone



FREE INTERPRETER
www.pacourts.us/language-rights
610-565-6990

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF DELAWARE



# ORDER IMPOSING SENTENCE

Commonwealth of Pennsylvania
v.
David Baravordeh

| | |
|---|---|
| Mag. Dist. No: | MDJ-32-2-40 |
| MDJ Name: | Honorable Steven A. Sandone |
| Address: | 11 Bartram Avenue |
| | Glenolden, PA 19036 |
| Telephone: | 610-583-6646 |

David Baravordeh
255 E Woodland Ave
Springfield, PA 19064

Docket No: MJ-32240-NT-0000563-2023
Case Filed: 5/24/2023
OTN:

| Charge(s) | |
|---|---|
| LO § 457-5 §§ A (Lead) | High vegetation including, but not limited to grass, weeds and hedges |

## THIS IS TO NOTIFY YOU THAT:

On August 03, 2023, your trial on the above charge(s) was held in the Magisterial District Court listed above in your absence pursuant to Pa. R.Crim.P. 455. You were found guilty and sentenced to the following:

### Fines, Costs, and Restitution

(Payments shall be made at the Magisterial District Court listed above. Payment is due immediately unless a payment plan schedule has been established and issued by the Magisterial District Judge.)

| Collateral Amount: | $0.00 | | | | |
|---|---|---|---|---|---|
| Fines: | $100.00 | Fines: | $0.00 | Fines: | $100.00 |
| Costs: | $98.25 | Costs: | $0.00 | Costs: | $98.25 |
| Restitution | $0.00 | Restitution | $0.00 | Restitution | $0.00 |
| Total | $198.25 | Paid to date | $0.00 | Case Balance | $198.25 |

You have the right to appeal to the Court of Common Pleas within 30 days for a trial de novo. If you choose to file an appeal, you must appear for the trial de novo in the Court of Common Pleas or your appeal may be dismissed. If you are found not guilty, any money previously paid in this case will be returned to you. If you have any questions, please call this office immediately.

August 08, 2023
_____
Date



Magisterial District Judge Steven A. Sandone

You can make case payments online through Pennsylvania's Unified Judicial System web portal. Visit the portal at
*https://ujsportal.pacourts.us/PAePayFCR* to make a payment.

MDJS 581
Printed: 08/08/2023 10:19:38AM

1

FREE INTERPRETER
www.pacourts.us/language-rights
610-565-6990

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF DELAWARE



**ORDER IMPOSING SENTENCE**

| | |
|---|---|
| Mag. Dist. No: | MDJ-32-2-40 |
| MDJ Name: | Honorable Steven A. Sandone |
| Address: | 11 Bartram Avenue<br>Glenolden, PA 19036 |
| Telephone: | 610-583-6646 |

Commonwealth of Pennsylvania
v.
David Baravordeh

David Baravordeh
255 E Woodland Ave
Springfield, PA 19064

Docket No: MJ-32240-NT-0000565-2023
Case Filed: 5/24/2023
OTN:

| Charge(s) | |
|---|---|
| LO § 457-5 §§ A (Lead) | High vegetation including, but not limited to grass, weeds and hedges |

**THIS IS TO NOTIFY YOU THAT:**

On August 03, 2023, your trial on the above charge(s) was held in the Magisterial District Court listed above in your absence pursuant to Pa. R.Crim.P 455. You were found guilty and sentenced to the following:

Fines, Costs, and Restitution

(Payments shall be made at the Magisterial District Court listed above. Payment is due immediately unless a payment plan schedule has been established and issued by the Magisterial District Judge.)

| Collateral Amount: | $0.00 | | | | |
|---|---|---|---|---|---|
| Fines: | $100.00 | Fines: | $0.00 | Fines: | $100.00 |
| Costs: | $98.25 | Costs: | $0.00 | Costs: | $98.25 |
| Restitution: | $0.00 | Restitution: | $0.00 | Restitution: | $0.00 |
| **Total** | **$198.25** | **Paid to date** | **$0.00** | **Case Balance** | **$198.25** |

You have the right to appeal to the Court of Common Pleas within 30 days for a trial de novo. If you choose to file an appeal, you must appear for the trial de novo in the Court of Common Pleas or your appeal may be dismissed. If you are found not guilty, any money previously paid in this case will be returned to you. If you have any questions, please call this office immediately.

