IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVOUD BARAVORDEH**<br>**AND**<br>**DB ENTERPRISES, DEVELOPERS/**<br>**BUILDERS, INC.**<br>   Plaintiffs,<br><br>   v.<br><br>**THE BOROUGH OF FOLCROFT**<br>**AND**<br>**ANDREW HAYMAN, TOWNSHIP MANAGER**<br>   Defendants. | :<br>:<br>:<br>:  No.  23-cv-04130<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## ORDER

AND NOW, this _____ day of _____, 2023, upon consideration of Defendants the Borough of Folcroft and Andrew W. Hayman, Township Manager's Motion to Dismiss pursuant to Federal Rule of Procedure 12(b)(6) and 12(e) and Plaintiffs response thereto, it is hereby ORDERED and DECREED that the Motion is GRANTED and the above-captioned matter is DISMISSED. Alternatively, Plaintiffs shall have a period of twenty-one (21) days from the date of this Order to file an Amended Complaint; and if the Plaintiffs fail to file an Amended Complaint, the Court will dismiss this action with prejudice.

          BY THE COURT:

          _____
          **Mia Roberts Perez**, J.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVOUD BARAVORDEH : | |
| AND : | |
| DB ENTERPRISES, DEVELOPERS/ : | |
| BUILDERS, INC. : | No. 23-cv-04130 |
| Plaintiffs, : | |
| : | |
| v. : | |
| : | |
| THE BOROUGH OF FOLCROFT : | |
| AND : | |
| ANDREW HAYMAN, TOWNSHIP MANAGER : | |
| Defendants. : | |

## MOTION OF DEFENDANTS, THE BOROUGH OF FOLCROFT AND ANDREW HAYMAN, TOWNSHIP MANAGER , TO DISMISS PLAINTIFFS' COMPLAINT AND/OR ORDER A MORE DEFINITE STATEMENT

Defendants, the Borough of Folcroft and Andrew Hayman, Township Manager by and through their undersigned counsel, hereby moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint of Plaintiffs Davoud Baravordeh and DB Enterprises, Developers/Builders, Inc., or, in the alternative, Order a more definite statement. In support thereof, defendants submit the accompanying Memorandum of Law.

Respectfully submitted,

**HOLSTEN ASSOCIATES, P.C.**

BY: ___/s/ Suzanne McDonough_____

**SUZANNE MCDONOUGH, ESQUIRE
Attorney for Defendants the Borough of Folcroft
and Andrew Hayman, Township Manager**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVOUD BARAVORDEH | : | |
| AND | : | |
| DB ENTERPRISES, DEVELOPERS/ | : | |
| BUILDERS, INC. | : | No.    23-cv-04130 |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| THE BOROUGH OF FOLCROFT | : | |
| AND | : | |
| ANDREW HAYMAN, TOWNSHIP MANAGER | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS THE BOROUGH OF FOLCROFT AND ANDREW HAYMAN, TOWNSHIP MANAGER'S MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b) (6) AND 12(e)**

Defendants, the Borough of Folcroft and Andrew Hayman, Township Manager, by and through their undersigned counsel, submits this Memorandum of Law in support of its Motion to Dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted or, in the alternative, for a more definite statement.

**I.   INTRODUCTION**

This is a four Count civil rights action under **42 U.S.C. § 1983 and, 42 U.S.C. § 1981, Title VII with ancillary state law claims for trespass and conspiracy brought by a corporation and a principal with the business entity alleging federal due process and equal protection claims as well as claims of race and age discrimination.** Plaintiffs commenced their civil action in the Court of Common Pleas of Delaware County by filing a Civil Action Summons on February 6, 2023 and subsequently filed their Complaint on October 2, 2023. On October 26, 2023, defendants filed their Notice of Removal to this Court. (Docket #1).   (A copy of the Complaint with its exhibits is attached hereto as Exhibit "A").