August 07, 2023                    *Steven A. Sandone*

Date                    Magisterial District Judge Steven A. Sandone

You can make case payments online through Pennsylvania's Unified Judicial System web portal. Visit the portal at
*https://ujsportal.pacourts.us/PAePayFCR* to make a payment.

MDJS 581
Printed: 08/07/2023 4:19:46PM

1

FREE INTERPRETER
www.pacourts.us/language-rights
610-565-6990

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF DELAWARE

# ORDER IMPOSING SENTENCE

Commonwealth of Pennsylvania
v.
David Baravordeh

| | |
|---|---|
| Mag. Dist. No: | MDJ-32-2-40 |
| MDJ Name: | Honorable Steven A. Sandone |
| Address: | 11 Bartram Avenue |
| | Glenolden, PA 19036 |
| Telephone: | 610-583-6646 |

David Baravordeh
255 E Woodland Ave
Springfield, PA 19064

Docket No: MJ-32240-NT-0000566-2023
Case Filed: 5/24/2023
OTN:

| Charge(s) | |
|---|---|
| LO § 457-5 §§ A (Lead) | High vegetation including, but not limited to grass, weeds and hedges |

**THIS IS TO NOTIFY YOU THAT:**

On August 03, 2023, your trial on the above charge(s) was held in the Magisterial District Court listed above in your absence pursuant to Pa. R.Crim.P 455. You were found guilty and sentenced to the following:

## Fines, Costs, and Restitution

(Payments shall be made at the Magisterial District Court listed above. Payment is due immediately unless a payment plan schedule has been established and issued by the Magisterial District Judge.)

| Collateral Amount: | $0.00 | | | | |
|---|---|---|---|---|---|
| Fines: | $100.00 | Fines: | $0.00 | Fines: | $100.00 |
| Costs: | $40.25 | Costs: | $0.00 | Costs: | $40.25 |
| Restitution: | $0.00 | Restitution: | $0.00 | Restitution: | $0.00 |
| Total | $140.25 | Paid to date | $0.00 | Case Balance | $140.25 |

You have the right to appeal to the Court of Common Pleas within 30 days for a trial de novo. If you choose to file an appeal, you must appear for the trial de novo in the Court of Common Pleas or your appeal may be dismissed. If you are found not guilty, any money previously paid in this case will be returned to you. If you have any questions, please call this office immediately.

August 07, 2023

*Steven A. Sandone*

Date

Magisterial District Judge Steven A. Sandone

You can make case payments online through Pennsylvania's Unified Judicial System web portal. Visit the portal at
*https://ujsportal.pacourts.us/PAePayFCR* to make a payment.

MDJS 581
Printed: 08/07/2023  4:20:40PM

1

FREE INTERPRETER
www.pacourts.us/language-rights
610-565-6990

Copying Prohibited

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF DELAWARE



# ORDER IMPOSING SENTENCE

| Mag. Dist. No: | MDJ-32-2-40 |
| --- | --- |
| MDJ Name: | Honorable Steven A. Sandone |
| Address: | 11 Bartram Avenue |
| | Glenolden, PA 19036 |
| Telephone: | 610-583-6646 |

David Baravordeh
255 E Woodland Ave
Springfield, PA 19064

Commonwealth of Pennsylvania
v.
David Baravordeh

Docket No: MJ-32240-NT-0000572-2023
Case Filed: 5/24/2023
OTN:

| Charge(s) | |
| --- | --- |
| LO § 457-5 §§ A (Lead) | High vegetation including, but not limited to grass, weeds and hedges |

## THIS IS TO NOTIFY YOU THAT:

On August 03, 2023, your trial on the above charge(s) was held in the Magisterial District Court listed above in your absence pursuant to Pa. R.Crim.P 455. You were found guilty and sentenced to the following:

### Fines, Costs, and Restitution

(Payments shall be made at the Magisterial District Court listed above. Payment is due immediately unless a payment plan schedule has been established and issued by the Magisterial District Judge.)

| Collateral Amount: | $0.00 | | | | |
| --- | --- | --- | --- | --- | --- |
| Fines: | $100.00 | Fines: | $0.00 | Fines: | $100.00 |
| Costs: | $98.25 | Costs: | $0.00 | Costs: | $98.25 |
| Restitution: | $0.00 | Restitution: | $0.00 | Restitution: | $0.00 |
| **Total** | $198.25 | **Paid to date** | $0.00 | **Case Balance** | $198.25 |

You have the right to appeal to the Court of Common Pleas within 30 days for a trial de novo. If you choose to file an appeal, you must appear for the trial de novo in the Court of Common Pleas or your appeal may be dismissed. If you are found not guilty, any money previously paid in this case will be returned to you. If you have any questions, please call this office immediately.