## II. FACTS

Plaintiff Davoud Baravordeh alleges that he is an Iranian/American citizen of the United States originally from Tehran, Iran, is 74 years old and a principal at DB Enterprises. (A ¶ 2, 8,54.) DB Enterprises Developers Builders Inc. is said to be a Pennsylvania business entity. (A ¶4). Plaintiff, Davoud, purchased a property at 540-542 Folcroft Avenue, Folcroft with the intent to develop it into two (2) separate semi-detached single family dwellings which was a development plan the Borough had previously approved for the former owner. (A ¶10-12) In 2020 the Borough began a three-year process of requiring the submission and re-submission of land development plans and applications, have failed to schedule reviews pursuant to mandates of the MPC and on occasions claimed to have lost the plans and applications. On May 7, 2021 plaintiff filed a Writ of mandamus seeking a "deemed" approval of the land development plan which is attached to the Complaint as Exhibit A (A ¶15)[1]- Plaintiffs allege that the Borough is seeking to deprive plaintiff with the right to develop the property by attempting to purchase it. (A ¶22) Plaintiffs allege that Ordinance No. 2022-05 attached to the Complaint as Exhibit H (an Ordinance regulating grass. Brush and weeds) was enacted to selectively prosecute plaintiff's attempt to develop their lot. (A ¶25) Plaintiffs claim that a selective prosecution ensued with multiple citations being issued for "high weeds and grass" seeking thousands of dollars in fees and costs, that plaintiffs were found guilty by a District Court for 104 code violations but successfully appealed to the Common Pleas Court. (A ¶26-30) Plaintiff states that no other properties in Folcroft were cited under the new Ordinance. (A ¶39) Thereafter, additional citations were issued after plaintiff hired a weed control company to kill the vegetation on the

---

[1] The Mandamus Complaint in the Exhibit, however, is signed August 9, 2021.

property. (A ¶37-38)   Plaintiffs efforts to erect a fence on the property was also stymied by the Borough requesting plans repeatedly and also requiring registration of a license when other similarly situated homeowners do not need a license to erect a fence.  (A ¶45-46)

## III. ARGUMENT

### A. STANDARD OF REVIEW

The Federal Rules of Civil Procedure provide the right to dismiss for failure of the pleading to "… state a claim upon which relief can be granted…" F.R.C.P. 12(b) (6). The purpose of a Motion to Dismiss pursuant to the aforesaid Rule is to test the legal sufficiency of Plaintiff's Complaint. Sturm vs. Clark, 835 F.2d 1009, 1011 (3rd Cir 1987). A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted examines the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The factual allegations must be sufficient to make the claim for relief more than just speculative. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether to grant a motion to dismiss, a federal court must construe the complaint liberally, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. Id.; see also D.P. Enters. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984). While the Court will accept well pleaded allegations as true for the purpose of the Motion "a Court need not credit a Complaint's bald assertions or legal conclusions when deciding a Motion to Dismiss." Morse vs. Lower Merion School District, 132 F.3d 902, 906 (3rd Cir. 1987). (citations omitted). Accordingly, in ruling upon a Motion under F.R.C.P. 12(b)(6), the Courts consistently reject "legal conclusions", "unsupported conclusions", "unwarranted inferences", "unwarranted deductions", or "sweeping legal conclusions cast in the form of factual allegations." Id. at 906(n) (8) (citing in support Charles Allen Wright and Arthur R. Miller, Federal Practice and Procedures §1357 (2nd Edition 1997).