August 07, 2023

_Steven A. Sandone_

Date

Magisterial District Judge Steven A. Sandone

Copying Prohibited

You can make case payments online through Pennsylvania's Unified Judicial System web portal. Visit the portal at
*https://ujsportal.pacourts.us/PAePayFCR* to make a payment.



FREE INTERPRETER
www.pacourts.us/language-rights
610-565-6990

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF DELAWARE



# ORDER IMPOSING SENTENCE

| Mag. Dist. No: | MDJ-32-2-40 |
| --- | --- |
| MDJ Name: | Honorable Steven A. Sandone |
| Address: | 11 Bartram Avenue |
| | Glenolden, PA 19036 |
| Telephone: | 610-583-6646 |

David Baravordeh
255 E Woodland Ave
Springfield, PA 19064

Commonwealth of Pennsylvania
v.
David Baravordeh

Docket No:  MJ-32240-NT-0000571-2023
Case Filed:  5/25/2023
OTN:

| Charge(s) | |
| --- | --- |
| LO § 457-5 §§ A (Lead) | High vegetation including, but not limited to grass, weeds and hedges |

**THIS IS TO NOTIFY YOU THAT:**

On August 03, 2023, your trial on the above charge(s) was held in the Magisterial District Court listed above in your absence pursuant to Pa. R.Crim.P 455. You were found guilty and sentenced to the following:

### Fines, Costs, and Restitution

(Payments shall be made at the Magisterial District Court listed above. Payment is due immediately unless a payment plan schedule has been established and issued by the Magisterial District Judge.)

| Collateral Amount: | $0.00 | | | | |
| --- | --- | --- | --- | --- | --- |
| Fines: | $100.00 | Fines: | $0.00 | Fines: | $100.00 |
| Costs: | $98.25 | Costs: | $0.00 | Costs: | $98.25 |
| Restitution: | $0.00 | Restitution: | $0.00 | Restitution: | $0.00 |
| **Total** | **$198.25** | **Paid to date** | **$0.00** | **Case Balance** | **$198.25** |

You have the right to appeal to the Court of Common Pleas within 30 days for a trial de novo. If you choose to file an appeal, you must appear for the trial de novo in the Court of Common Pleas or your appeal may be dismissed. If you are found not guilty, any money previously paid in this case will be returned to you. If you have any questions, please call this office immediately.

August 07, 2023
———————————
Date

*Steven A. Sandone*
———————————
Magisterial District Judge Steven A. Sandone

You can make case payments online through Pennsylvania's Unified Judicial System web portal. Visit the portal at
*https://ujsportal.pacourts.us/PAePayFCR* to make a payment.

MDJS 581
Printed: 08/07/2023  4:23:33PM

1

FREE INTERPRETER
www.pacourts.us/language-rights
610-565-6990

**WEEDS, INC.**

| | |
|---|---|
| Invoice No. | 0060571 |
| Invoice Date | 4/27/2023 |

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF DELAWARE



## ORDER IMPOSING SENTENCE

Commonwealth of Pennsylvania
v.
David Baravordeh

| | |
|---|---|
| Mag. Dist. No: | MDJ-32-2-40 |
| MDJ Name: | Honorable Steven A. Sandone |
| Address: | 11 Bartram Avenue |
| | Glenolden, PA 19036 |
| Telephone: | 610-583-6646 |

David Baravordeh
255 E Woodland Ave
Springfield, PA 19064

| | |
|---|---|
| Docket No: | MJ-32240-NT-0000568-2023 |
| Case Filed: | 5/24/2023 |
| OTN: | |

| Charge(s) | |
|---|---|
| LO § 457-5 §§ A (Lead) | High vegetation including, but not limited to grass, weeds and hedges |

**THIS IS TO NOTIFY YOU THAT:**
On August 03, 2023, your trial on the above charge(s) was held in the Magisterial District Court listed above in your absence pursuant to Pa. R.Crim.P 455. You were found guilty and sentenced to the following:

Fines, Costs, and Restitution

(Payments shall be made at the Magisterial District Court listed above. Payment is due immediately unless a payment plan schedule has been established and issued by the Magisterial District Judge.)

| Collateral Amount: | $0.00 | | | | |
|---|---|---|---|---|---|
| Fines: | $100.00 | Fines: | $0.00 | Fines: | $100.00 |
| Costs: | $98.25 | Costs: | $0.00 | Costs: | $98.25 |
| Restitution: | $0.00 | Restitution: | $0.00 | Restitution: | $0.00 |
| Total | $198.25 | Paid to date | $0.00 | Case Balance | $198.25 |

You have the right to appeal to the Court of Common Pleas within 30 days for a trial de novo. If you choose to file an appeal, you must appear for the trial de novo in the Court of Common Pleas or your appeal may be dismissed. If you are found not guilty, any money previously paid in this case will be returned to you. If you have any questions, please call this office immediately.

| August 07, 2023 | _Steven A. Sandone_ |
|---|---|
| Date | Magisterial District Judge Steven A. Sandone |

You can make case payments online through Pennsylvania's Unified Judicial System web portal. Visit the portal at
***https://ujsportal.pacourts.us/PAePayFCR*** to make a payment.



FREE INTERPRETER
www.pacourts.us/language-rights
610-565-6990

Copying Prohibited



Invoice No. **0060571**

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF DELAWARE



# ORDER IMPOSING SENTENCE

Commonwealth of Pennsylvania
v.
David Baravordeh

| | |
|---|---|
| Mag. Dist. No: | MDJ-32-2-40 |
| MDJ Name: | Honorable Steven A. Sandone |
| Address: | 11 Bartram Avenue<br>Glenolden, PA  19036 |
| Telephone: | 610-583-6646 |

David Baravordeh
255 E Woodland Ave
Springfield, PA  19064

Docket No: MJ-32240-NT-0000569-2023
Case Filed: 5/24/2023
OTN:

| Charge(s) |
|---|
| LO § 457-5 §§ A (Lead)    High vegetation including, but not limited to grass, weeds and hedges |

## THIS IS TO NOTIFY YOU THAT:

On August 03, 2023, your trial on the above charge(s) was held in the Magisterial District Court listed above in your absence pursuant to Pa. R.Crim.P 455. You were found guilty and sentenced to the following:

### Fines, Costs, and Restitution

(Payments shall be made at the Magisterial District Court listed above. Payment is due immediately unless a payment plan schedule has been established and issued by the Magisterial District Judge.)

| Collateral Amount: | $0.00 | | | | |
|---|---|---|---|---|---|
| Fines: | $100.00 | Fines: | $0.00 | Fines: | $100.00 |
| Costs: | $98.25 | Costs: | $0.00 | Costs: | $98.25 |
| Restitution: | $0.00 | Restitution: | $0.00 | Restitution: | $0.00 |
| Total | $198.25 | Paid to date | $0.00 | Case Balance | $198.25 |

You have the right to appeal to the Court of Common Pleas within 30 days for a trial de novo. If you choose to file an appeal, you must appear for the trial de novo in the Court of Common Pleas or your appeal may be dismissed. If you are found not guilty, any money previously paid in this case will be returned to you. If you have any questions, please call this office immediately.

August 07, 2023
_____
Date

*Steven A. Sandone*
_____
Magisterial District Judge Steven A. Sandone




FREE INTERPRETER
www.pacourts.us/language-rights
610-565-6990

FILED
08/07/2023 03:56 PM
OFFICE OF JUDICIAL SUPPORT
DELAWARE COUNTY, PA

Exhibit "O"



# Fwd: DB Enterprises Permits



From: Jim Byrne (jjbyrne@mbmlawoffice.com)

To: DBnewhomes@yahoo.com

Date: Tuesday, April 4, 2023, 11:58 AM EDT

Sent from my iPad

Begin forwarded message:

> **From:** James Gallagher <james@skilkennylaw.com>
> **Date:** March 23, 2023 at 11:01:36 AM EDT
> **To:** Jim Byrne <jjbyrne@mbmlawoffice.com>
> **Subject:** DB Enterprises Permits
>
> Good morning Jim,
>
> I have been asked to forward some information to you in the hopes of speaking with your client. I understand Mr. Baravordeh went to Folcroft Borough Hall yesterday to submit an application for a permit to erect a fence. While there Mr. Caponi attempted to speak to Mr. Baravordeh about the outstanding items for the issuance of his previous permit. There was an email sent by Mr. Caponi in November, 2022, which I am including below, but Mr. Baravordeh never responded. When he came into the Borough office yesterday, Mr. Caponi attempted to provide him a copy of the email after Mr. Baravordeh requested it, but he left before taking the printed copy with him. Although there appears to be some misunderstandings between Mr. Baravordeh and the Borough, Folcroft still would like to make all effort to provide the information necessary to complete any permits that are submitted and to process applications that have been completed. Please review the email below, and feel free to contact me if we may be able to discuss and resolve the outstanding items noted below.
>
> • Jim

---

**From:** Andrew Caponi [mailto:acaponi@folcroftborough.org]
**Sent:** Tuesday, November 29, 2022 4:16 PM
**To:** 'dbnewhomes@yahoo.com'
**Cc:** Andrew Hayman; rpetty@folcroftborough.org; Brian Razzi (bocellicodes@outlook.com)
**Subject:** 540-542 Folcroft Ave Permit

Good Afternoon,

A few minutes ago we received a permit for 540-542 Folcroft Ave.

Copying Prohibited

Please note we will need the following in order to complete the process.

- An updated Building permit application and 3 copies of the plans, the application received is from 10/05/21.
- State Contractor's License
- Liability Insurance including workers comp
- Copy of the proposal

Please forward, any and all site plans, approved land development paper work as well as storm water mitigation plans that you have.

Once we receive all needed documentation we can start the review process.

If you have any questions, please feel free to reach out to Ramona Petty at RPetty@folcroftborough.org.

Thanks,
Andrew



**Andrew T. Caponi**
*Assistant to the Borough Manager*
Phone 610-522-1305
Fax 610-522-1114
Folcroft Borough
1555 Elmwood Ave. Folcroft, PA 19032

The information contained in this message may be privileged and confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by replying to the message and deleting it from your computer.

Copying Prohibited

**Ramona Petty**

*Code Administrator*

Phone 610-522-1305

Fax 610-522-1114

Folcroft Borough

1555 Elmwood Ave.

Folcroft, PA 19032

The information contained in this message may be privileged and confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by replying to the message and deleting it from your computer.

**From:** Davoud Baravordeh [mailto:dbnewhomes@yahoo.com]
**Sent:** Tuesday, April 4, 2023 4:31 PM
**To:** Ramona Petty
**Subject:** 540-542 Folcroft Avenue Fence Construction

Please see the attached.

*Sincerely,*

*D. Baravordeh*
*DB Enterprises, Developers, Builders, Inc.*

*Office: 610-690-2901*
*Direct: 610-476-2399*
*Fax: 610-690-8006*

*www.dbnewhomes.com*
"Building With You In Mind"



# Borough of Folcroft

DB Enterprises Developers & Builders Inc.                    April 5, 2023
255 E Woodland Ave
Springfield, Pa 19064

Dear Mr. Baravordeh,

Folcroft Borough Code, Chapter 600, Article XV, Section 600-111 Fences and walls requires that, before erecting a fence, a sketch plan shall be provided, and a permit must be obtained from the Building Code Official or Zoning Officer as required in Article XX. Additionally, no fence is permitted to be constructed in front of the principal building, and fences between properties must be erected or placed inside of the property line of the person erecting the fence.

Folcroft Borough Code, Chapter 600, Article XX, Section 600-173 Permits requires a zoning permit for the erection of fences. The application must be made to the Zoning Officer, or in case of emergency, the Building Code Officer, on forms furnished by the Borough. Each application must contain all information necessary to ascertain whether the proposed erection complies with the provisions of the Zoning Code.

The Home Improvement Consumer Protection Act (HICP), 73 P.S. 517.1, et seq., requires Home Improvement Contractors to apply for and register in the Commonwealth of Pennsylvania. Home Improvement as defined by the HICP Act includes the construction of fences. The registration requirements for a Home Improvement Contractor are set forth in full detail in the HICP Act.