### B. PLAINTIFFS FAIL TO STATE A CLAIM UNDER FOLCROFT OR HAYMAN UNDER 42 §1983

It is well established that where a lawsuit alleging municipal liability is brought pursuant to § 1983, the municipality can only be liable when the alleged constitutional transgression implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted custom. See Monell v. New York City Dept. of Social Services, 436 U.S. 658 (1978). Regardless of whether a plaintiff proceeds under a "policy" or "custom" under §1983, it is incumbent upon the Plaintiff to allege and later prove that a policymaker was responsible for the policy or custom at issue. Garcia v. County of Bucks, 2001 WL 3311253 at *4 (E.D. Pa. 2001) (citing Pembaur v. City of Cincinnati, 475 U.S. 469, 481-82, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986)). "In a § 1983 action, 'the plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.' Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir.2000))." "To bring a successful claim under 42 U.S.C. §1983, plaintiffs must prove the existence of purposeful discrimination. There must be a demonstration that they received different treatment from that received by other individuals similarly situated." Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 273 (3d Cir. 2014). There is no claim in this case of a specific policy or custom that is believed to be unconstitutional or any facts that a Borough custom or policy caused an alleged civil rights violation. To the extent that plaintiffs are asking the Court to infer a pattern or practice of discrimination from the single incident described in this Complaint, that similarly does not meet the federal pleading standard to establish custom or policy for the *Monell* claim. Brown v. City of Pittsburgh, 586 F.3d 263, 292 (3d Cir. 2009) ("[P]roof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell,* unless proof of the incident includes proof

6

that it was caused by an existing . . . municipal policy, which policy can be attributed to a municipal policymaker." (citation omitted)).

The mere fact that Council adopted a weeds Ordinance at some point during the time that plaintiffs were engaged in issues involving development of their property and that the plaintiffs were later cited for violating that Ordinance cannot substantiate a claim that the Ordinance was unconstitutional or that it was selectively applied to plaintiffs. Indeed, there is no factual predicate for such a conclusion.

### C. PLAINTIFFS FAIL TO STATE A CLAIMS FOR 14th AMENDMENT DUE PROCESS OR EQUAL PROTECTION VIOLATIONS3

There are no facts set forth in the Complaint to state a cause of action for a violation of due process or for an equal protection violation.

**1. Substantive due process**

Plaintiffs allege that defendants interfered with their right to develop the property in violation of their substantive due process rights. However, it is the Fifth Amendment, not substantive due process, which would be the basis upon which a plaintiff may challenge the government's actions with respect to their property. See Graham v. Connor, 490 U.S. 386, 395 (1989) (precludes the use of substantive due process analysis when a more specific constitutional provision governs. See also City of Cuyahoga Falls v. Buckeye Cmty. Hope Found., 123 S.Ct. 1389, 1397 (2003) (Scalia, J., concurring) (internal quotations omitted).

**2. Procedural due process**

"To state a procedural due process claim, [a plaintiff] must establish (1) that it was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty and property, and (2) that the procedures available to it did not provide

due process of law." Nat'l Amusements Inc. v. Borough of Palmyra, 716 F.3d 57, 62 (3d Cir. 2013). A violation of procedural due process occurs only when a state fails to provide an adequate means to remedy legal errors or irregularities. See Zinermon v. Burch, 494 U.S. 113, 125-26 (1990); Bello v. Walker, 840 F.2d 1124, 1128 (3d Cir. 1988.)( procedural due process satisfied when state provides reasonable remedy for legal error by local administrators), cert. denied, 488 U.S. 868 (1988). In this case, plaintiff was entitled to appeal the property code citations at issue and indeed did so, in a trial before a Judge of the Common Pleas Court of Delaware County where they allege that they were successful.

   **3. Equal Protection**

Where the only facts are the Plaintiff's own subjective belief that he was discriminated against that, without more, is insufficient to state a cause of action even under notice pleading. *See* Ashcroft v. Iqbal, 556 U.S. 662 (2009) (threadbare recitals of the elements of a cause of action supported by mere conclusory statements are not sufficient to survive a motion to dismiss). "To bring a successful claim under 42 U.S.C. §1983 for a denial of equal protection, plaintiffs must prove the existence of purposeful discrimination. Plaintiffs may not rely of their own self-serving statements or their feelings regarding one or more defendants' intentions or motives. Barnes Foundation v. Township of Lower Merion, 982 F. Supp. 970 (E.D. Pa. 1997).The litigant must demonstrate that he received different treatment from that received by other individuals similarly situated." Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 273 (3d Cir. 2014). That is not articulated here in any real way and there is no identification as to the individuals allegedly making decisions with respect to Code or land use approval issues nor any claim that other property owners were not cited under the vegetation code for which the business was cited.