Additionally, Folcroft Borough Code, Chapter 258, Section 258-7 Licenses required; application and renewal requires that contractors operating Folcroft Borough apply for and obtain a license to conduct business within the Borough. The licensing requirements include presentation of satisfactory proof of workers' compensation and general liability insurance.

If you have any questions or concerns please feel free to contact me.

Sincerely,

Ramona Petty, Code Administrator

Copying Prohibited



April 6, 2023

VIA Certified Mail

Ramona Petty, Code Administrator

Borough of Folcroft

1555 Elmwood Ave

Folcroft, PA 19032


RE: Application for Fence construction at 540 -542 Folcroft Ave


Dear Ms Petty:


My name is Davoud Baravordeh, and I am the owner of the land at 540 -542 Folcroft Ave. I submitted a permit application to install a fence at 540- 542 Folcroft Ave, and I paid the required $84.50 permit. On April 3, I received an email later on, the next day, a certified letter in which you acknowledged receiving my permit application and fee. You also listed the following that I should comply with:

1. A copy of the proposal from the fence contractor
2. A copy of the state contractor's license
3. A copy of their liability and workers comp insurance naming Folcroft Borough as the certificate holder.
4. Also need a drawing of the exact dimensions including the setbacks.


On April 4, I asked you to provide me with the section of the Folcroft Borough Code that requires the property owner who is doing his own work on his property to provide all of the above to you/the borough to obtain a permit. However, on April 5, I received another letter from you that did not address my question, and you did not clarify the section of the code that states that the property owner must comply with the above. Again, I am asking you to cite the section of the code that



the property owner has to comply with the above. If this matter is not addressed, I will assume that you are denying my application to install a 4- foot fence at 540-542 Folcroft Ave, for the health and safety, and to keep trespassers from going through the land and dumping trash, as has happened so often in the past.

Thank you.

Davoud Baravordeh

Property Owner

Copying Prohibited



# Borough of Folcroft

**1555 ELMWOOD AVENUE**
**FOLCROFT, PA 19032**

(610) 522-1305

Fax (610) 522-1114

April 3, 2023

DB Enterprises Developers & Builders Inc.
255 E Woodland Ave.
Springfield, Pa 19064

Dear Mr. Baravordeh,

We received your certified letter containing your permit application 540-542 Folcroft Ave. along with a check for $84.50. For your permit application to be considered administratively complete, we will need the following:

1. A copy of the proposal from the fence contractor
2. A copy of their state contractor's license
3. A copy of their liability insurance and workers comp insurance naming Folcroft Borough as the certificate holder.
4. Also need a drawing of the exact dimensions including the setbacks.

You can email or fax me this information at Rpetty@folcroftborough.org or 610-522-1114.

If you have any questions or concerns please feel free to contact me at the borough office at 610-522-1305.

Sincerely,

Ramona Petty, Code Administrator

Copying Prohibited

April 6, 2023


VIA Certified Mail

Ramona Petty, Code Administrator

Borough of Folcroft

1555 Elmwood Ave

Folcroft, PA 19032


RE: Application for Fence construction at 540 -542 Folcroft Ave


Dear Ms Petty:


My name is Davoud Baravordeh, and I am the owner of the land at 540 -542
Folcroft Ave.  I submitted a permit application to install a fence at 540- 542
Folcroft Ave, and I paid the required $84.50 permit.  On April 3, I received an
email later on, the next day, a certified letter in which you acknowledged receiving
my permit application and fee.  You also listed the following that I should comply
with:

1. A copy of the proposal from the fence contractor
2. A copy of the state contractor's license
3. A copy of their liability and workers comp insurance naming Folcroft
   Borough as the certificate holder.
4. Also need a drawing of the exact dimensions including the setbacks.


On April 4, I asked you to provide me with the section of the Folcroft Borough
Code that requires the property owner who is doing his own work on his property
to provide all of the above to you/the borough to obtain a permit.  However, on
April 5, I received another letter from you that did not address my question, and
you did not clarify the section of the code that states that the property owner must
comply with the above.  Again, I am asking you to cite the section of the code that

the property owner has to comply with the above. If this matter is not addressed, I will assume that you are denying my application to install a 4- foot fence at 540-542 Folcroft Ave, for the health and safety, and to keep trespassers from going through the land and dumping trash, as has happened so often in the past.


Thank you.


Davoud Baravordeh

Property Owner

Copying Prohibited