Here, it is only Plaintiffs subjective belief that decisions were made evidencing discrimination and that, without more, is insufficient to state a claim. *See* Ashcroft v. Iqbal, 556 U.S. 662 (2009) (threadbare recitals of the elements of a cause of action supported by mere conclusory statements are not sufficient to survive a motion to dismiss). As is the case here, Iqbal's complaint did not plead facts "sufficient to plausibly suggest [their] discriminatory state of mind."

When challenging a state or local law, "'a court … is not entitled to second guess the legislature on the factual assumptions or policy considerations underlying the statute.'" Alexander v. Whitman, 114 F.3d 1392, 1406 (3d. Cir. 1997)(quoting Sammon v. New Jersey Bd. of Med. Examiners, 66 F.3d 639, 645 (3d Cir. 1995) [**36] ". "The only inquiry permitted 'is whether the legislature rationally might have believed that the predicted reaction would occur or that the desired end would be served.'" Id. (quoting Sammon, 66 F.3d at 645). "It is up to the person challenging the statute to 'convince the court that the legislative facts on which the classification [of the statute] is apparently based could not reasonably be conceived as true by the governmental decisionmaker.'" Id. (quoting Sammon, supra 66 F.3d at 646). In this case plaintiffs claim that a weed Ordinance could be the impetus for the municipality to issue citations to the plaintiffs in an effort to buy their property lacks any factual predicate whatsoever and while imaginative is not entitled to belief based on the conclusions asserted.

### D. PLAINTIFF'S CLAIMS FOR RACE AND AGE DISCRIMINATION SHOULD BE DISMISSED

Plaintiffs in Count II asserts a claim for race and age discrimination. However, plaintiffs do not assert that they are or ever have been employers of the Borough and a title VII claim for age discrimination is not cognizable.

Claims of race discrimination under 42 U.S.C. §1981 have no factual predicate and must also be dismissed. First, the mere fact that Plaintiff Baravordeh was born in Iran does not mean that any decisions regarding his development plans or the enforcement of a weed Ordinance against him is in any way related to his race. These are mere bald assertions and "sweeping legal conclusions cast in the form of factual allegations." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 n.8 (3d Cir. 1997). Such are entitled to no weight and cannot state a cause of action. [2]

### E. FAILURE TO STATE A CLAIM AGAINST ANDREW HAYMAN

A thorough review of the Complaint fails to reveal even one assertion of any conduct at issue of the Borough Manager Andrew Hayman who appears to have been sued simply because he is the Borough Manager, captioned in the Complaint as the Township Manager. The Complaint fails to set forth any facts that there was personal involvement of Andrew Hayman in the decisions regarding the property, that he was the Code Enforcement Officer or that he made land use decisions. Individual municipal defendants may not be personally liable based upon a theory of respondeat superior. See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824, 105 S.Ct. 2427, 85 L.Ed.2d 791(1985); Monell v. Dep't of Soc. Servs. Of City of New York, 436 U.S. 658, 690-91, 98 S.Ct. 2018, 56 L.Ed. 2d 611 (1978).

### F. FAILURE TO STATE A CLAIM FOR STATE TORTS OF TRESPASS AND CONSPIRACY

State claims for trespass and conspiracy are barred by the Political Subdivision Tort claims Act. Whether such claims are against the government entity itself or the Borough

---

[2] It also appears that the corporate entity may lack standing to bring such claims under there is no allegation that the corporation is owned entirety by those of Iranian Contemporary Pers., Inc. v. Godiva Chocolatier, Inc. See Sec. & Data Techs., Inc. v. Sch. Dist. of Phila., 145 F. Supp. 3d 454 (E.D. Pa. 2015)

Manager, the claims are completely barred by governmental immunity as there is no exception to governmental immunity upon which to assert such claims. 42 P.S. §8541 et seq. The narrow exceptions are (1) vehicle liability, (2) care, custody or control of personal property, (3) real property, (4) trees, traffic controls, and street lights, (5) utility service facilities, (6) streets, (7) sidewalks, and (8) care, custody, or control of animals; (9) sexual abuse. Employees of a local agency are also protected from claims under the Tort Claims Act and are: Liable for acts within the scope of [their] official duties only to the extent that the local agency is liable. Lancie v. Giles, 132 Pa. Cmwlth. 255, 572 A.2d 827, 830 (1990).

While plaintiffs alleged that the trespass was intentional, vindictive and malicious, there is no identification as to who committed such a trespass, when or why and no intentional tort claims are cognizable against the Municipality or the Borough Manager who it appears is sued in his official capacity only as there is no allegation of any personal involvement. What is absent from these claims are the who, what, where and when so as to provide the background for a determination as to what occurred, if anything, and who did it and in what time frame.

It is well settled that "local agencies are not liable for injuries caused by their own acts or the acts of their employees that constitute 'a crime, actual fraud, malice or willful misconduct." DeBellis v. Kulp, 166 F. Supp.2d 255, 278 (E.D. Pa. 2001); 42 Pa. C.S.A. § 8542(a). See also Heckensweiler v. McLaughlin, 517 F. Supp. 2d 707, 719 (E.D. Pa. 2007) (holding that "because the exceptions to immunity cover only 'negligent acts,' [the township] is categorically immune from any intentional acts (e.g. intentional infliction of emotional distress."); Kessler v. Monsour, 865 F. Supp. 234, 241 (M.D. Pa. 1994) ("A local agency is immune from liability for state-law intentional torts.") Clearly civil conspiracy and trespass are intentional torts. DeBlasio v. Pignoli, 918 A.2d 822, 827 (Pa. Cmwlth. 2007) (civil conspiracy); Gilbert v. Synagro Cent., LLC, 90 A.3d 37, 52 (Pa. Super. 2014) (trespass).

11

### G. PUNITIVE DAMAGES ARE NOT RECOVERABLE AGAINST THE MUNICIPALITY OF INDIVIDUAL DEFENDANT.

Punitive damages are not available against a municipal entity or municipal Defendants sued in their official capacities as a matter of law. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271, 101 S.Ct. 2748, 2761, 69 L.Ed.2d 616, 634 (1981). (Punitive damages are not recoverable against municipalities in Section 1983 actions. Punitive damages are also barred against municipalities under 42 U.S.C. § 1985. Mitros v. Cooke, 170 F. Supp. 2d 504, 507 (E.D. Pa. 2001). Further, there is no factual predicate for a claim for punitive damages against the individual Defendant in his private capacity but rather only unsustainable conclusions not based on facts that could not support such claims under the circumstances of this case.

### H. MOTION FOR A MORE DEFINITE STATEMENT

To the extent that the Court does not dismiss the case entirely, moving defendant requests the Court to Order a more definite statement to require plaintiffs to articulate sufficiently the basis for the federal and state law claims asserted with facts upon which such claims are based rather than simply making conclusory averments. If such an Amended Pleading is permitted, it should not contain claims for damages that are impermissible as a matter of law as set forth herein.

### IV. CONCLUSION

For the reasons which are set forth more fully above, Defendants the Borough of Folcroft and Andrew Hayman, respectfully requests that the Court dismiss the claims or grant the alternative relief requested.

Respectfully submitted,

**HOLSTEN ASSOCIATES, P.C.**

  */s/  Suzanne McDonough*
**SUZANNE MCDONOUGH, ESQUIRE**
**Attorney for defendants the Borough of Folcroft**
**and Andrew Hayman**

# CERTIFICATE OF SERVICE

I, Suzanne McDonough, Esquire, counsel for Defendants Borough of Folcroft and Andrew Hayman, states that a true and correct copy of the within Motion to Dismiss and Memorandum of Law in Support of same was served upon the following individual via electronically this 3rd day of November, 2023.

> James J. Byrne, Jr., Esquire
> McNichol, Byrne & Matlawski, P.C.
> 1223 N Providence Road
> Media, PA 19063
> jjbyrne@mbmlawoffice.com
>
> *Attorney for Plaintiff*

> Respectfully submitted,
>
> **HOLSTEN ASSOCIATES, P.C.**
>
> ____*/s/ Suzanne McDonough*____
> **SUZANNE MCDONOUGH, ESQUIRE**
> **Attorney for defendant the Borough of Folcroft and Andrew Hayman**